UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI RAFFA MAXWELL AND ANTHONY DELUCCIA *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM SARRIS, <br><br> Defendant. | Case No.: 1:25-cv-5643-LAK <br><br> **DECLARATION OF WILLIAM SARRIS IN SUPPORT OF HIS MOTION TO DISQUALIFY OPPOSING COUNSEL** |

I, William Sarris, declare as follows pursuant to 28 U.S.C. § 1746 under penalty of perjury:

1. I am the founder and former CEO of Linqto, a platform that enables investment in private securities. I retired as CEO of Linqto in January 2025 and was replaced by current CEO Dan Siciliano. Following my retirement as CEO, I remained a member of Linqto's Board of Directors.

2. John Deaton is a longtime customer of Linqto. I have been aware for several years that Mr. Deaton is a lawyer who filed an amicus brief on behalf of holders of XRP, the cryptocurrency associated with Ripple Labs, in an SEC investigation involving Ripple. After Linqto froze customer accounts in February 2025, I heard that John Deaton was concerned.

3. On or around March 25, 2025, I contacted Mr. Deaton to obtain legal advice about Linqto's current management and their handling of the issues facing the Company. Over the next few days, I spoke with Mr. Deaton several times on this subject. During those discussions in March 2025, I spoke with Mr. Deaton about the issues at Linqto and how current management was handling them.

4910-8623-9830v.3

4. I understood that Mr. Deaton was acting as my attorney. Based on that understanding, I shared information with Mr. Deaton that I would not have shared if I did not believe our discussions were protected by the attorney-client privilege. Although Mr. Deaton never sent me a written engagement letter or invoice, there is no doubt in my mind that he was acting as my attorney, and we were having privileged conversations.

5. During our discussions, Mr. Deaton recommended a derivative lawsuit in Delaware Chancery Court. He suggested that I be included as a named plaintiff, along with the two other Linqto directors with whom I was aligned. I asked if he would draft the complaint, and he agreed. The next day, he provided me a draft. We ultimately decided not to proceed with that litigation, but I continued to discuss potential litigation and other legal issues with Mr. Deaton on the understanding that he was acting at that time as my attorney and that our discussions were privileged.

6. I first became aware of Mr. Deaton's lawsuit against me on July 9, 2025, the date that it was filed. Before that, Mr. Deaton never informed he would be representing Linqto customers in a lawsuit against me or asked my permission to take on a representation related to his previous work for me.

Executed on July 17, 2025 in Pebble Beach, California.

_____
William Sarris

4910-8623-9830v.3