## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LORI RAFFA MAXWELL AND
ANTHONY DELUCCIA
*Individually and on Behalf of All Others*
*Similarly Situated*,

                              Plaintiffs,

        v.

WILLIAM SARRIS,

                              Defendant.

Case No.: 1:25-cv-5643-LAK

**DECLARATION OF JAMES
HEYWORTH IN SUPPORT OF
DEFENDANT WILLIAM SARRIS'
MOTION TO DISQUALIFY OPPOSING
COUNSEL**

I, James Heyworth, declare as follows pursuant to 28 U.S.C. § 1746 under penalty of perjury:

1.      I am admitted to practice in the State of New York and am a partner at Sidley Austin LLP, counsel for Defendant William Sarris in this action.  I submit this declaration in support of Defendant's Motion to Disqualify Opposing Counsel.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a draft shareholder derivative complaint that John Deaton prepared for Mr. Sarris in or around March 2025.

3.      Attached hereto as **Exhibit B** is a true and correct copy of certain March 27, 2025 e-mail correspondence between Mr. Deaton and Mr. Sarris, portions of which are marked "privileged and confidential," and which discusses, among other things, planning for future "privileged discussions."

4.      Attached hereto as **Exhibit C** is a true and correct copy of an e-mail wherein Mr. Deaton accepts a calendar invitation from Mr. Sarris for a meeting, with the subject line "PRIVILEGED: Assets protection planning."

1

5.      Attached hereto as **Exhibit D** is a true and correct copy of e-mail correspondence from Mr. Deaton to Mr. Sarris which attaches the draft complaint discussed above and attached as Ex. A.

6.      On July 16, 2025, my co-counsel for Mr. Sarris, Kevin Rubino, and I reached out via telephone to Mr. Deaton to discuss, among other things, accepting service via email of the putative Class Action Complaint for Violations of the Federal Securities Laws filed in this action (Dkt. No. 1).  During the course of that discussion, Mr. Deaton was informed of Mr. Sarris' objection to Mr. Deaton serving as plaintiffs' counsel in this action, and Mr. Sarris' consistent understanding that an attorney-client relationship had existed between them.  Mr. Deaton disagreed with that assertion, based primarily on the fact that he had never been paid for his legal services, although he acknowledged that he previously recommended Mr. Sarris file a derivative action in Delaware Chancery Court. When told that defendant's counsel intended to raise this issue with the Court, Mr. Deaton's response was "file whatever the [expletive] you need to file."

 Executed on July 17, 2025 in Chapel Hill, North Carolina.

_____
James Heyworth