

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NEW YORK  10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 6785
JHEYWORTH@SIDLEY.COM


August 18, 2025


**Via ECF**

The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Maxwell v. Sarris*, No. 25-cv-5643 (LAK)
       Defendant's Proposed Order Deferring Defendant's Answer

Dear Judge Kaplan:

    Pursuant to Your Honor's individual practices and Local Civil Rule 7.1(e), Defendant respectfully requests an extension to the deadline to answer, move, or otherwise respond to plaintiffs' complaint. D.E. 1 ("Complaint"). For the reasons that follow, the undersigned respectfully asks the Court to so-order the accompanying proposed order so that the parties may adhere to the process required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and avoid unnecessarily burdening the parties and the Court with a motion to dismiss or answer to a Complaint that may ultimately be amended or otherwise superseded. No other extension has been sought in this case.

    This putative class action is governed by the PSLRA because the allegations are brought by private investors and arise under federal securities law. 15 U.S.C. § 77z-1(a)(1); Complaint at 13-14. The Court is well aware of the process by which lead plaintiffs and counsel are appointed in a putative securities class action.[1] The PSLRA first requires that, within 20 days of the filing of the Complaint, the plaintiffs alert the members of the putative class by publishing notice of the action "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 77z-1(a)(3)(A). This public notice initiates the 90-day process by which any member of the putative class may be considered to serve as lead plaintiff based on the Court's assessment of who is "most capable of adequately representing the interests of class members." *Id.* § 77z-

---

[1] *See, e.g.*, *Freedman v. Weatherford Int'l Ltd.*, No. 12-2121-LAK, 2012 WL 13175995, at *1 (S.D.N.Y. July 10, 2012) (observing "pattern frequently observed" in securities cases whereby parties initially file competing motions and then "join[] forces" seeking designation as co-lead plaintiffs and approval of lawyers as co-lead counsel); *Williams v. Block.One*, Nos. 20-2809, 20-3829-LAK, 2020 WL 4505569, at *1 (S.D.N.Y. Aug. 4, 2020) (granting plaintiff-movant's motion to appoint lead plaintiff and approve selection of lead counsel while denying parallel motion of plaintiffs-movants).

Case 1:25-cv-05643-LAK-BCM   Document 17   Filed 08/18/25   Page 2 of 3



August 18, 2025
Page 2

1(a)(3)(B)(i). The lead plaintiff chosen by the Court then has the right to select and retain counsel to represent the class "subject to the approval of the court." *Id.* § 77z-1(a)(3)(B)(v). The newly appointed plaintiffs and counsel will then have an opportunity to file an amended complaint.

To the undersigned's knowledge, in the 40 days since the Complaint was filed, plaintiffs' counsel has not initiated this PSLRA process by publishing the required public notice. Meanwhile, the deadline for Defendant to respond to the Complaint is September 15, 2025. Adhering to that deadline would require Defendant to move to dismiss a Complaint that may very well be superseded, on behalf of named plaintiffs that may very well be replaced. That is why Defendant proposed to plaintiffs' counsel a stipulation deferring a response to the Complaint until after the PSLRA process for the appointment of lead plaintiff and lead counsel has been complete. Plaintiff's counsel has refused, characterizing Defendant's proposal as a request for an "open-ended extension." *See* correspondence attached as Exhibit A.  As an alternative, plaintiffs' counsel has agreed to a stipulated response deadline of October 15, 2025. *Id.* While the Defendant appreciates the professional courtesy, that deadline would still be before lead plaintiffs and lead counsel have been appointed.

Plaintiffs' counsel is not yet counsel to the putative class he seeks to represent. Other putative class members have the right to seek to serve as lead plaintiff and recommend their own attorney to serve as lead counsel. Defendant's response to the Complaint before the PSLRA's prescribed procedure has run its course would be premature, wasteful, and potentially prejudicial to the putative class. In addition, pending before the Court is Defendant's Motion to Disqualify Plaintiffs' Counsel, which provides another reason why a premature response to the Complaint would pose an undue burden on the parties and potentially waste judicial resources.

For the foregoing reasons, Defendant respectfully requests that the Court enter the proposed order setting the schedule for Defendant's response to the Complaint.



August 18, 2025
Page 3

|  |  |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted, |
|  | */s/ James Heyworth* |
|  | SIDLEY AUSTIN LLP |
|  | James Heyworth<br>Ana Pajar Blinder<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 839-5300<br>jheyworth@sidley.com<br>ablinder@sidley.com |
|  | Kevin Rubino (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, California 94104<br>(415) 772-1200<br>krubino@sidley.com |
|  | *Attorneys for Defendant* |

cc:     Counsel of record (via ECF)