# EXHIBIT A

John E. Deaton △
Kristiana M. Warner*

# DEATONLAWFIRM, LLC
450 North Broadway, East Providence, Rhode Island 02914

△ Admitted in RI, MA, CT, IA & SDNY  *Admitted in MA & RI

*Via Email* krubino@sidley.com                                    August 11, 2025

Kevin Rubino
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Re: Defense Proposed Stipulation to Extend Time to Respond

Counsel,

I have reviewed your proposed stipulation seeking to extend Defendant's time to answer or otherwise respond to the Complaint until after appointment of a lead plaintiff and designation or filing of an operative complaint. While I appreciate the desire to avoid unnecessary duplication, the proposed order is an open-ended extension tied to events that may be months away. I will not agree to an open-ended extension to answer the Complaint.

First, your client, William Sarris, has stated that he is very eager to defend his actions and conduct. Answering the Complaint is his first opportunity to offer that defense. Hence, his eagerness should not be deterred by waiting for the appointment of a specific lead attorney.

Second, the current complaint is specific enough to warrant a timely response. There is no need to wait for a potential amendment. The Complaint asserts securities claims with particularity as required by Fed. Rules Civ. Proc. R. 9(b) and PSLRA § 78u–4(b)(1). In fact, the two legal memos, cited in the Complaint and provided as Exhibits in my response to Mr. Sarris's bogus motion to disqualify, provide a level of specificity rarely seen in similarly filed cases. In sum, the Defendant can answer or move to dismiss now and any assertion that the Defense is waiting for a speculative future amendment will not constitute "good cause" under FRCP 6(b).

Finally, as you know, the PSLRA's automatic stay applies only to discovery (15 U.S.C. § 78u–4(b)(3)(B)) - it does not suspend the deadline to respond to the Complaint. Federal Rule of Civil Procedure 6(b) requires "good cause" for extensions, and courts have declined to grant indefinite delays absent statutory authority.

As a professional courtesy, I am willing to stipulate to a short, definite extension of the current September 15, 2025, deadline - for example, no later than October 15, 2025, - which will give you additional time without unnecessarily stalling the case. This compromise preserves efficiency while respecting FRCP Rule 1's mandate for the "just, speedy, and inexpensive determination" of every action. Plus, I wouldn't want to deter Mr. Sarris's eagerness in defending his honor and integrity, as he has stated.

Sincerely,

John E. Deaton

John E. Deaton