

ARLO DEVLIN-BROWN
Managing Principal
+1 (212) 858-9080 w
arlo@tdblaw.com

December 10, 2025

**By ECF**

The Honorable A. Kaplan
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, New York 10007

      Re:    *A.O.H. Driedijk Holding B.V. et. al. v. Sarris et. al.*, No. 1:25-cv-5643 (LAK)

Dear Judge Kaplan:

      We write on behalf of defendant William Sarris in the above-referenced matter. Pursuant to your Honor's Individual Rules, we seek an order to amend the current scheduling order and an extension of the Defendants' time to answer, move to dismiss, or otherwise respond with respect to the First Amended Complaint, currently set for December 17, 2025, until after the ten new parties that are named as defendants in the First Amended Complaint (the "New Defendants") have been served with a summons and copy of the First Amended Complaint. Lead Counsel for the Lead Plaintiffs does not consent to the request, as discussed further below.

      The putative securities class action originally was filed on July 9, 2025 solely against Mr. Sarris, the founder, former CEO, and a current director of Linqto, Inc. (ECF No. 1.) On September 17, 2025, the Court appointed Lead Plaintiffs and approved Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (ECF No. 26.) On November 17, 2025, Lead Plaintiffs filed a substantially revised First Amended Complaint again naming Mr. Sarris but also adding ten additional defendants (the "New Defendants") to the case. (ECF No. 46.) The New Defendants include other current and former officers and directors of Linqto and a broker-dealer, and the allegations substantially overlap with those against Mr. Sarris.

      Mr. Sarris makes this request for a simple reason: it makes sense to litigate the motions to dismiss that defendants will file in one go, not *seriatim* on different schedules as different defendants are served. A joint schedule would allow defendants to file a consolidated motion to dismiss that would avoid duplicative briefing involving overlapping legal issues based on a common nucleus of facts and procedural issues under the PSLRA. This also would avoid inefficient operation of the automatic discover stay under the PSLRA, potentially staggered discovery schedules among multiple defendants, and related discovery disputes and conflicts over scheduling depositions for key witnesses needed by all parties, among other procedural and

case management issues. And, to the extent that the First Amended Complaint raises claims or seeks relief that might render this action subject to an extension of the automatic stay pursuant to 11 U.S.C. § 362(a) in the Linqto bankruptcy, the New Defendants should have the opportunity to review those issues after they have been served with process and determine whether to seek appropriate relief under a joint schedule for motions with respect to the First Amended Complaint.

On December 8, 2025, we reached out to Lead Counsel for the Lead Plaintiffs to request consent. This morning, Lead Counsel advised that they would oppose a schedule that would align deadlines for all defendants unless defendant Sarris stipulated to lift the automatic discovery stay under the Private Securities Litigation Reform Act of 1995 ("PLSRA"). Defendant will not stipulate to lifting the automatic stay, and it would be unfair to commence discovery before all of the New Defendants are in the case to participate and represent their interests. Furthermore, we believe that Lead Plaintiffs may already have violated the PLRSA by seeking discovery in the Linqto, Inc. bankrtupcy matter pending in Texas, without first obtaining an order from this Court, in an impermissible end-run around the mandatory discovery stay in this action. Defendant intends to address this matter in a separate application with the Court.

Lead Counsel also claimed that multiple briefing schedules would be required because they want to move the case quickly. But plaintiffs did not even submit any electronic request for issuance of a summons for any of the New Defendants until this afternoon (after our meet and confer this morning), more than three weeks after filing the First Amended Complaint. As of the time of filing this letter motion, the docket sheet indicates that Lead Plaintiffs have not yet filed any proof of service with respect to any of the ten New Defendants. There is no tradeoff between an efficient, consolidated briefing schedule and moving the case forward expeditiously: it just requires Lead Counsel to move on service, which it now appears to have started doing.

For all of these reasons, defendant Sarris respectfully requests the issuance of an order, substantially in the form of the Proposed Amended Scheduling Order attached to this letter motion, extending the time to answer the First Amended Complaint and instructing the parties to submit a new briefing schedule once all New Defendants have been served with process.

Respectfully submitted,

Arlo Devlin-Brown
Managing Principal

Attachment

Cc: Lead Counsel (by ECF and email)