

TIMOTHY J. TREANOR
Managing Principal
+1 (212) 858-9080 w
+1 (917) 445-3440 m
ttreanor@tdblaw.com

TDB LAW
666 Third Avenue, 21st Floor
New York, NY 10017

December 16, 2025

**By ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, New York 10007

  Re: *A.O.H. Driedijk Holding B.V. et. al. v. Sarris et. al.*, No. 1:25-cv-5643 (LAK)

Dear Judge Kaplan:

  We represent defendant William Sarris in the above-referenced matter. Pursuant to your Honor's Individual Rules, we respectfully submit this letter motion for an order (i) declaring that plaintiffs violated the automatic discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), (ii) quashing discovery requests and a motion to compel[1] filed by plaintiffs under Bankruptcy Rule 2004 in *In re Linqto Texas, LLC,* Case No. 25-90186 (ARP) (the "Bankruptcy"), (iii) enjoining plaintiffs from further discovery violations and requiring disgorgement of any documents obtained in the Bankruptcy, (iv) awarding defendant his costs of filing motions to quash the Requests here and in the Bankruptcy, and (v) granting such further relief as the Court may deem proper.

  Plaintiffs' Requests are a flagrant attempt to obtain discovery for use in this securities class action by employing Bankrtupcy Rule 2004 as an end-run around the PSLRA discovery stay and the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs issued the Requests without first obtaining an order from this Court to lift the stay, over the objection of counsel for Mr. Sarris that seeking discovery in the Bankruptcy would violate the PSLRA stay, and in contravention of Lead Counsel's written confirmation that no discovery "will be served without seeking the appropriate form of relief." (Exhibit D hereto, 10/22/25 email.)

**A. The PSLRA Bars Plaintiffs' Discovery Requests in the Bankrtupcy**

  As this Court has held, the PSLRA "precludes discovery, whether from parties or nonparties, until the court sustains the sufficiency of the complaint." *ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.*, 02 Civ. 8726 (LAK), 2003 WL 1877227 at *2 (S.D.N.Y. Apr. 9, 2003) (Kaplan, J.). The automatic stay "applies from the filing of the case until such time that 'the court has sustained the legal sufficiency of the complaint.'" *In re Am. Funds Secs. Litig.*, 493 F.

---

[1] True and correct copies of plaintiffs' Notice of Rule 2004 Examination and Document Production Requests ("2004 Request"), Creditors' Motion to Compel Debtors' Production of Documents Pursuant to Bankruptcy Rule 2004 ("Motion to Compel"), and the Declaration of Catherine Pratsinakis in Support of Creditors' Motion to Compel, are attached hereto as Exhibits A, B, and C, respectively (collectively, the "Requests").

The Honorable Lewis A. Kaplan
December 16, 2025
Page 2

Supp. 2d 1103, 1105 (C.D. Cal. 2007) (citation omitted).[2]  The PSLRA thus "creates a strong presumption that <u>no</u> discovery should take place until a court has affirmatively decided that a complaint <u>does</u> state a claim under the securities laws, by denying a motion to dismiss." *Jiang v. Chirico*, 23 Civ. 1258 (PGG), 2024 WL 3104817, at *4 (S.D.N.Y. June 24, 2024).

The stay reflects "Congress' manifest intention to protect defendants in actions such as this from the burden and expense of premature discovery," *ATSI*, 2003 WL 1877227 at *2, including the costs of this motion to quash, and to prevent plaintiffs from "'conduct[ing] discovery in the hopes of finding a sustainable claim not alleged in the complaint,'" *In re AOL Time Warner, Inc. Secs. Litig.*, 02 Civ. 5575 (SWK), 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (citation omitted).  The stay is mandatory "unless the court finds *upon motion* of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  Plaintiffs filed no motion for an order from this Court as required and, in any event, the "exceptional circumstances" required to lift the stay do not exist here.  *In re AOL*, 2003 WL 21729842, at 1.

Furthermore, it is well settled that plaintiffs may not use Bankruptcy Rule 2004 as a "pretext" for circumventing the PSLRA stay and the FRCP to obtain discovery that "could benefit their pending litigation outside of the bankruptcy court."  *In re Enron Corp.*, 281 B.R. 836, 842-44 (Bankr. S.D.N.Y. 2002) (rejecting Rule 2004 discovery in violation of PSLRA stay where plaintiffs "– despite their statements to the contrary – are seeking to use Rule 2004 for discovery in the [PSLRA] Action."); *see also In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (courts deny "Rule 2004 examinations where the party requesting the Rule 2004 examination is to benefit in pending litigation outside the Bankruptcy"); *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) (affirming rejection of Rule 2004 subpoena where appellant's "primary motive" was to use discovery "in litigation for another cause of action"), *aff'd,* 52 F.3d 1067 (5th Cir. Apr. 12, 1995).

**B.      Plaintiffs Violated the PSLRA By Failing to Obtain an Order from This Court**

Almost immediately after the Court appointed the Lead Plaintiffs on September 17, 2025 (ECF. No. 26), their Lead Counsel began to violate the automatic discovery stay by requesting documents from the debtors in the Bankruptcy to use in this action.  Plaintiffs' conduct confirms that the Requests are "nothing more than a pretext for discovery" in this action in violation of the PSLRA. *In re Enron*, 281 B.R. at 844.

On September 24, 2025, Lead Counsel introduced herself to the debtors as counsel "to the Linqto customers in the securities fraud class action filed in the SDNY pursuant to the lead-plaintiff appointment in *Maxwell v. Sarris*."  (Exhibit C ¶ 4 & Ex. 3, 09/24/25 email.)  Lead Counsel requested discovery relating to the "Debtors' fraud and securities law violations" and

---

[2] *Accord In re Petrobras Secs. Litig.*, 15-cv-9662 (JSR), 2015 WL 13653969, at *1 to *2 (S.D.N.Y. Apr. 13, 2015); *In re Optionable, Inc. Secs. Litig.*, 07 Civ. 3753 (LAK), 2008 WL 4629985, at *1 (S.D.N.Y. Oct. 20, 2008) (Kaplan, J.); *In re Trump Hotel Shareholders Deriv. Litig.,* 96 Civ. 7820 (DAB)(HBP), 1997 WL 442135, at *1 to *2 (S.D.N.Y. Aug. 5, 1997).

The Honorable Lewis A. Kaplan
December 16, 2025
Page 3

other issues directly relevant to this class action, including "copies of all previously produced documents" in the bankruptcy. (*Id.* ¶ 6 & Ex. 3, 10/07/25 email.)

Meanwhile, in October 2025, Lead Counsel sought defendant's consent to serve subpoenas under Bankruptcy Rule 2004. We ultimately "concluded that the Court would consider this an end-run around the PSLRA's discovery stay which is currently in place" in this action, and advised Lead Counsel that "we don't think the subpoenas would be proper, and we would object." (Exhibit D, 10/21/25 email.) In response, Lead Counsel acknowledged that objection and wrote that "*we confirm no subpoena will be served without seeking appropriate relief.*" (*Id.*, 11/22/25 email (emphasis added).) That representation proved to be false.

On November 3, 2025, in fact, Lead Counsel's colleague asked for production under Rule 2004 on behalf of "a group of class action plaintiffs in litigation against a third party" (defendant Sarris), explaining that what Lead Counsel was "seeking *for her class action* are the documents previously provided by the debtors to the [creditors'] committee." (Exhibit C ¶ 8 & Ex. 4, 11/03/25 email (emphasis added).) On November 5, 2025, the colleague asked the debtors for a call with Lead Counsel, "because she is the one who is handling the class action, and *she would have knowledge of what the class needs*." (*Id.* ¶ 10 & Ex. 6, 11/05/25 email (emphasis added).) During those negotiations, Lead Counsel similarly requested discovery relating directly to this action, including documents from a special subcommittee of Linqto's board "tasked with investigating former insiders' wrongdoing" (Exhibit C ¶ 11), and "applicable insurance policies" relating to D&O coverage (*id.* ¶ 13 & Ex. 7, 11/10/25 email).

On November 17, 2025, plaintiffs filed the Amended Complaint (ECF No. 46.) Two days later, as "Class Action Creditors," plaintiffs served the 2004 Request on the debtors (Exhibit A & Instructions ¶ 6(b)), defined to include the "past and present" officers, directors, and agents such as Sarris and the ten new defendants in this action (*id.*, Instructions ¶ 9). Far from seeking "particularized discovery," plaintiffs' blunderbuss 2004 Notice contained 18 broad requests for documents that all relate to the subject matter, legal claims, and alleged damages at issue here.[3]

In response, the debtors objected "under the pending proceeding rule" because "the Requests are designed to obtain discovery for use in the SDNY Class Action case before discovery is permitted," and "Bankruptcy Rule 2004 may not be used as an end-run around the discovery limitations imposed by, and the procedural safeguards afforded by, the [FRCP]." (Exhibit C Ex. 2, Gen'l Objection ¶ 7.) The debtors also objected "for lack of proportionality" because the 2004 Request sought a massive volume of documents "on par with the discovery conducted by the" Creditors Committee, which represents claims "hundreds of times larger than the aggregate value of" the individual proofs of claim filed by the two Class Action Creditors, thus triggering "proportionality concerns that have caused courts" to reject Rule 2004 discovery

---

[3] Those requests included, for example, documents concerning Linqto' compliance with laws concerning the offering and sale of securities; its marketing, promotional, offering and sales practices, including the planning and execution of "Spike Days," stock swaps, stock buybacks; the formation and pricing of shares in special purpose vehicles in the Linqto Liquidshares Series LLC; the names and addresses of defendants in this action; the identity and contact information of Linqto shareholders who may be members of the putative class in this case; and insurance agreements that might "satisfy all or part of a possible judgment in the Civil Action" – *i.e.*, in this PSLRA class action – "or to indemnify or reimburse for payments made to satisfy the judgment." (*See* Exhibit A, Requests for Production ¶¶ 1-18; Exhibit C Ex. 2, Debtors' Specific Objections ¶¶ 1-18.)

The Honorable Lewis A. Kaplan
December 16, 2025
Page 4

requests. (*Id.*, Gen'l Objection ¶ 8 (citing *In re Cambridge Analytics*, 600 B.R. at 753).) The debtors succinctly summarized plaintiffs' abuse of Rule 2004 as follows:

> Simply put, the discovery sought by Class Claimants here through their requests under Bankruptcy Rule 2004 has little to nothing to do with the Class Claimants' claims against the Debtors' Chapter 11 cases before this Court. Class Claimants are, however, involved in [the] SDNY Class Action as plaintiffs. As case law from this District and ultimately affirmed by the Fifth Circuit demonstrates, pursuit of discovery under Bankruptcy Rule 2004 for purposes of advancing collateral litigation outside of the Bankruptcy Court constitutes an improper invocation of Bankruptcy Rule 2004 (*Id.* citing *Snyder*, 181 B.R. at 42.)

At a bankruptcy hearing on December 5, 2025, appearing as "lead counsel for Plaintiffs in the securities trial class action" in the SDNY, Lead Counsel advised the court that plaintiffs "filed a 2004 request for information and would like to make our own assessments as well, on behalf of the [class]," without disclosing that the PSLRA stay remains in place. (Exhibit E hereto at pp. 53-54.) On December 8, 2025, plaintiffs filed the Motion to Compel and similarly did not indicate that this Court has not lifted the stay. (Exhibit D.) That motion further confirms that plaintiffs "– despite their statements to the contrary – are seeking to use Rule 2004 for discovery" in this action, and their "justifications for the relief sought" are "nothing more than a pretext for discovery" that violates the PSLRA. *In Re Enron*, 281 B.R. at 842, 844.

In any event, there are no "exceptional circumstances" that justify an order lifting the stay. The debtors and other parties in the Bankruptcy are obligated to preserve all relevant evidence and discovery. Plaintiffs cannot show "undue prejudice" based on mere delay because "'delay is an inherent part of every stay of discovery required by the PSLRA,'" and reflects the intent of Congress. *In re Petrobas*, 2015 WL 13653969, at *2 (citation omitted). The production of documents to the SEC, DOJ, and FINRA is not prejudicial "because the existence of parallel government enforcement proceedings is common to the PSLRA," and finding "undue prejudice" on that ground "'would create an exception that would swallow the PSLRA's automatic discovery stay.'" *Id.* (citation omitted). Plaintiffs are not prejudiced in the Bankruptcy because the current plan of reorganization does not release any claims the debtors may have against any parties other than members of management who joined Linqto after the pre-petition conduct at issue in the Amended Complaint. Plaintiffs likewise have not been ordered to participate in settlement discussions placing them at disadvantage to other parties with access to discovery, and the "'mere possibility that Plaintiffs could be prejudiced if settlement talks ensue in the future'" is not enough to find undue prejudice. *Jiang*, 2024 WL 3104817, at *7 (citation omitted).

Accordingly, defendant respectfully requests an order granting the relief set forth above.

Respectfully submitted,

*/s/ Timothy J. Treanor*
Timothy J. Treanor
Managing Principal

cc: Plaintiffs' Co-Lead Counsel (by ECF)