## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90186 (ARP)<br><br>(Jointly Administered) |

### DECLARATION OF CATHERINE PRATSINAKIS IN SUPPORT OF CREDITORS' MOTION TO COMPEL DEBTORS' PRODUCTION OF <u>DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004</u>

I, Catherine Pratsinakis, hereby declare and state as follows:

1.      I am a partner with Dilworth Paxson LLP and Co-chair of its Plaintiffs' Rights Practice Group. I represent creditors A.O.H. Driedijk Holding B.V. and Jaimin Bhatt ("Creditors") in this matter. I am submitting this Declaration in support of Creditors' Motion to Compel Debtors' Production of Documents Pursuant to Bankruptcy Rule 2004 (the "Motion to Compel") in the above-captioned bankruptcy. I have personal knowledge of the facts set forth herein and, if called to do so, would and could testify competently thereto.

2.      On November 19, 2025, Creditors filed a *Notice of Rule 2004 Examination and Document Production Requests* ("Document Requests") pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, and Bankruptcy Local Rule 2004-1 (the "Notice"). Attached hereto at **Exhibit 1** is a true and correct copy of the Notice.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: P.O. Box 2859, Sunnyvale, CA 94087.

3.      On December 3, 2025, Debtors[2] belatedly served general objections to the Document Requests refusing to produce any responsive documents except for an insurance policy. Attached hereto at **Exhibit 2** is a true and correct copy of Debtors' objections.

4.      By way of background, I first contacted Debtors' Counsel by email on September 24, 2025, to request a call to discuss Creditors' need for the production of certain documents needed to assess the rights, interests and claims of Creditors. Debtors did not initially respond. I followed up by email on September 26, 2025, and again on October 7, 2025.

5.      On or around the end of September, Debtors' counsel contacted me by telephone to inquire about the scope of the document request. To create efficiencies, I offered to accept documents previously produced to other creditors, namely the Committee of Unsecured Creditors. Debtors' counsel stated that he would confer with his client and get back to me.

6.      On October 7, 2025, I reiterated my request of copies of documents previously produced to other creditors in this Bankruptcy relating to the Series Membership Interests, Debtors' fraud and securities law violations, and the financial condition of the Debtors. Attached hereto as **Exhibit 3** are true and correct copies of my emails to Debtors' Counsel.

7.      After some delay, on October 20, 2025, Debtors' Counsel contacted me by telephone to advise that Debtors will not be producing any documents.

8.      On November 3, 2025, my partner Anne M. Aaronson of Dilworth Paxson, LLP contacted Debtors' Counsel Gabrielle Hamm. Attached hereto as **Exhibit 4** is a true and correct copy of the email from A. Aaronson to G. Hamm, dated November 3, 2025.

9.      On November 4, 2025, Aaronson and Hamm spoke about Creditors' request for documents and Creditors' rights to these documents under Bankruptcy Rule 2004. Debtors'

---

[2] All capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the Motion to Compel (as defined herein).

counsel advised that they would reconsider Creditors' request for documents. Attached hereto as **Exhibit 5** is a true and correct copy of the email from A. Aaronson to G. Hamm, dated November 4, 2025.

10. On November 5, 2025, Ms. Aaronson contacted Ms. Hamm to request a final meet and confer before filing a Notice under Bankruptcy Rule 2004. Attached hereto at **Exhibit 6** is a true and correct copy of the email from A. Aaronson to G. Hamm, dated November 5, 2025.

11. On November 6, 2025, counsel for the parties held a final meet and confer whereby Debtors' Counsel agreed to produce a copy of an insurance policy and identified certain document categories that Debtors may be willing to produce to Creditors, including: (1) documents produced by Debtors to the Securities Exchange Commission; (2) documents relating to and/or prepared by Debtors' auditor; and (3) documents produced to a subcommittee of Linqto, Inc.'s Board tasked with investigating former insiders' wrongdoing. During that call, Creditors' counsel reemphasized their request for documents related to the involvement and work performed by Linqto's auditor. Debtors' counsel also represented that Linqto had no direct agreements with Pre-IPO Companies, though we have since discovered that this representation was inaccurate. *See, e.g.,* Debtors' Witness and Exhibit List for Hearings on December 5, 2025, Exhibit 5, ECF 1089-5 (Dec. 3, 2025).

12. On November 10, 2025, Ms. Aaronson sent a confirmatory email to Ms. Hamm summarizing the meet and confer and asking for the status of the production of documents.

13. On November 12, 2025, Ms. Aaronson again followed up with Ms. Hamm. Debtors' Counsel did not respond to either email. Attached as **Exhibit 7** are true and correct copies of the emails sent by A. Aaronson to G. Hamm, dated November 10, 2025, and November 12, 2025.

14.     On November 19, 2025, Creditors filed their Notice which they served on Debtors by email and through ECF. Attached as **Exhibit 8** is true and correct copy of the email from Creditors' Counsel to Debtors' Counsel attaching a copy of the Notice. The requested documents have been previously produced by Debtors to other creditors, government regulators, and interested third parties. Moreover, the Notice seeks information regarding the creation and sale of Series Membership Interests, the financial wellbeing and performance of Linqto, Linqto's retention of an auditor, its communications with Pre-IPO Companies, insurance policies, and corporate formation documents, among other requests.

15.     On December 5, 2025, during a bankruptcy hearing held by this Court, attorney Steven Reissman of Katten Muchin Rosenman LLP stated on the record his willingness to be transparent and share documents reviewed by his firm. On December 5, 2025, Creditors' Counsel sent an email to Reissman requesting a copy of these documents. Attached hereto at **Exhibit 9** is a true and correct copy of Creditors' Counsel's email to Mr. Reissman.  Reissman has not responded to my email as o the filing of the Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: December 8, 2025                         /s/ *Catherine Pratsinakis*
                                                _____
                                                Catherine Pratsinakis
                                                *Counsel for Creditors*

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 3

# EXHIBIT 4

# EXHIBIT 5

# EXHIBIT 6

Case 2:25-cv-00863-DAK-DBP Document 27 Filed 08/15/25 Page 11 of 13

# EXHIBIT 7

# EXHIBIT 8

# EXHIBIT 9

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90186 (ARP)<br><br>(Jointly Administered) |

## NOTICE OF RULE 2004 EXAMINATION AND
## <u>DOCUMENT PRODUCTION REQUESTS</u>

TO:

Gabrielle A. Hamm
Schwartz PLLC
440 Louisiana Street, Suite 1055
Houston, Texas 77002

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2004-1 of the Local Rules of the United

States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>"), A.O.H.

Driedijk Holding B.V. and Jaimin Bhatt ("Creditors"), by and through their undersigned counsel,

hereby files and serves this Notice of Rule 2004 Examination and Document Production Requests on

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: P.O. Box 2859, Sunnyvale, CA 94087.

Linqto, Inc., Linqto Liquidshares, LLC, Linqto Liquidshares Manager, LLC, and Linqto Texas, LLC (collectively, "Linqto" or "Debtors"). Please find attached as **Exhibit B** the proofs of claim filed by Creditors.

Creditors intend to take the examination of Debtors' designated custodian of records with knowledge of the scope and categories of documents in Debtors' possession that are responsive to this Notice, at the Houston, Texas office of Brazil & Dunn LLP, at such date and time (and at such other location or through such other method) as mutually agreed by counsel for Debtors and Creditors, but no later than December 4, 2025. The examination will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that the documents and information requested herein shall be produced to the undersigned counsel in accordance with the instructions set forth in **Exhibit A** annexed hereto, and in a manner consistent with the Bankruptcy Rules and Bankruptcy Local Rules. In addition, in all events, the documents and information requested shall be produced no later than 24 hours before the above-stated time of the examination.

Dated: November 19, 2025            Respectfully submitted,

*/s/ Chad W. Dunn*
**BRAZIL & DUNN LLP**
Chad W. Dunn
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
Telephone: (281) 580-6310
chad@brazilanddunn.com

**DILWORTH PAXSON, LLP**
Catherine Pratsinakis (admitted PHV) Anne
M. Aaronson (admitted PHV) Mariah
Heinzerling (pro hac vice to be filed) 1650
Market St., Suite 1200
Philadelphia, PA 19103
(215) 575-7110
cpratsinakis@dilworthlaw.com
aaaronson@dilworthlaw.com
mheinzerling@dilworthlaw.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (pro hac to be filed)
Matthew Peller (pro hac to be filed)
Amanda Lawrence (pro hac to be filed)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
mpeller@scott-scott.com
alawrence@scott-scott.com

*Counsel to the A.O.H. Driedijk Holding
B.V. and Jaimin Bhatt*

## <u>CERTIFICATE OF CONFERENCE</u>

I, the undersigned, hereby certify that on the 4th day of November, 2025, I personally attempted to confer with legal counsel for Debtors via telephone and electronic mail to discuss the requests for document production annexed hereto, and to coordinate with Debtors' counsel regarding the same, and pursuant thereto, such discussions remain ongoing. I conferred with legal counsel for the debtors via video conference on November 6, 2025. Previous discussions have also occurred between my partner, Catherine Pratsinakis, and Athanasios E. Agelakopoulos.

*/s/ Anne M. Aaronson*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 19th day of November, 2025, I personally caused to be served a true and correct copy of the foregoing document upon the counsel shown below, by filing same through the Court's CM/ECF system, and via electronic submission, and by U.S. first class mail.

**SCHWARTZ PLLC**
Gabrielle A. Hamm
440 Louisiana Street, Suite 1055
Houston, Texas 77002
(713) 900-3737
ghamm@nvfirm.com

*Counsel for the Debtors and Debtors in Possession*

*/s/ Chad W. Dunn*

## EXHIBIT A

## DEFINITIONS

1.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.      "Board" means the Board of Directors of Linqto.

3.      "Committee" means the Official Committee of Unsecured Creditors created in the Linqto Bankruptcy, or any of its committee members, counsel, and/or representative, including but not limited to Brown Rudnick LLP.

4.      "Communication" means both the documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one Person to another Person; the non-documentary transmission of information shall include but not be limited to oral statements, telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal. The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other persons.

5.      "Concerning" means referring to, relating to, constituting, in connection with, alluding to, supporting, refuting, reflecting, touching upon, involving, pertaining to, explaining, containing, recording, summarizing, showing, disclosing, setting forth, discussing, describing, evaluating, analyzing, or evidencing.

6.      "Deloitte" collectively means Deloitte Touch Tohmatsu Limited, Deloitte LLP and/or any of their officers, directors, members, subsidiaries, and/or affiliates.

7.      "Document" is used in the broadest sense possible and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a), as made applicable in these Chapter 11 Cases by

6

the Bankruptcy Rules, including Bankruptcy Rule 7034. For the avoidance of doubt, the term

includes electronically stored information on desktop and portable computers, remote computer

servers (i.e., "cloud-based" software), data-storage devices such as external hard drives and USB

"thumb" drives, and portable electronic devices, including any cell phone, smartphone, or tablet

computing device; and all information stored in or constituting, without limitation, e-mails, text

messages, SMS messages, instant messages, social media posts, WhatsApp, Telegram, Wickr, or

Bloomberg chats, and/or communications sent or received via similar programs and applications.

8.      "Including" means including, without limitation.

9.      "LINQTO" or "Debtors" means the debtors in these Chapter 11 Cases, i.e. Linqto

Inc., Tinqto Texas LLC, Linqto Liquidshares, LLC, and/or Linqto Liquidshares Manager LLC, as

well as their past and present officers, directors, employees, members, agents, representatives,

attorneys, consultants, advisors, or other Persons acting or purporting to act under their control or on

their behalf.

10.      "Linqto Bankruptcy" means the actions captioned as *In re: Linqto Inc., et al.* filed in

the Bankruptcy Court, Case No. 25-90186 (ARP).

11.      "Shareholders" means any individual or entity that purchased any security or

membership interest on or through Linqto and its financial technology online platform.

12.      "Spike Day(s)" mean any day during which Linqto attempted to sell at least $1

million worth of securities.

13.      "Person" means natural persons, firms, associations, agencies, and/or other

organizations and entities cognizable by law, including private corporations, public corporations,

partnerships, unincorporated associations, offices, governments, governmental or political entities.

14.      "Platform" means the financial technology online platform created and operated by

Linqto.

15. "<u>Pre-IPO Companies</u>" means all companies in which Linqto purchased stock in connection with one or more series of shares available for purchase by Linqto Customers.

<u>**INSTRUCTIONS**</u>

1. Unless otherwise noted, the dates applicable to the document requests set forth herein are January 1, 2020 to the present (the "<u>Relevant Period</u>"), and each request covers any and all documents created, dated, sent, received, in effect, or in Your possession at any time during the Relevant Period.

2. The requests set forth herein are for documents and things that are not currently available on Linqto's website.

3. The use of the singular form of any word includes the plural and vice versa.

4. The use of the past tense of any verb includes the present tense and vice versa.

5. The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each request for production inclusive rather than exclusive; to bring within the scope of the request all documents and communications and responses that otherwise might be construed to be outside the scope of the request.

6. If any documents or communications requested are withheld from production on a claim of privilege, please provide information reasonably sufficient to: (a) identify the category, nature, and general subject matter of the withheld document(s); and (b) enable the Class Action Creditors and their counsel to assess and make a determination about the validity and propriety of any assertion of privilege.

7. Where documents or communications in the possession of a legal entity are requested, such request includes the entity's employees, advisors, attorneys, representatives,

agents, members, partners, officers, directors, independent contractors, successors and assigns, and all other persons acting for or on behalf of any one or more of them.

8.   Please produce responsive documents as they have been kept in the usual course of business.

9.   If there are no documents responsive to any particular request, please state so in writing.

10.   Where only a portion of a document relates or refers to the subject of a request, the entire document is to be produced nevertheless, inclusive of any and all attachments, appendices, and exhibits.

11.   If a responsive document was, but no longer is, within Your possession, custody or control, please state in detail: (i) the type of document and the author(s), sender(s), recipient(s) and copy(s) of the document; (ii) a summary of the contents of the document; (iii) what disposition was made of such document; (iv) the date of such disposition; (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and (vi) if the answer to (v) is affirmative, the identity of such person.

12.   The requests herein are to be deemed continuing so as to require further and supplemental productions if You discover, receive, or generate additional responsive documents between the time of Your original production and the time of the final hearing held in this action.

## REQUESTS FOR PRODUCTION

1.   All Documents previously produced by Debtors to the Committee in connection with the Linqto Bankruptcy and which relate to Shareholders and/or the Platform.

2.      All documents provided by Linqto to any federal or state government agency or regulator, including but not limited to the Securities and Exchange Commission, the Federal Bureau of Investigation, and/or the Department of Justice.

3.      All previously produced Documents relating to any audit or accounting firms retained by Linqto in the last six years, including but not limited to Deloitte.

4.      Copies of any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Civil Action or to indemnify or reimburse for payments made to satisfy the judgment.

5.      The names and business addresses of all directors, officers, managers, and/or members of Linqto, including but not limited to the Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, and/or General Counsel.

6.      A current list of the identities, contact information (mailing address, emails, telephone numbers) and holdings of Shareholders.

7.      All corporate documents relating to the formation, management and/or shareholders of Linqto, including but not limited to LLC agreement, stockholder agreements, bylaws, articles of incorporation, operating agreements, subscription agreements, and stock certificates.

8.      All annual and quarterly financial statements of Linqto.

9.      All federal tax returns of Linqto, including all K-1s issued.

10.     A copy of all statements, annual or quarterly reports, and/or press releases disseminated to Shareholders.

11.     All documents relating to the advertising, marketing, offering and/or sale of securities in one or more series (each Pre-IPO Company being a "Series") of Linqto Liquidshares, LLC.

12.     All documents related to the planning and execution of Spike Days, stock swaps, and stock buybacks, particularly in connection with the Ripple buyback which took place in June of 2024.

13.     All documents related to how Linqto set the purchase price for shares of any and all Linqto Liquidshares LLC Series.

14.     All documents related to Linqto's process and methods for complying with know-your-customer rules.

15.     Any and all agreements and communications, if any, between Linqto and the Pre-IPO Companies.

16.     Any and all agreements and communications, if any, between Linqto and transferors of Pre-IPO Companies.

17.     All corporate documents relating the formation and/or management of special purpose vehicles in the form of a Series limited liability company.

18.     All documents, communications, notes, minutes, presentations, analyses, exhibits, summaries, memoranda, opinions, valuations, and reports provided to or reviewed by the Board, any other committee or the subcommittee of the Board, any directors, officers, managers of Linqto, or any advisors to Linqto concerning:

      a.   Linqto's compliance with relevant securities laws concerning the offering and sale of securities, including to unaccredited investors.

11

b.  Linqto's marketing, promotional, offering and/or sales practices, including the planning and execution of Spike Days, stock swaps, and stock buybacks;

c.  Linqto's financial statements;

d.  How the purchase price for shares in Linqto Liquidshares LLC Series was set; and

e.  Agreements with or purchases of shares in Pre-IPO Companies.

**EXHIBIT B – PROOFS OF CLAIM**

No Image

**Claim #**10560

**Creditor** Jaimin, Bhatt

**Value** $42,748.58

**Filed** Jul 22 2025

**Debtor** 25-90188 LINQTO LIQUIDSHARES LLC

**Creditor Address**

**Filed Amounts**

Address on file

Claimed Unsecured $42,748.58

**Remarks**

Hide Details ▲

| United States Bankruptcy Court for the Southern District of Texas | | |
|---|---|---|
| **Name of Debtor:** Linqto Texas, LLC | **For Court Use Only** | |
| | Claim Number: | 0000010156 |
| **Case Number:** 25-90186 | File Date: | 07/14/2025 13:19:06 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/25

## Part 1:   Identify the Claim

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____ A.O.H. Driedijk Holding B.V. _____

Other names the creditor used with the debtor: _____ Ademar Driedijk _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    A.O.H. Driedijk Holding B.V. | Name    _____ |
| Address    Laan der V.O.C. 194 | Address    _____ |
| City    Almere | City    _____ |
| State _____ ZIP Code 1335RV | State _____ ZIP Code _____ |
| Country (if International): Netherlands | Country (if International): _____ |
| Phone: _____ | Phone: _____ |
| Email: rdriedijk@gmail.com | Email: _____ |
| Uniform claim identifier (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____

**7. How much is the claim?**

$ 300,029.22        unliquidated

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Contingent SPV investment (Ripple)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.
Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:
_____

Basis for perfection:
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
                          ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| **Part 3:** | **Sign Below** |
|---|---|

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☑ I am the creditor. |
| | ☐ I am the creditor's attorney or authorized agent. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005. |
| | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

*Ademar Driedijk, Director AOH Driedijk*                          07/14/2025 13:19:06

Signature                                                                      Date

**Provide the name and contact information of the person completing and signing this claim:**

Name _____

Address _____

_____

_____

_____

City _____

State _____ Zip _____

Country (in international) _____

Phone _____

Email _____

**REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
January 21, 2020**



**LINQTO LIQUIDSHARES LLC.**

Certificate No: 53                                     Member Name: A.O.H. Driedijk Holding B.V.
Series Name: Linqto Liquidshares LLC - Polysign - 13       Equivalent Number of Shares: 20,577.00
Date of Issuance: December 27, 2022                   Company Name: Polysign, Inc

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022

_____                    _____
**William Sarris, CEO, Linqto, Inc.**                  **Witness: Joseph Endoso, Director, Linqto, Inc.**

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

For _____ received, I, _____ sell and transfer unto _____
_____% of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____            _____            _____
**Seller**                          **Newly Named Member**               **Witness**

© GOES 748                                                                  LITHO IN U.S.A.

REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
January 21, 2020



**LINQTO LIQUIDSHARES LLC.**

**Certificate No: 54**
**Series Name: Linqto Liquidshares LLC - Polysign - 13**
**Date of Issuance: December 27, 2022**

**Member Name: A.O.H. Driedijk Holding B.V.**
**Equivalent Number of Shares: 20,577.00**
**Company Name: Polysign, Inc**

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022

_____
**William Sarris, CEO, Linqto, Inc.**

_____
**Witness: Joseph Endoso, Director, Linqto, Inc.**

For _____ received, I, _____ sell and transfer unto _____ _____% of the membership interest, represented within this certificate, and appoint _____ to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____
**Seller**

_____
**Newly Named Member**

_____
**Witness**

© GOES 748

LITHO IN U.S.A.

REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
**January 21, 2020**



## LINQTO LIQUIDSHARES LLC.

**Certificate No: 37**
**Series Name:** Linqto Liquidshares LLC - Ripple - 5
**Date of Issuance:** December 23, 2022

**Member Name:** A.O.H. Driedijk Holding B.V.
**Equivalent Number of Shares:** 4,445.00
**Company Name:** Ripple Labs, Inc

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 23, 2022

_____
**William Sarris, CEO, Linqto, Inc.**

_____
**Witness: Joseph Endoso, Director, Linqto, Inc.**

For _____ received, I, _____ sell and transfer unto _____
_____% of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____
**Seller**

_____
**Newly Named Member**

_____
**Witness**

© GOES 748

LITHO IN U.S.A.



## REGISTERED UNDER THE LAWS OF
## THE STATE OF DELAWARE
### January 21, 2020

## LINQTO LIQUIDSHARES LLC.

**Certificate No: 39**

**Series Name: Linqto Liquidshares LLC - Ripple - 5**

**Date of Issuance: December 27, 2022**

**Member Name: A.O.H. Driedijk Holding B.V.**

**Equivalent Number of Shares: 4,445.00**

**Company Name: Ripple Labs, Inc**

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022

**William Sarris, CEO, Linqto, Inc.**

**Witness: Joseph Endoso, Director, Linqto, Inc.**

For _____ received, I, _____ sell and transfer unto _____
_____ % of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

**Seller**

**Newly Named Member**

**Witness**

© GOES 748

LITHO IN U.S.A.

**Linqto Bankruptcy Claim Statement**

Claim Basis:

This claim is submitted on a precautionary basis only, without waiving or conceding any ownership or economic interest in the underlying Special Purpose Vehicle (SPV) or in the shares it holds (e.g., Ripple Labs Inc. and/or PolySign Inc.).

The claimant, A.O.H. Driedijk Holding B.V., purchased investment interests through Linqto's investment platform in December 2022, which were structured via SPV(s) and evidenced by certificate(s) of beneficial interest.

This claim is submitted solely in the event that said SPV(s), or the legal interests therein, are determined to be part of the bankruptcy estate or otherwise impaired as a result of Linqto's Chapter 11 proceedings.

The total amount claimed reflects the original investment amount: $300,029.22, inclusive of any transaction fees.

Claimant explicitly reserves all rights to assert or retain direct or indirect beneficial ownership in the SPV(s) and the assets held therein, irrespective of the outcome of this bankruptcy case.

The claimant is a fully accredited investor under SEC Rule 501 and made the investment through a qualified Dutch holding company (A.O.H. Driedijk Holding B.V.).
To the extent that other parties may have participated in violation of investor accreditation requirements, such status should not affect or diminish the enforceability of this claimant's economic interest or claim.

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 23.12.2022 20:02:03 (+01:00) |



# Order Complete

## Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32680

Company Name: Ripple

Amount: $100,012.50

Equivalent Number of Shares*: 4,445

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

Case 2:90-cv-00520-KJM-DB Document 1102 Filed 11/21/05 Page 38 of 105

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 03:02:04 (+01:00) |



# Order Complete

## Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32823

Company Name: Polysign

Amount: $50,002.11

Linqto Bucks: -$5,000.00

Total: $45,002.11

Equivalent Number of Shares*: 20,577

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained,
monitored and/or reviewed by Linqto and its personnel.

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 02:02:02 (+01:00) |



# Order Complete

### Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32866

Company Name: Ripple

Amount: $100,012.50

Linqto Bucks: -$2,222.50

Total: $97,790.00

Equivalent Number of Shares*: 4,445

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

| From: | Linqto <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 03:02:08 (+01:00) |



# Order Complete

### Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32867

Company Name: Polysign

Amount: $50,002.11

Linqto Bucks: -$5,250.00

Total: $44,752.11

Equivalent Number of Shares*: 20,577

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Accredited Investor Verified |
| Date: | 30.06.2025 15:30:28 (+02:00) |



# Accredited Investor Status Verified

## Dear Ademar Driedijk,

We appreciate you taking the time to submit your documents for accreditation. Your status as an accredited investor has been verified.

If you do not recognize this request, please notify Linqto Support **here**

Copyright © 2025 LINQTO, INC. All rights reserved.

You're receiving this email because you're a user of Linqto and this message contains **important information** related to your account or experience on the Linqto platform.

**IMPORTANT LEGAL NOTICE AND DISCLOSURES:**
This email and any attachment(s) are intended only for the exclusive use of the addressee(s). If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer. This information is proprietary property of Linqto, Inc and/or its affiliates (collectively, "Linqto") and any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. This information is provided for informational purposes only and is subject to change without notice.

An investment on the Linqto platform is an investment in shares of a series of Linqto Liquidshares, LLC (the "Fund"), a Delaware limited liability company, which will invest in a private company either by directly purchasing shares of the private company or indirectly through an investment in a third-party special purpose vehicle that holds shares of the private company. Investors in the Fund will not directly own or hold shares of the private company but will own shares of the Fund. The securities being offered have not been registered under the Securities Act of 1933 (the "33 Act") or any state securities laws and are being offered and sold in accordance with exemptions provided by Regulation D promulgated under the 33 Act. Linqto makes no guarantee that any private company available on its platform will experience an IPO or any other liquidity event.

The information contained herein does not constitute any form of representation or undertaking and nothing herein should in any way be deemed to alter the legal rights and obligations contained in the agreements between Linqto and its clients. Nothing herein is intended to constitute investment, legal, tax, accounting, insurance, or other professional advice. Linqto does not make any recommendations regarding the merit of any company, security or other financial product or investment strategy, or any recommendation regarding the purchase or sale of any company, security, financial product or investment, nor endorse or sponsor any company identified in this presentation. Investing in securities in private companies is speculative and involves a high degree of risk. Investors must be prepared to withstand a total loss of their investment. Before investing in the Fund, investors are encouraged to complete their own independent due diligence of the Fund and the private company, which includes, but it not limited to, reviewing all offering documents, including the private placement memorandum, subscription agreement, the Fund's operating agreement, and any other relevant materials provided by Linqto.

Case 2:25-cv-00863-DAK-DBP Document 11-2 Filed 07/18/25 Filed 11/20/25 Page 92 of 673 105

| United States Bankruptcy Court for the Southern District of Texas | | |
|---|---|---|
| **Name of Debtor:** Linqto Texas, LLC | **For Court Use Only** | |
| | Claim Number: | 0000010642 |
| **Case Number:** 25-90186 | File Date: | 07/24/2025 12:41:36 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/25

## Part 1: Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    A.O.H. Driedijk Holding B.V.

Other names the creditor used with the debtor:    Ademar Driedijk

**2.    Has this claim been acquired from someone else?**    ☑ No    ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    A.O.H. Driedijk Holding B.V. | Name |
| Address    Laan der V.O.C. 194 | Address |
| City    Almere | City |
| State _____ ZIP Code  1335RV | State _____ ZIP Code _____ |
| Country (if International): Netherlands | Country (if International): |
| Phone: | Phone: |
| Email: rdriedijk@gmail.com | Email: |
| Uniform claim identifier (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| Claim number on court claims register (if known)  0000010156 | Who made the earlier filing? |
| Filed on  07/14/2025 <br> MM / DD / YYYY | |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____

**7. How much is the claim?**

$ 1,655,750.00          unliquidated

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Contingent SPV investment (Ripple)

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:

_____

Basis for perfection:

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
                            ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____**

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Ademar Driedijk, Director AOH Driedijk*                    07/24/2025 12:41:36

Signature                                                                   Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        _____

Address     _____

            _____

            _____

            _____

City         _____

State        _____    Zip  _____

Country (in international)  _____

Phone       _____

Email       _____

**REGISTERED UNDER THE LAWS OF**
**THE STATE OF DELAWARE**
**January 21, 2020**

**⬡ LINQTO**

**LINQTO LIQUIDSHARES LLC.**

Certificate No: 53                          Member Name: A.O.H. Driedijk Holding B.V.
Series Name: Linqto Liquidshares LLC - Polysign - 13        Equivalent Number of Shares: 20,577.00
Date of Issuance: December 27, 2022                Company Name: Polysign, Inc

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022

_____            _____
**William Sarris, CEO, Linqto, Inc.**                **Witness: Joseph Endoso, Director, Linqto, Inc.**

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

For _____ received, I, _____ sell and transfer unto _____
_____% of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____            _____            _____
**Seller**                                **Newly Named Member**                        **Witness**

© GOES 748                                                        LITHO IN U.S.A.

REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
**January 21, 2020**



**LINQTO LIQUIDSHARES LLC.**

**Certificate No: 54**                                    **Member Name: A.O.H. Driedijk Holding B.V.**
**Series Name: Linqto Liquidshares LLC - Polysign - 13**       **Equivalent Number of Shares: 20,577.00**
**Date of Issuance: December 27, 2022**                   **Company Name: Polysign, Inc**

**Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement**

**Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022**

_____                    _____
**William Sarris, CEO, Linqto, Inc.**                        **Witness: Joseph Endoso, Director, Linqto, Inc.**

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**For _____ received, I, _____ sell and transfer unto _____**
**_____% of the membership interest, represented within this certificate, and appoint _____**
**to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.**

_____          _____          _____
**Seller**                               **Newly Named Member**                   **Witness**

REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
January 21, 2020



**LINQTO LIQUIDSHARES LLC.**

Certificate No: 37
Series Name: Linqto Liquidshares LLC - Ripple - 5
Date of Issuance: December 23, 2022

Member Name: A.O.H. Driedijk Holding B.V.
Equivalent Number of Shares: 4,445.00
Company Name: Ripple Labs, Inc

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 23, 2022

_____
**William Sarris, CEO, Linqto, Inc.**

_____
**Witness: Joseph Endoso, Director, Linqto, Inc.**

For _____ received, I, _____ sell and transfer unto _____
_____% of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____
**Seller**

_____
**Newly Named Member**

_____
**Witness**

© GOES 748

LITHO IN U.S.A.



REGISTERED UNDER THE LAWS OF
THE STATE OF DELAWARE
**January 21, 2020**

**LINQTO LIQUIDSHARES LLC.**

**Certificate No: 39**
**Series Name: Linqto Liquidshares LLC - Ripple - 5**
**Date of Issuance: December 27, 2022**

**Member Name: A.O.H. Driedijk Holding B.V.**
**Equivalent Number of Shares: 4,445.00**
**Company Name: Ripple Labs, Inc**

Linqto Liquidshares LLC, organized in Delaware, US has issued the Discreet Series identified above. This certifies that the member named above is a member of the above named Limited Liability Company and holds the number of units in the Series that represents the equivalent number of shares identified above in the Company Name. The member is entitled to the full benefits of membership of Linqto Liquidshares LLC, subject to the membership duties and obligations set forth in the Linqto Liquidshares LLC Operating Agreement

Linqto Liquidshares LLC has caused this certificate to be executed by its managing partner, Linqto Liquidshares Manager LLC on this date: December 27, 2022

_____
**William Sarris, CEO, Linqto, Inc.**

_____
**Witness: Joseph Endoso, Director, Linqto, Inc.**

For _____ received, I, _____ sell and transfer unto _____
_____% of the membership interest, represented within this certificate, and appoint _____
to transfer the allocated interest in the books of Linqto Liquidshares LLC with full power of substitution.

_____
**Seller**

_____
**Newly Named Member**

_____
**Witness**

© GOES 748

LITHO IN U.S.A.

**Linqto Bankruptcy Claim Statement**

Claim Basis:

This claim is submitted on a precautionary basis only, without waiving or conceding any ownership or economic interest in the underlying Special Purpose Vehicle (SPV) or in the shares it holds (e.g., Ripple Labs Inc. and/or PolySign Inc.).

The claimant, A.O.H. Driedijk Holding B.V., purchased investment interests through Linqto's investment platform in December 2022, which were structured via SPV(s) and evidenced by certificate(s) of beneficial interest.

This claim is submitted solely in the event that said SPV(s), or the legal interests therein, are determined to be part of the bankruptcy estate or otherwise impaired as a result of Linqto's Chapter 11 proceedings.

The total amount claimed reflects the original investment amount: $300,029.22, inclusive of any transaction fees.

Claimant explicitly reserves all rights to assert or retain direct or indirect beneficial ownership in the SPV(s) and the assets held therein, irrespective of the outcome of this bankruptcy case.

The claimant is a fully accredited investor under SEC Rule 501 and made the investment through a qualified Dutch holding company (A.O.H. Driedijk Holding B.V.).

To the extent that other parties may have participated in violation of investor accreditation requirements, such status should not affect or diminish the enforceability of this claimant's economic interest or claim.

| From: | **Linqto** \<no-reply@linqto.com\> |
| To: | **rdriedijk@gmail.com** \<rdriedijk@gmail.com\> |
| Subject: | Order Completed |
| Date: | 23.12.2022 20:02:03 (+01:00) |



# Order Complete

### Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32680

Company Name: Ripple

Amount: $100,012.50

Equivalent Number of Shares*: 4,445

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

Case 2:90-cv-00520-KJM-DB   Document 1172   Filed 01/09/25   Page 56 of 105

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 03:02:04 (+01:00) |



# Order Complete

## Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32823

Company Name: Polysign

Amount: $50,002.11

Linqto Bucks: -$5,000.00

Total: $45,002.11

Equivalent Number of Shares*: 20,577

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

| From: | Linqto <no-reply@linqto.com> |
| To: | rdriedijk@gmail.com <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 02:02:02 (+01:00) |



Linqto

# Order Complete

### Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32866

Company Name: Ripple

Amount: $100,012.50

Linqto Bucks: -$2,222.50

Total: $97,790.00

Equivalent Number of Shares*: 4,445

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

| From: | **Linqto** <no-reply@linqto.com> |
|---|---|
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Order Completed |
| Date: | 28.12.2022 03:02:08 (+01:00) |



# Order Complete

### Dear Ademar Driedijk, here are the details of your new Buy Order with Linqto.

Buyer Name: A.O.H. Driedijk Holding B.V.

Order ID: 32867

Company Name: Polysign

Amount: $50,002.11

Linqto Bucks: -$5,250.00

Total: $44,752.11

Equivalent Number of Shares*: 20,577

*You are purchasing the number of units in the Series that represents the equivalent number of shares identified above.

Thank you so much for your order. Order is completed.

**View Full Order Details**

Need help? **Contact Support**.

Copyright © 2022 LINQTO, INC. All rights reserved.

IMPORTANT LEGAL NOTICE AND DISCLOSURES: Nothing contained in this email constitutes tax, legal, insurance or investment advice nor does it constitute a solicitation or an offer to buy or sell any security or other financial instrument. This email and any attachment(s) are intended only for the exclusive use of the addressee(s) and may contain information that is privileged and confidential. If you are not the intended recipient, any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer without making any copies. Investing in securities in private companies is speculative and involves a high degree of risk. The recipient must be prepared to withstand a total loss of your investment. We strongly encourage the recipient to complete their own independent due diligence before investing in securities or financial instruments including obtaining additional information, opinions, financial projections and legal or other

investment advice. All emails sent to or from Linqto Inc. may be retained, monitored and/or reviewed by Linqto and its personnel.

| From: | **Linqto** <no-reply@linqto.com> |
| To: | **rdriedijk@gmail.com** <rdriedijk@gmail.com> |
| Subject: | Accredited Investor Verified |
| Date: | 30.06.2025 15:30:28 (+02:00) |



# Accredited Investor Status Verified

## Dear Ademar Driedijk,

We appreciate you taking the time to submit your documents for accreditation. Your status as an accredited investor has been verified.

If you do not recognize this request, please notify Linqto Support **here**

Copyright © 2025 LINQTO, INC. All rights reserved.

You're receiving this email because you're a user of Linqto and this message contains **important information** related to your account or experience on the Linqto platform.

**IMPORTANT LEGAL NOTICE AND DISCLOSURES:**
This email and any attachment(s) are intended only for the exclusive use of the addressee(s). If you have received this message in error, please notify the sender by return email immediately and delete the message from your computer. This information is proprietary property of Linqto, Inc and/or its affiliates (collectively, "Linqto") and any use, interference with, disclosure or copying of this material is unauthorized and strictly prohibited. This information is provided for informational purposes only and is subject to change without notice.

An investment on the Linqto platform is an investment in shares of a series of Linqto Liquidshares, LLC (the "Fund"), a Delaware limited liability company, which will invest in a private company either by directly purchasing shares of the private company or indirectly through an investment in a third-party special purpose vehicle that holds shares of the private company. Investors in the Fund will not directly own or hold shares of the private company but will own shares of the Fund. The securities being offered have not been registered under the Securities Act of 1933 (the "33 Act") or any state securities laws and are being offered and sold in accordance with exemptions provided by Regulation D promulgated under the 33 Act. Linqto makes no guarantee that any private company available on its platform will experience an IPO or any other liquidity event.

The information contained herein does not constitute any form of representation or undertaking and nothing herein should in any way be deemed to alter the legal rights and obligations contained in the agreements between Linqto and its clients. Nothing herein is intended to constitute investment, legal, tax, accounting, insurance, or other professional advice. Linqto does not make any recommendations regarding the merit of any company, security or other financial product or investment strategy, or any recommendation regarding the purchase or sale of any company, security, financial product or investment, nor endorse or sponsor any company identified in this presentation. Investing in securities in private companies is speculative and involves a high degree of risk. Investors must be prepared to withstand a total loss of their investment. Before investing in the Fund, investors are encouraged to complete their own independent due diligence of the Fund and the private company, which includes, but it not limited to, reviewing all offering documents, including the private placement memorandum, subscription agreement, the Fund's operating agreement, and any other relevant materials provided by Linqto.

Case 2:90-cv-00520-KJM-DB Document 7762 Filed 11/09/25 Page 64 of 105
Case 2:25-cv-01484-JAM-CKD Document 72-2 Filed 11/09/25 Page 501 of 673

# Amended Claim Statement – A.O.H. Driedijk Holding B.V.

This Amended Claim Statement is submitted to supplement and clarify the originally filed Proof of Claim dated July 2025 by A.O.H. Driedijk Holding B.V., in the Chapter 11 bankruptcy case of Linqto Texas, LLC (Case No. 25-90186). This amendment pertains specifically to the valuation basis and structure of the claim regarding investments made through Linqto Liquidshares SPVs, including Ripple – 5 and Polysign-related SPVs.

## I. Preservation of Ownership and Equitable Rights

This claim remains precautionary and without waiver of any asserted or implied beneficial ownership interest in the Series LLC interests or the underlying securities (notably Ripple Labs Inc. shares and Polysign Inc. shares). Claimant explicitly reserves all rights to assert beneficial or constructive ownership in accordance with applicable doctrines such as constructive trust, equitable estoppel, and unjust enrichment prevention.

## II. Updated Valuation of Ripple Investment

Claimant initially declared a total investment of $300,029.22. However, based on updated market developments and verified liquidity events, Claimant now attaches a specific valuation to the Ripple-related portion of the claim.

Ripple conducted a verified tender offer in late Q2 2025 at a share price of $175 per common share. Claimant holds an interest in Ripple – 5, equivalent to 8,890 Ripple shares. Based on this tender price, the economic value of the claim relating to Ripple is at least $1,555,750 USD.

This valuation should be treated as the minimum fair market value for distribution or settlement purposes, without prejudice to further appreciation of Ripple's equity, XRP-related valuation effects, or updated tender prices prior to plan confirmation or liquidation.

## III. Status of Polysign Investment

Claimant also invested approximately $100,000 USD in an SPV managed by Linqto Liquidshares LLC, which was represented as holding equity in Polysign, Inc. As of the date of this filing, the status of Polysign, Inc. is uncertain and no verified secondary or tender price is available. The claim is therefore conservatively valued at original invested capital.

Claimant reserves the right to reduce, maintain, or adjust this portion of the claim subject to material developments, verified market prices, or future liquidity events affecting Polysign's valuation or solvency.

## IV. Reservation of Rights to Adjust Claim

Given the speculative and potentially appreciating nature of private equity in Ripple Labs Inc. and the uncertain outlook of Polysign, Inc., Claimant reserves the right to further amend or adjust the asserted value of this claim prior to any distribution, confirmation, or final resolution. Claimant requests that any reorganization plan or creditor settlement process account for the dynamic valuation of underlying assets and permit claims to be adjusted accordingly.

Dated: July 20, 2025

Respectfully submitted,

/s/ A.O.H. Driedijk
A.O.H. Driedijk on behalf of A.O.H. Driedijk Holding B.V.
Laan der V.O.C. 194
1335 RV Almere, The Netherlands
Email: rdriedijk@gmail.com

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINQTO TEXAS, LLC, *et al.*,[1] | ) | |
| | ) | Case No. 25-90186 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | **Re Docket No. 1028** |

## DEBTORS' RESPONSES AND OBJECTIONS TO NOTICE OF RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION REQUESTS OF CREDITORS A.O.H. DRIEDIJK HOLDING, B.V. AND JAIMIN BHATT

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), serve these responses and objections to the *Notice of Rule 2004 Examination and Document Production Requests of Creditors A.O.H. Driedijk Holding, B.V. and Jaimin Bhatt* [ECF No. 1028] (the "**Requests**") pursuant to Rules 2004 and 9016 of Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas.[2] In support hereof, the Debtors state as follows:

## PRELIMINARY STATEMENT

The general and specific objections set forth herein (the "**Objections**") are made and based upon information and documents that are presently available or specifically known to the Debtors and are subject to further discovery, independent investigation, legal research, and

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is P.O. Box 2859, Sunnyvale, CA 94087.

[2]     Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and "**Federal Rule**" references are to the Federal Rules of Civil Procedure (the "**Federal Rules**"). "**Bankruptcy Local Rule**" or "**BLR**" references are to the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

analysis. These Objections are made without prejudice to the Debtors' rights to supplement, modify, correct, or otherwise amend these Objections or further object on any grounds to the Requests.

These responses are made solely for the purposes of the Requests. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any document in court, all of which objections and grounds are reserved and may be interposed at any hearing. The Debtors' investigation of matters relating to the Debtors' bankruptcy cases is ongoing. Accordingly, the Debtors submit the following responses based on their investigation to date and without prejudice to their right to amend, supplement, and/or clarify their objections and responses as may become necessary or appropriate, as a result of additional information being revealed through subsequent investigation and/or discovery or otherwise.

## GENERAL OBJECTIONS TO DOCUMENT PRODUCTION REQUESTS

The Debtors make the following general objections to each of the Requests, whether or not set forth in the specific objections below or the subsequent responses. These General Objections form a part of and are specifically incorporated into each of the Debtors' responses and objections, even if not specifically referred to in each and every response. Failure to specifically refer to any of these General Objections in any specific response shall not be construed as a waiver of same.

1. The Debtors object to each definition, instruction, and Request to the extent it purports to impose duties or obligations different from, broader in scope, or inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Bankruptcy Local Rules, or other applicable laws or rules.

2. The Debtors object to the Requests to the extent that they seek information protected by the attorney-client privilege, work product doctrine, common interest privilege, or

any other applicable privilege or immunity. In responding to the Requests, the Debtors do not waive but preserve all applicable privileges and protections. In the event that the Debtors disclose any privileged or protected information, such disclosure is inadvertent and will not be deemed a waiver of such privilege or protection.

3.      The Debtors object to the definition of "Linqto" and "Debtors" as overly broad because the definition encompasses individuals and entities who are not identified and therefore does not describe with reasonable particularity each item or category of items to be produced or inspected.

4.      The Debtors object to the definition of "Shareholders" as ambiguous.

5.      The Debtors object to the definition of "Spike Day(s)" as ambiguous.

6.      The Debtors object to the definition of "Pre-IPO Companies" as ambiguous.

7.      The Debtors object to the Requests under the pending proceeding rule as A.O.H. Driedijk Holding, B.V. and Jaimin Bhatt (together, the "**Class Claimants**") are lead plaintiffs in that certain class action litigation styled *A.O.H. Driedijk Holding, B.V. and Jaimin Bhatt v. William Sarris et al.*, Case No. 1:25-cv-5643 (JAK) currently pending before the United States District Court for the Southern District of New York (the "**SDNY Class Action**") and the Requests are designed to obtain discovery for use in the SDNY Class Action case before discovery is permitted under the Federal Rules of Civil Procedure. Bankruptcy Rule 2004 may not be used as an end-run around the discovery limitations imposed by, and the procedural safeguards afforded by, the Federal Rules of Civil Procedure.

8.      The Debtors object to these requests for lack of proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates. Debtors' review of their schedules and the official claims register in these cases maintained by Epiq disclosed filed

and scheduled claims on behalf of Class Claimants A.O.H. Driedijk Holding B.V. (Claim No. 10156–$300,029.22 and Claim No. 10642–$1,655,750.00) and Jaimin Bhatt (Claim No. 10560–$42,748.58; Schedule No. 9018814710–$0.00). The aggregate value of the claims represented by the Committee in these cases is hundreds of times larger than the aggregate value of the claims filed in these cases by the Class Claimants. Class Claimants' request for discovery on par with discovery conducted by the Committee triggers, precisely, the types of proportionality concerns that have caused courts in other jurisdictions to deny discovery requests under Bankruptcy Rule 2004. *See, e.g., In re Cambridge Analytica LLC*, 600 B.R. 750, 753 (Bankr. S.D.N.Y. 2019). Simply put, the discovery sought by Class Claimants here through their requests under Bankruptcy Rule 2004 has little to nothing to do with the Class Claimants' claims against the Debtors or the Debtors' Chapter 11 cases before this Court. Class Claimants are, however, involved in SDNY Class Action as plaintiffs. As case law from this District and ultimately affirmed by the Firth Circuit demonstrates, pursuit of discovery under Bankruptcy Rule 2004 for purposes of advancing collateral litigation outside of the Bankruptcy Court constitutes an improper invocation of Bankruptcy Rule 2004. *See Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex 1994), *aff'd sub nom. In re Snyder*, 52 F.3d 1067; 1995 U.S. App. LEXIS 10650 (5th Cir. Apr. 12, 1995) (unpublished). Accordingly, invocation of Bankruptcy Rule 2004 to advance collateral litigation is *per se* disproportionate and abusive.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

**All Documents previously produced by Debtors to the Committee in connection with the Linqto Bankruptcy and which relate to Shareholders and/or the Platform.**

### RESPONSE TO REQUEST NO. 1:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as there is no limitation on scope and the Request seeks the production of millions of pages of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrases "in connection with the Linqto Bankruptcy" and "relate to Shareholders and/or the Platform," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

**REQUEST NO. 2:**

**All documents provided by Linqto to any federal or state government agency or regulator, including but not limited to the Securities and Exchange Commission, the Federal**

Bureau of Investigation, and/or the Department of Justice.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as there is no limitation on scope and the Request seeks the production of millions of pages of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the qualifier "including but not limited to," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

**REQUEST NO. 3:**

**All previously produced Documents relating to any audit or accounting firms retained by Linqto in the last six years, including but not limited to Deloitte.**

### RESPONSE TO REQUEST NO. 3:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the compilation and review of a vast array of documents and communications to determine whether they relate or refer to the subject matter of the request.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrases "previously produced" and "related to," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

### REQUEST NO. 4:

**Copies of any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Civil Action or to indemnify or reimburse for payments made to satisfy the judgment.**

### RESPONSE TO REQUEST NO. 4:

In addition to the General Objections, Debtors object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the term "Civil Action," which

is undefined, such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it purports to require the application and disclosure of subjective legal judgment or legal analysis or would require a conclusion or opinion of counsel regarding whether an insurer may be liable for a judgment or indemnification or reimbursement obligations.

Subject to and without waiving the general and specific objections set forth above, the Debtors will produce directors and officers policies.

**REQUEST NO. 5:**

**The names and business addresses of all directors, officers, managers, and/or members of Linqto, including but not limited to the Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, and/or General Counsel.**

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections, the Debtors object to this Request as it fails to identify with reasonable particularity the documents requested. The Debtors further object to this Request as it is overbroad and unduly burdensome, as there is no limitation on scope or time.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

**REQUEST NO. 6:**

**A current list of the identities, contact information (mailing address, emails, telephone numbers) and holdings of Shareholders.**

### RESPONSE TO REQUEST NO. 6:

In addition to the General Objections, the Debtors object to this Request as it fails to identify with reasonable particularity the documents requested.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' shareholders.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

### REQUEST NO. 7:

**All corporate documents relating to the formation, management and/or shareholders of Linqto, including but not limited to LLC agreement, stockholder agreements, bylaws, articles of incorporation, operating agreements, subscription agreements, and stock certificates.**

### RESPONSE TO REQUEST NO. 7:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as it seeks the production of tens of thousands of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrases "relating to the formation, management and/or shareholders" and "including but not limited to," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

## REQUEST NO. 8:

**All annual and quarterly financial statements of Linqto.**

### RESPONSE TO REQUEST NO. 8:

In addition to the General Objections, Debtors object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

## REQUEST NO. 9:

**All federal tax returns of Linqto, including all K-1s issued.**

### RESPONSE TO REQUEST NO. 9:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as it seeks the production of tens of thousands of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

## REQUEST NO. 10:

**A copy of all statements, annual or quarterly reports, and/or press releases disseminated to Shareholders.**

### RESPONSE TO REQUEST NO. 10:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the broad collection and review of a vast array of documents, communications, and ESI, which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the ambiguity of the term "statements" and "disseminated to Shareholders" such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

## REQUEST NO. 11:

**All documents relating to the advertising, marketing, offering and/or sale of securities in one or more series (each Pre-IPO Company being a "Series") of Linqto Liquidshares, LLC.**

### RESPONSE TO REQUEST NO. 11:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as there is no limitation on scope and the Request seeks the production of millions of pages of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the phrase "each Pre-IPO Company being a 'Series'," which is unintelligible, such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

### REQUEST NO. 12:

**All documents related to the planning and execution of Spike Days, stock swaps, and stock buybacks, particularly in connection with the Ripple buyback which took place in June of 2024.**

### RESPONSE TO REQUEST NO. 12:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the broad collection

and review of a vast array of documents, communications, and ESI, which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the ambiguity of the phrases "Spike Days," "stock swaps," "stock buybacks," and "in connection with," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

**REQUEST NO. 13:**

**All documents related to how Linqto set the purchase price for shares of any and all Linqto Liquidshares LLC Series.**

**RESPONSE TO REQUEST NO. 13:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the broad collection and review of a vast array of documents, communications, and ESI, which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrase "related to," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

## REQUEST NO. 14

**All documents related to Linqto's process and methods for complying with know-your-customer rules.**

### RESPONSE TO REQUEST NO. 14:

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the broad collection and review of a vast array of documents, communications, and ESI, which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrases "related to," "process," and "methods" such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

14

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

**REQUEST NO. 15:**

**Any and all agreements and communications, if any, between Linqto and the Pre-IPO Companies.**

**RESPONSE TO REQUEST NO. 15:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as there is no limitation on scope and the Request seeks the production of thousands of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials, the production of which would violate the terms of the subject agreements.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

**REQUEST NO. 16:**

**Any and all agreements and communications, if any, between Linqto and transferors of Pre-IPO Companies.**

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as there is no limitation on scope and the Request seeks the production of thousands of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials, the production of which would violate the terms of the subject agreements, along with personal identifying information of third parties.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

**REQUEST NO. 17:**

**All corporate documents relating [to] the formation and/or management of special purpose vehicles in the form of a Series limited liability company.**

**RESPONSE TO REQUEST NO. 17:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as it seeks the production of tens of thousands of documents, including documents outside the scope of Bankruptcy Rule 2004, the production of which would be oppressively burdensome and costly.

Debtors further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, specifically but not limited to the expanse and ambiguity of the phrases "corporate documents," "relating to," "special purpose vehicles in the form of a Series limited liability company," and "management," such that the Request fails to describe with reasonable particularity the items or categories of items to be produced.

Debtors further object to this Request to the extent that it requires the production, prior to the entry of a protective order, of confidential materials and personal identifying information of Debtors' employees, officers, directors, shareholders, and/or customers.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

**REQUEST NO. 18:**

**All documents, communications, notes, minutes, presentations, analyses, exhibits, summaries, memoranda, opinions, valuations, and reports provided to or reviewed by the Board, any other committee or the subcommittee of the Board, any directors, officers, managers of Linqto, or any advisors to Linqto concerning:**

**a. Linqto's compliance with relevant securities laws concerning the offering and sale of securities, including to unaccredited investors.**

**b. Linqto's marketing, promotional, offering and/or sales practices, including the planning and execution of Spike Days, stock swaps, and stock buybacks;**

**c. Linqto's financial statements;**

**d. How the purchase price for shares in Linqto Liquidshares LLC Series was set; and**

**e. Agreements with or purchases of shares in Pre-IPO Companies.**

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections, Debtors object to this Request as overbroad and unduly burdensome, as the production of responsive documents would require the broad collection and review of a vast array of documents, communications, and ESI, which would be oppressively burdensome and costly.

Debtors further object to this Request as it seeks documents that are not in the possession, custody, or control of Debtors, including documents reviewed by former directors, officers, and/or management of the Debtors and third parties.

Debtors further object to this Request as it improperly seeks to obtain discovery for collateral litigation and lacks proportionality relative to the size of the Class Claimants' claims asserted against Debtors' bankruptcy estates.

Debtors further object to this Request as it seeks documents protected by the attorney-client privilege, the work-product doctrine, the joint interest or common interest privilege, and the consulting or non-testifying expert privilege.

Dated: December 3, 2025
Houston, Texas

**SCHWARTZ PLLC**

*/s/ Gabrielle A. Hamm*
Gabrielle A. Hamm (TX Bar No. 24041047)
Veronica A. Polnick (TX Bar No. 24079148)
Athanasios E. Agelakopoulos (admitted *pro hac vice*)
Renee D. Wells (TX Bar No. 24013731)
440 Louisiana Street, Suite 1055
Houston, Texas 77002
Telephone:     (713) 900-3737
Facsimile:     (702) 442-9887
Email:         ghamm@nvfirm.com
               vpolnick@nvfirm.com
               aagelakopoulos@nvfirm.com
               rwells@nvfirm.com

Samuel A. Schwartz (admitted *pro hac vice*)
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone:     (702) 385-5544
Facsimile:     (702) 442-9887
Email:         saschwartz@nvfirm.com

*Counsel for the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on December 3, 2025, I caused a copy of the foregoing document to be served via electronic mail upon the following parties:

Chad W. Dunn, chad@brazilanddunn.com
Catherine Pratsinakis, cpratsinakis@dilworthlaw.com
Anne M. Aaronson, aaaronson@dilworthlaw.com
Mariah Heinzerling, mheinzerling@dilworthlaw.com
Thomas L. Laughlin, IV, tlaughlin@scott-scott.com
Matthew Peller, mpeller@scott-scott.com
Amanda Lawrence, alawrence@scott-scott.com

*/s/ Gabrielle A. Hamm*
Gabrielle A. Hamm

# EXHIBIT 3



**From:** Pratsinakis, Catherine
**Sent:** Tuesday, October 7, 2025 2:55:42 PM
**To:** aagelakopoulos@nvfirm.com <aagelakopoulos@nvfirm.com>
**Cc:** Matthew Peller <mpeller@scott-scott.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>; Small, Jack <jsmall@dilworthlaw.com>
**Subject:** RE: LINQTO

Hi Mr. Agelakopoulos,

Just following up on whether the Debtor will agree to provide us copies of all previously produced documents.

Best,
Catherine

CATHERINE PRATSINAKIS | DILWORTH PAXSON LLP

1650 Market Street | Suite 1200 | Philadelphia, PA 19103-7391

Tel: (215) 575-7013 | Cell: 267-934-7027 | Fax: (215) 754-4603

cpratsinakis@dilworthlaw.com | www.dilworthlaw.com

*Gender pronouns: she/her/hers*

**From:** Pratsinakis, Catherine
**Sent:** Friday, September 26, 2025 9:34 AM
**To:** 'aagelakopoulos@nvfirm.com' <aagelakopoulos@nvfirm.com>
**Cc:** 'Matthew Peller' <mpeller@scott-scott.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>; Small, Jack <jsmall@dilworthlaw.com>
**Subject:** RE: LINQTO

Following up on my email below.

Best,
Catherine

CATHERINE PRATSINAKIS | DILWORTH PAXSON LLP

1650 Market Street | Suite 1200 | Philadelphia, PA 19103-7391

Tel: (215) 575-7013 | Cell: 267-934-7027 | Fax: (215) 754-4603

cpratsinakis@dilworthlaw.com | www.dilworthlaw.com

*Gender pronouns: she/her/hers*

---

**From:** Pratsinakis, Catherine
**Sent:** Wednesday, September 24, 2025 10:54 AM
**To:** 'aagelakopoulos@nvfirm.com' <aagelakopoulos@nvfirm.com>
**Cc:** Matthew Peller <mpeller@scott-scott.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>; Small, Jack <jsmall@dilworthlaw.com>
**Subject:** LINQTO

Dear Mr. Agelakopoulos,

We represent the Linqto customers in the securities fraud class action filed in SDNY pursuant to the lead-plaintiff appointment in *Maxwell v. Sarris* (see attached order).

We are reaching out to introduce ourselves and to request a call at your earliest convenience. Please provide a few dates/times this week or next that work best for you and your team.

We look forward to hearing from you.

Best,
Catherine

**CATHERINE PRATSINAKIS | DILWORTH PAXSON LLP**

1650 Market Street | Suite 1200 | Philadelphia, PA 19103-7391

Tel: (215) 575-7013 | Cell: 267-934-7027 | Fax: (215) 754-4603

cpratsinakis@dilworthlaw.com | www.dilworthlaw.com

*Gender pronouns: she/her/hers*

# EXHIBIT 4

| From: | Aaronson, Anne M. |
|---|---|
| Sent: | Monday, November 3, 2025 12:17 PM |
| To: | ghamm@nvfirm.com |
| Cc: | Heinzerling, Mariah |
| Subject: | LINQTO |
| | |
| Importance: | High |

Gabrielle – I left a couple of messages this morning on your office main line. I am working with Catherine Pratsinakas who represents a group of class action plaintiffs in litigation against a third party. She has previously spoken with a colleague of yours and there initially was an agreement to provide documents pursuant to a subpoena, but that was later not agreed upon. As an alternative, we'd like to notice a 2004 examination of the debtor asap – no depo, just documents. What she is seeking for her class action are the documents previously provided by the debtors to the committee, so it shouldn't be a heavy lift or burden since the docs were already pulled and marked. Per the local rules, I wanted to reach out to consult on an agreed day, time and place for the production. If we file the notice today, would November 17 at 5 pm central work for you for production of documents? Please let me know asap so that we can get the notice on file. Thanks.

Anne

PLEASE NOTE OUR NEW OFFICE LOCATION

ANNE AARONSON | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

1

# EXHIBIT 5

| From: | Aaronson, Anne M. |
|---|---|
| Sent: | Tuesday, November 4, 2025 6:32 PM |
| To: | Gabrielle Hamm |
| Cc: | Heinzerling, Mariah; Pratsinakis, Catherine |
| Subject: | RE: [EXTERNAL] LINQTO |

Gabby – thank you for the call this afternoon.  I discussed our conversation with Catherine and Mariah afterwards.  Once you've touched base with the GM tomorrow morning (your time), could we have a call amongst us to discuss a production and timing?  I have a trial and another hearing tomorrow, so I wouldn't be available until 4:30 pm Eastern (to be on the safe side).  Catherine and Mariah are available then as well.  Would that work for you?  If so, I can send a Teams invite.

Anne

PLEASE NOTE OUR NEW OFFICE LOCATION

ANNE AARONSON | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

From: Gabrielle Hamm <outlook_4D4BB0305CCADA2E@outlook.com>
Sent: Tuesday, November 4, 2025 2:34 PM
To: Aaronson, Anne M. <aaaronson@dilworthlaw.com>
Cc: Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
Subject: RE: [EXTERNAL] LINQTO

**This message is from an external sender.**



Anne,
Do you have time for a call this afternoon or tomorrow morning?
Gabby

Thank you,

**Gabrielle A Hamm, Esq.**
Partner

Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-385-5544 (main)
702-754-1963 (direct)
ghamm@nvfirm.com

 **Please consider the environment before printing this email**

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Sent:** Monday, November 3, 2025 9:17 AM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>
**Cc:** Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** [EXTERNAL] LINQTO
**Importance:** High

Gabrielle – I left a couple of messages this morning on your office main line.  I am working with Catherine Pratsinakas who represents a group of class action plaintiffs in litigation against a third party.  She has previously spoken with a colleague of yours and there initially was an agreement to provide documents pursuant to a subpoena, but that was later not agreed upon.  As an alternative, we'd like to notice a 2004 examination of the debtor asap – no depo, just documents.  What she is seeking for her class action are the documents previously provided by the debtors to the committee, so it shouldn't be a heavy lift or burden since the docs were already pulled and marked. Per the local rules, I wanted to reach out to consult on an agreed day, time and place for the production.  If we file the notice today, would November 17 at 5 pm central work for you for production of documents?  Please let me know asap so that we can get the notice on file.  Thanks.

Anne

PLEASE NOTE OUR NEW OFFICE LOCATION

ANNE AARONSON | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

# EXHIBIT 6

**From:** Pratsinakis, Catherine <cpratsinakis@dilworthlaw.com>
**Sent:** Wednesday, November 5, 2025 5:22 PM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>; Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Cc:** Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** Re: [EXTERNAL] Discussion re LINQTO discovery/2004 exam

4:30 or later works for me as well

Get Outlook for iOS

---

**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Wednesday, November 5, 2025 4:37:11 PM
**To:** Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Cc:** Pratsinakis, Catherine <cpratsinakis@dilworthlaw.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** RE: [EXTERNAL] Discussion re LINQTO discovery/2004 exam

**This message is from an external sender.**

---

4:30 or later works for me.

**From:** Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Sent:** Wednesday, November 5, 2025 1:35 PM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>
**Cc:** Pratsinakis, Catherine <cpratsinakis@dilworthlaw.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** RE: [EXTERNAL] Discussion re LINQTO discovery/2004 exam

I am actually on a flight much of tomorrow. I am available in the morning, but due to the time difference, it would be very early for you.  I would get in by about 7:30 p.m. which would be 4:30 for you I believe.  I do want my partner Catherine on the call though because she is the one who is handling the class action and would have knowledge of what the class needs.  Would 4:30 or later, your time, tomorrow work or a discussion directly with Catherine earlier after you speak with the CRO?

PLEASE NOTE OUR NEW OFFICE LOCATION

ANNE AARONSON | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Wednesday, November 5, 2025 4:16 PM
**To:** Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Subject:** RE: [EXTERNAL] Discussion re LINQTO discovery/2004 exam

**This message is from an external sender.**

Anne,
I haven't been able to speak to Sam or the CRO because of travel and scheduling conflicts. Let's touch base tomorrow morning.

-----Original Appointment-----
**From:** Aaronson, Anne M. <aaaronson@dilworthlaw.com>
**Sent:** Wednesday, November 5, 2025 9:31 AM
**To:** Pratsinakis, Catherine; Heinzerling, Mariah; Gabrielle Hamm; Gabrielle Hamm
**Subject:** [EXTERNAL] Discussion re LINQTO discovery/2004 exam
**When:** Wednesday, November 5, 2025 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Microsoft Teams Meeting

_____

# Microsoft Teams  Need help?

## Join the meeting now

Meeting ID: 272 595 737 216 88

Passcode: w332jw33

For organizers: [Meeting options](#)

_____

# EXHIBIT 7

| From: | Aaronson, Anne M. |
|---|---|
| Sent: | Wednesday, November 12, 2025 9:08 AM |
| To: | Gabrielle Hamm |
| Cc: | Pratsinakis, Catherine; Heinzerling, Mariah |
| Subject: | Re: LINQTO |

Hi Gabby - just following up on my emails to see when you'll be sending over the docs. Thank you.

Anne

Get Outlook for iOS
Anne M. Aaronson
Dilworth Paxson LLP
1650 Market St., Suite 1200
Philadelphia, PA 19103
Voice: 215-575-7110
Aaaronson@dilworthlaw.com

Sent from a mobile device, please excuse syntax

---

**From:** Aaronson, Anne M.
**Sent:** Monday, November 10, 2025 3:50:38 PM
**To:** Gabrielle Hamm <ghamm@nvfirm.com>
**Cc:** Pratsinakis, Catherine <cpratsinakis@dilworthlaw.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** RE: LINQTO

Gabby – I forgot to include that you were going to send us copies of the applicable insurance policies as well.

Do you have an ETA on when the docs will be produced? Thanks.

Anne

**PLEASE NOTE OUR NEW OFFICE LOCATION**

**ANNE AARONSON | DILWORTH PAXSON LLP**
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Aaronson, Anne M.
**Sent:** Monday, November 10, 2025 3:09 PM
**To:** Gabrielle Hamm <ghamm@nvfirm.com>
**Cc:** Pratsinakis, Catherine <cpratsinakis@dilworthlaw.com>; Heinzerling, Mariah <mheinzerling@dilworthlaw.com>
**Subject:** LINQTO

Gabby – as a follow up to our call on Friday afternoon, I wanted to follow up to see if you have gotten clearance to produce to us the documents that the debtors produced to the SEC that were prepared by Sullivan & Cromwell, the documents Deloitte prepared, and the documents produced to the sub-committee of the Linqto Board investigating former insiders' wrongdoing (handled by the Katten firm).

Also I wanted to confirm our understanding from the call that:
1. Debtors object to giving us access to the several hundred agreements with transferors of the pre-IPO shares and that none of the transferors were the pre-IPO companies themselves;
2. Based on Debtors' counsel's investigation to date, no evidence has been located demonstrating that the SPVs that purportedly held the series shares exist. Specifically, there are approx. **500** or so SPVs that were purportedly created under California law but counsel has been unable to confirm that they were formed and/or exist.
3. Linqto issued K-1s for the SPVs that cannot be located;
4. Deloitte audited the SPVs and/or put together the K-1s for those SPVs.
5. 3% of stock certificates have been located and are being held by the transfer agents.

Thank you again for your time on Friday.

Anne

PLEASE NOTE OUR NEW OFFICE LOCATION

ANNE AARONSON | DILWORTH PAXSON LLP
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: (215) 575-7110 | Fax: (215) 754-4603
aaaronson@dilworthlaw.com | www.dilworthlaw.com

# EXHIBIT 8

| From: | Gwen Kelly <gwen@brazilanddunn.com> |
|---|---|
| Sent: | Wednesday, November 19, 2025 1:00 PM |
| To: | ghamm@nvfirm.com |
| Cc: | chad@brazilanddunn.com; Pratsinakis, Catherine; Heinzerling, Mariah; Aaronson, Anne M.; Tom Laughlin; Amanda Lawrence; Lana Levin; Matthew Peller |
| Subject: | In re: LINQTO Texas, LLC, et al. - Case No. 25-90186 (ARP) |
| Attachments: | AOH Driedijk Hldg BV and Jaimin Bhatt's Notice of Rule 2004 Examination and Document Production Requests.pdf |

**This message is from an external sender.**



Good Afternoon Ms. Hamm,

Attached please find a courtesy/service copy of A.O.H. Driedijk Holding B.V. and Jaimin Bhatt's Notice of Rule 2004 Examination and Document

Thank you.


Kind regards,

Gwen Kelly
Legal Assistant to Chad W. Dunn
Brazil & Dunn LLP
1900 Pearl Street
Austin, TX  78705
Phone: (512) 717-9822
Fax: (512) 515-9355
gwen@brazilanddunn.com


*IMPORTANT/CONFIDENTIAL. This message is intended for the recipient only and it contains information that may be privileged, confidential and/or exempt from disclosure. If you receive this message by mistake please contact Gwen Kelly at (512) 717-9822 and destroy the original message. Thank you.*

# EXHIBIT 9

| From: | Pratsinakis, Catherine |
|---|---|
| Sent: | Friday, December 5, 2025 3:27 PM |
| To: | sreisman@katten.com |
| Cc: | Aaronson, Anne M.; Heinzerling, Mariah |
| Subject: | Discovery |

Hi Steven,

Please let me know when would be a good time to speak about the committee records and how best to access copies of the discovery obtained by Katten to date.

Best,
Catherine


Get Outlook for iOS