

DIRECT DIAL NUMBER:
215-575-7013

Catherine Pratsinakis
cpratsinakis@dilworthlaw.com

December 18, 2025

**VIA ECF**

The Hon. Lewis A. Kaplan
United States District Court
for the Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

    Re:    <u>*A.O.H. Driedijk Holding B.V. et al. v. Sarris et al.*, No. 25-cv-5643 (LAK)</u>

Dear Judge Kaplan:

    We write on behalf of Lead Plaintiffs to respond to Defendant Sarris's letter motion dated December 16, 2025, Dkt. No. 78, related to the discovery stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), and respectfully request that the Court partially lift the stay under the PSLRA to avoid undue prejudice to the Class.

    **A.**  **<u>The LINQTO Bankruptcy Proceeding</u>**

    Lead Plaintiffs did not seek to end run the PSLRA discovery stay and take their obligations to this Court and the law very seriously. Lead Plaintiffs are creditors in the Chapter 11 bankruptcy proceeding filed by Linqto Debtors[1] in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), captioned as *In re Linqto Texas, LLC*, Case No. 25-90186 (ARP) (Bankr. S.D. Tex.) (the "Bankruptcy"). Lead Plaintiffs seek to represent a class of similarly situated creditors in the Bankruptcy, and to that end filed a Class Proof of Claim in the Bankruptcy for Linqto Debtors' violations of federal and state securities laws. Bankruptcy Claim Nos. 14822, 14825, 14830, 14831. On November 19, 2025, after months of good faith effort with the Linqto Debtors to resolve Lead Plaintiffs' requests for information, Lead Plaintiffs filed a Notice of Rule 2004 Examination and Document Production Requests pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, and Bankruptcy Local Rule 2004-1. *See* Bankruptcy Dkt. No. 1028. Defense counsel did not contact counsel for Lead Plaintiffs at this time to object to the Notice or raise any of their purported concerns.

---

[1] Linqto, Inc., Linqto Liquidshares, LLC, Linqto Liquidshares Manager, LLC, and Linqto Texas, LLC (collectively, "Linqto Debtors" or "Debtors").

Hon. Lewis A. Kaplan
December 18, 2025
Page 2

Bankruptcy Rule 2004 is "the basic discovery device in bankruptcy cases." *In re Augustus*, No. 05-83177, 2007 WL 172525, at *2 (Bankr. S.D. Tex. Jan. 18, 2007). It permits the examination of debtors' "acts, conduct, or property. . . liabilities and financial condition [or] any matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b); *In re Buccaneer Res., LLC*, No. 14-60041, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. Dec. 10, 2015). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (internal citations omitted); *In re Correra*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018) (internal citations omitted) (holding that a Rule 2004 exam is "a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct.").

On December 8, 2025, after Debtors served untimely objections to the Notice, Lead Plaintiffs moved to compel responses to the Notice (the "Motion to Compel"). Bankruptcy Dkt. No. 1172. Once again, defense counsel did not contact counsel for Lead Plaintiffs at this time to object to the Motion to Compel or raise any of their purported concerns. Indeed, the first time defense counsel raised his concerns was in a letter to this Court related to request for an extension to Defendant Sarris's time to respond to the Amended Complaint. Dkt. No. 59. The reason for the Notice and Motion to Compel was to obtain information that is critical to Lead Plaintiffs' investigation of Debtors' wrongdoing. Lead Plaintiffs sought to determine how the Series Membership Interests operated, how Linqto Liquidshares, LLC offered and sold Series Membership Interests, the financial condition of the Debtors, the details of Debtors' fraudulent conduct and to what extent other third parties assisted them with the fraud, including their officer and directors, the auditor, and the Pre-IPO Companies. Linqto Debtors are asking Lead Plaintiffs and other creditors to vote on a proposed Chapter 11 Plan that seeks to release Linqto Debtors and others from a myriad of claims, while simultaneously refusing to produce documents that would allow Lead Plaintiffs the opportunity to assess the claims Linqto Debtors want released.

Examinations under Rule 2004 are a powerful tool to allow creditors to make informed decisions on Chapter 11 plans. *Cf In re Wallace, Rush, Schmidt, Inc.*, No. 17-10698, 2018 WL 3954184, at *5 (Bankr. E.D. La. Aug. 14, 2018) (ordering Rule 2004 examination to be scheduled quickly "to allow the [creditors] a meaningful opportunity to take the 2004 examination before the objections to plan confirmation are due"); *In re Wilbanks*, No. 12-02785-8-JRL, 2012 WL 6681721, at *1 (Bankr. E.D.N.C. Dec. 21, 2012) (allowing a Rule 2004 examination to proceed where the notice was filed prior to the objection to confirmation). Confirmation of the proposed Plan in the Bankruptcy will directly affect Lead Plaintiffs' and creditors' ability to bring claims against Linqto Debtors and, as such, they are entitled to the documents sought.

### B. The PSLRA Stay Does Not Extend to the Debtors or the Bankruptcy

Linqto Debtors are not and cannot become defendants in this Action pursuant to the automatic stay, 11 U.S.C. § 362, and the Chapter 11 Plan contemplates a release of claims against certain officers and directors of Linqto. The PSLRA stay does not insulate non-party, soon-to-be-released debtors from their discovery obligations. Indeed, "[i]f the existence of a related securities fraud action—which is hardly unusual—were sufficient to bar or delay Rule 2004 discovery, the rights of creditors and debtors would be impaired and the efficient administration of bankruptcy

cases impeded." *In re Recoton Corp.*, No. 04-cv-2466, 2004 WL 1497570, at *3 (S.D.N.Y. July 1, 2004).

The oversight of discovery in the bankruptcy proceeding is a core bankruptcy matter, and the existence of an independent PSLRA action does not require this Court to interfere with [the] management of the discovery process in the bankruptcy case. . . ." *In re Refco, Inc.*, No. 06-cv-1888, 2006 WL 1379616, at *3 (S.D.N.Y. May 16, 2006). Moreover, "courts have ordered discovery of documents previously provided to bankruptcy examiners even where the discovery stay mandated by the [PSLRA] was in place." *In re New Century*, No. 07-cv-0931, 2009 WL 9568860, at *4 (C.D. Cal. July 8, 2009) (citing *In re Metro. Sec. Litig.*, 2005 WL 940898, at *3–4 (E.D. Wash. 2005); *In re Spiegel, Inc. Sec. Litig.,* 382 F.Supp.2d 989, 1038–39 (N.D. Ill. 2004)).

### C. **Defendant Sarris' Letter-Motion is Procedurally Improper**

Defendant Sarris's letter-motion is procedurally improper. In addition to not reaching out to Lead Plaintiffs before filing his letter-motion, Defendant Sarris asks this Court to rule on the adequacy of a Motion to Compel not before this Court. The Bankruptcy Court should have the opportunity to rule on Lead Plaintiffs' Motion to Compel under Bankruptcy Rule 2004. "[N]either efficiency nor cost concerns support a usurpation of the bankruptcy court's jurisdiction over the matter. . . . Discovery in the bankruptcy proceeding will go forward to the extent allowed under the bankruptcy rules." *In re Refco, Inc.* at *3. Defendant Sarris's request for sanctions is likewise improper, particularly since he failed to seek a meet and confer prior to filing his letter motion. *Cf. Pro Bono Invs., Inc. v. Gerry*, No. 03-cv-4347, 2005 WL 2429767, at *1 (S.D.N.Y. Sept. 30, 2005) ("By its terms, Rule 37 requires a meet-and-confer conference. . . .").

### D. **The Court Should Partially Lift the PSLRA Stay**

Finally, if deemed appropriate and necessary by this Court, Lead Plaintiffs respectfully request that the Court partially lift the stay under the PSLRA to all Lead Plaintiffs to continue pursing discovery in the Bankruptcy pursuant to their creditor rights. In addition, given the exigent circumstances here, Lead Plaintiffs respectfully request that the Court partially lift the PSLRA stay to permit discovery in this Action from Debtors and Defendant Sarris.

The PSLRA Stay may be modified "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B). In this District, "undue prejudice" has been found in situations where plaintiffs are "prejudiced by [their] inability to make informed decisions about [their] litigation strategy in a rapidly shifting landscape" and when they are effectively "the only major interested party in the criminal and civil proceedings. . . without access to documents that currently form the core of those proceedings." *In re WorldCom Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002). *See also In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (lifting the PSLRA stay on the ground that the plaintiffs in the securities class action would be unduly prejudiced without access to documents already made available to governmental entities because the securities plaintiffs would not be in a position to pursue informed litigation and settlement strategies); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 182–83 (S.D.N.Y. 2004) (same); *Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) (holding same).

Hon. Lewis A. Kaplan
December 18, 2025
Page 4

Here, government regulators are investigating the Linqto fraud and Defendant Sarris's participation in that fraud. *See* Meeting held for Linqto Stockholders and Customers, Linqto (Jun. 23, 2025), https://www.linqto.com/blog/town-hall-meeting-june-2025/ (last accessed Dec. 12, 2025). Moreover, Debtors formed a Special Subcommittee to investigate claims against officers, directors and other third party wrongdoers, and the Chapter 11 Plan contemplates the creation of a litigation trust to pursue these claims. Debtors are now threatening to try to stay this Action in favor of their own contemplated derivative action, and pointing to indemnification obligations in agreements they refuse to produce. *See* Letter from A. Agelakopoulos to C. Pratsinakis, dated 12/27/2025, attached hereto as Exhibit A (claiming federal security claims asserted in this Action are derivative and belong to Debtors, and that this Action will create "additional or increased" indemnification obligations). Debtors have refused to produce bylaws and other governing documents (from which this purported indemnification obligation arises), and refuse to produce the relevant D&O policy and any other applicable insurance agreement. While government regulators, the Special Subcommittee, and the litigation trustee and counsel *all* have access to these documents, Debtors are denying Lead Plaintiffs and the Class from access hindering Lead Plaintiffs' ability to pursue informed litigation and settlement strategies.

"Courts have lifted the 15 U.S.C. § 78u–4(b)(3)(B) discovery stay to prevent undue prejudice when a defendant in a securities action, which is stayed because the defendant filed a motion to dismiss, is also involved in criminal, civil and administrative investigations and actions which are proceeding unabated with the possibility that settlements might occur and/or fines and penalties might be imposed." *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-0689, 2011 WL 4528509, at *6 (S.D. W.Va. Sept. 28, 2011) (citing *In re LaBranche Sec. Litig.*, 333 F.Supp.2d at 183–184; *In re Worldcom Sec. Litig.*, 234 F.Supp.2d at 305; *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251–52 (D. Md. 2004)). In addition, if criminally indicted, Defendant Sarris will effectively become unavailable as a witness and seek to stay discovery pending resolution of his criminal prosecution. In an attempt to balance the potential prejudice to the Class, Lead Counsel offered to consent to Defendant Sarris's earlier-sought extension of his time to respond to the Amended Complaint on the condition that Sarris stipulate to partially lifting the PSLRA's stay for the limited purpose of seeking discovery from Defendant Sarris. Defendant Sarris declined.

Given the rapidly changing landscape and circumstances here, involving ongoing government investigations, the potential indictment of Defendant Sarris, and the development of a litigation trust that will be pursuing its own litigation against wrongdoers, the grounds to partially lift the PSLRA Stay in this Action are sufficient. This constitutes the type of extraordinary circumstances that presents a substantial risk of undue prejudice to the Class and warrants the lifting of the PSLRA stay of discovery to allow discovery from Debtors and Defendant Sarris.

We are available at the Court's convenience to address any questions or concerns.

Respectfully submitted,

**DILWORTH PAXSON LLP**
*/s/ Catherine Pratsinakis*

Hon. Lewis A. Kaplan
December 18, 2025
Page 5

>Catherine Pratsinakis (*pro hac vice*)
>Mariah Heinzerling (*pro hac vice*)
>1650 Market Street, Suite 1200
>Philadelphia, PA 19103
>Tel: (215)-575-7000
>cpratsinakis@dilworthlaw.com
>mheinzerling@dilworthlaw.com
>
>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
>Amanda Lawrence
>Lana Levin (*pro hac vice*)
>The Helmsley Building
>230 Park Avenue, 24th Floor
>New York, NY 10169
>Tel: (212) 223-6444
>alawrence@scott-scott.com
>llevin@scott-scott.com
>*Co-Counsel for Lead Plaintiffs*