# **EXHIBIT A**

**SCHWARTZ LAW**

**Athanasios E. Agelakopoulos, Esq.**
office: 713.900.3737
fax: 702.442.9887
440 Louisiana Street, Suite 1055, Houston, Texas 77002

December 17, 2025

Dilworth Paxon LLP
Attn: Catherine Pratsinakis, Esq.; Mariah Heinzerling, Esq.
1650 Market Street; Suite 1200
Philadelphia, PA 19103
cpratsinankis@dilworthlaw.com
mheinzerling@dilworthlaw.com

**BY ELECTRONIC MAIL**

> Re: Amended Class Action Complaint Filed In *A.O.H. Driedijk Holding B.V. et al. v. Sarris, et al.*, Case No. 1:25-cv-5643(LAK), pending before the United States District Court for the Southern District of New York (the "SDNY Litigation"); United States Bankruptcy Court for the Southern District of Texas (Houston Division) cases of *In re Linqto Texas, LLC* (Lead Case No. 25-90186), jointly administered *et al.* – Violations of the Automatic Stay By, And Injunctive Relief Against, Class Action Claimants

Dear Ms. Pratsinakis:

As you are already aware, our Firm represents Linqto Texas, LLC and its affiliated debtors and debtors in possession (each a "**Debtor**" and, collectively, the "**Debtors**")[1] in their jointly administered Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") currently pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"). The Debtors are aware of the SDNY Litigation. By way of the amended complaint filed on or about November 17, 2025 in the SDNY Litigation titled *Plaintiffs' Amended Class Action Complaint for Violation of Federal and State Securities Laws* (the "**Amended Complaint**"), the captioned and purported class claimants therein, A.O.H. Driedijk B.V. and Jaimin Bhatt (each a "**Litigation Claimant**" and, collectively, the "**Litigation Claimants**"), have joined as defendants in the SDNY Litigation current members of the board of directors of Debtor Linqto, Inc., Norman Reed and Adam Henderson (each a "**Debtor Director**" and, collectively, the "**Debtor Directors**"). It is the Debtors' position that the claims presently being prosecuted against the Debtor Directors by way of the Amended Complaint in the SDNY Litigation are (i) automatically stayed by operation of 11 U.S.C. § 362(a), and (ii) may otherwise be stayed by

---

[1] Debtors related and jointly administered Chapter 11 Cases are styled (i) *In re Linqto, Inc.* (Case No. 25-90187), (ii) *In re Linqto Liquidshares, LLC* (Case No. 25-90188), and (iii) *In re Linqto Liquidshares Manager, LLC* (25-90189).

**SCHWARTZ LAW**

injunctive relief under 11 U.S.C. § 105(a) should the Debtors elect to seek such relief from the Bankruptcy Court.

The goal of this correspondence, however, is not to invite litigation that will waste time, energy, and resources (both of Debtors' bankruptcy estates (collectively, the "**Estates**") and the Bankruptcy Court) and unnecessarily distract Debtors and their management from the mission-critical task of obtaining confirmation of Debtors' Chapter 11 plan of reorganization.  Given your participation in Debtors' Chapter 11 Cases, you are no doubt aware that Debtors' Chapter 11 Cases are poised for confirmation of their Chapter 11 plan.  On December 9, 2025, Debtors filed their *Joint Chapter 11 Plan of Linqto Texas, LLC and Its Debtor Affiliates* (ECF No. 1135) (the "**Plan**"). On December 10, 2025, the Debtors filed their *Disclosure Statement for the Joint Chapter 11 Plan of Linqto Texas, LLC and Its Debtor Affiliates* (ECF No. 1140) (the "**Disclosure Statement**").

On December 11, 2025, the Bankruptcy Court entered its *Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Forms of Ballot and Notices in Connection Therewith, (IV) Approving Management Selection Procedures, (V) Approving the Combined Hearing Timeline, and (VI) Granting Related Relief* (ECF No. 1142) (the "**Conditional Approval Order**").  Debtors are presently in the process of soliciting acceptance of their Plan pursuant to the Conditional Approval Order.  In addition, the Conditional Approval Order established February 2, 2026, as the combined hearing date for (i) confirmation of the Plan pursuant to 11 U.S.C. § 1128 (the "**Confirmation Hearing**") and (ii) final approval of the Disclosure Statement.

As the Confirmation Hearing is now approximately six (6) weeks away and Debtors' focus is trained on obtaining confirmation of their Plan and final approval of their Disclosure Statement, Debtors propose that they and the Litigation Claimants enter into a stipulation and agreement whereby the Litigation Claimants agree to a temporary stay of the SDNY Litigation, including related discovery in the Chapter 11 Cases, that will expire forty-five (45) days after entry of an order by the Bankruptcy Court confirming Debtors' Plan.  In exchange, the Debtors will not initiate any contested matters or adversary proceedings seeking to enforce their rights and the rights of their Estates under the provisions of 11 U.S.C. § 362 and/or otherwise seek injunctive relief as to the SDNY Litigation as it pertains to the Debtor Directors under 11 U.S.C. § 105(a).  Such an agreement would save the Debtors, their Estates, and the Litigation Claimants the time, expense, and delay of having to litigate issues arising under 11 U.S.C. §§ 105(a) and 362(a) at this critical time in Debtors' Chapter 11 Cases to the collective detriment of all stakeholders, including the Litigation Claimants.

**I.      The SDNY Litigation Involves Property of Debtors' Estates and Is, Thus, Stayed.**

On July 7, 2025, Debtors commenced their Chapter 11 Cases by filing voluntary petitions for relief pursuant to 11 U.S.C. § 301.  By operation of law, Debtors' commencement of their Chapter 11 Cases (i) created their Estates pursuant to 11 U.S.C. § 541(a) comprised of all of Debtors' legal and equitable interests in property (including derivative litigation claims) (collectively, the "**Estate Property**") and (ii) caused the automatic stay to issue from the Bankruptcy Court by operation of 11 U.S.C. § 362(a).  The Bankruptcy Court, in turn, was vested with exclusive jurisdiction over (i) Debtors' Chapter 11 Cases by operation of 28 U.S.C. § 1334(a)

and (ii) Estate Property by operation of 28 U.S.C. § 1334(e)(1). Among other acts proscribed by 11 U.S.C. § 362(a) are acts to exercise control over Estate Property. 11 U.S.C. § 362(a)(3). The claims pursued by the Litigation Claimants in the SDNY Litigation constitute derivative claims comprising Estate Property.

Under Circuit law, if a creditor pursues claims against a third party due to the depletion of estate assets, those claims are considered derivative and are included as part of the debtor's bankruptcy estate. *See, e.g., Meridian Capital CIS Fund v. Burton (In re Buccaneer Res., L.L.C.)*, 912 F.3d 291, 295 (5th Cir. 2019) ("As long as the injury a creditor is pursuing against a third party does not stem from the depletion of estate assets, the injury is a direct one that does not belong to the estate."); *see also Protopapas v. Brenntag AG (In re Whitaker Clark & Daniels Inc.)*, 152 F.4th 432 (3d Cir. 2025). Here, the Litigation Claimants' causes of action in the Amended Complaint stem from asset depletions from Debtors' Estates that were caused in fact and proximately caused by Debtors' numerous alleged statutory violations as set forth in the Amended Complaint that ultimately caused Debtors to suspend and/or cease operations prepetition. Because the injuries about which the Litigation Claimants now complain stem from the depletion of Debtors' assets brought about by Debtors' cessation/suspension of business operations and subsequent bankruptcy filings, the overwhelming majority, if not all, of the Litigation Claimants' claims against Debtors are derivative in nature and, thus, constitute property of Debtors' Estates.

The Litigation Claimants' continued prosecution of the Amended Complaint in the SDNY Litigation, therefore, constitutes the proscribed act of exercising control over property of Debtors' Estates in direct violation of 11 U.S.C. § 362(a)(3). Continued prosecution of the SDNY Litigation now would certainly make the Litigation Claimants' conduct in violation of the automatic stay willful, potentially subjecting the Litigation Claimants to increased liability with respect to any such actions. The Debtors hereby reserve all rights and remedies as to the Litigation Claimants, including seeking to have the Litigation Claimants held in contempt for (among other reasons) their willful violation of the automatic stay.

II. **The SDNY Litigation Can Be Stayed Under 11 U.S.C. § 105(a) As to Debtors' Directors.**

Section 105(a) of the Bankruptcy Code authorizes and empowers the Bankruptcy Court to issue any order, process, or judgment (including injunctive relief) that is necessary to carry out the provisions of Bankruptcy Code. *See* 11 U.S.C. § 105(a). Where continued litigation against non-debtor directors and officers in non-bankruptcy forums may subject a bankruptcy estate to additional or increased indemnification claims and potential collateral estoppel effects conferred by, or flowing from, the non-Bankruptcy Court order or judgment, injunctive relief under 11 U.S.C. § 105(a) may be granted. *See, e.g., American Film Technologies, Inc. v. Taritero (In re American Film Technologies)*, 175 B.R. 847 (Bankr. D. Del. 1994). The Debtor Directors can be expected to assert any-and-all indemnification claims under Debtors' bylaws and other governing documents, and the Debtors will be subjected to the risk of being collaterally estopped from pursuing what otherwise may be valuable and worthwhile claims as a result of any adverse rulings entered in the SDNY Litigation.

**SCHWARTZ LAW**

**III.     By Stipulating Voluntarily To a Stay of The SDNY Litigation, The Parties Will Save And Conserve Valuable Estate and Judicial Resources.**

The Debtors believe that the brief stay of the SDNY Litigation proposed above is quite reasonable and will avoid unnecessary and, perhaps, wasteful consumption of both Estate and judicial resources through the pursuit of litigation in the form of contested matters and/or adversary proceedings prosecuted before the Bankruptcy Court. It is the Debtors' hope, expectation, and request that the Litigation Claimants in the SDNY Litigation agree to stay such litigation temporarily on a voluntary basis to allow Debtors to focus their efforts on obtaining confirmation of their Plan.

As always, we are available to discuss these matters with you in greater detail should you have either the need or desire to do so.

Sincerely,

/s/ *Athanasios E. Agelakopoulos*

Athanasios E. Agelakopoulos, Esq.