

TIMOTHY J. TREANOR
Managing Principal
+1 (212) 858-9080 w
+1 (917) 445-3440 m
ttreanor@tdblaw.com

TDB LAW
666 Third Avenue, 21st Floor
New York, NY 10017

December 22, 2025

**By ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, New York 10007

    Re:    *A.O.H. Driedijk Holding B.V. et. al. v. Sarris et. al.*, No. 1:25-cv-5643 (LAK)

Dear Judge Kaplan:

    We represent defendant William Sarris in the above-referenced matter.  We write briefly in response to plaintiffs' letter of December 18, 2025 opposing defendant Sarris' request for relief due to plaintiffs' violation the automatic discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

    There is no dispute that plaintiffs violated the PSLRA by failing to obtain an order lifting the stay from this Court before seeking discovery under Bankruptcy Rule 2004 that unquestionably relates to the claims in this action from the debtors in the Linqto Bankruptcy.  Plaintiffs' risibly belated request to lift the stay, now that their attempted end-run has been exposed, neither cures nor excuses their knowing and willful violation of the statute.  (Pls. Letter at 3-4.)  In fact, plaintiffs basically give away the game by *now* asking the Court to lift the stay "to permit discovery *in this Action* from Debtors and Defendant Sarris."  (*Id.* at 3 (emphasis added).)  The Linqto debtors further confirm that plaintiffs' 2004 Requests all along were "designed to obtain discovery for use in the SDNY Class Action case before discovery is permitted," and have "little to nothing to do with" their bankrtupcy claims.  (Def. Letter at 4.)

    Plaintiffs also fail to dispute, let alone acknowledge, defendant's objection that Rule 2004 discovery would be improper and that this Court "would consider this an end-run around the PSLRA's discovery stay."  (*Id.* at 3.)  It is particularly telling that plaintiffs do not even address their counsel's commitment to seek no discovery in the bankruptcy without first obtaining permission from this Court:  "we understand that Defendant does, in fact, object to us serving this subpoena and *therefore we confirm that no subpoena will be served without seeking the appropriate form of relief*."  (*Id.* & Ex. D, 11/22/25 email (emphasis added).)

    Indeed, plaintiffs appear to brag that defendant did not initially detect their circumvention of the PSLRA without first obtaining order lifting the discovery stay.  (Pls. Letter at 1.)  In truth, defendant's counsel did not discover the subterfuge until plaintiffs' counsel appeared at the December 5, 2025 hearing before the Bankrtupcy Court and discussed the Rule 2004 Request.  (*Id.* at 4 & Ex. E.)  Regrettably, we had believed that counsel would honor her representation not

to seek Rule 2004 discovery "without seeking the appropriate form of relief" from this Court. We were mistaken. But that does not excuse plaintiffs' violation of the statute, and this Court should not condone such duplicitous gamesmanship. This conduct only confirms that plaintiffs "knowingly and willfully violated" the automatic stay for purposes of the mandatory sanctions regime of the PSLRA, which dictates that the "court *shall* impose sanctions on such a party and the party's counsel." 15 U.S.C. §§ 77z-1(b)(4), 78u-4(b)(3)(B) (emphasis added). Plaintiffs' reference to FRCP 37 is therefore misplaced. (Pls. Letter at 3.)

Plaintiffs' assertion that Rule 2004 permits discovery in this action notwithstanding the PSLRA ignores not just the automatic stay itself, but also the "well-recognized rule" that once there is a pending adversary proceeding, contested matter, or collateral litigation involving the same claims and subject matter, "discovery should be pursued under the applicable Federal Rules of Civil Procedure ["FRCP"] *and not Rule 2004*." *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (emphasis added) (discussing cases).[1] The reason for the rule is that the liberal scope of Rule 2004 fails to provide the safeguards to which parties are entitled under the more restrictive FRCP during litigation. *In re Enron Corp.*, 281 B.R. 836, 840-41 (Bankr. S.D.N.Y. 2002). Of course, this rule applies with particular force where, as here, the PSLRA automatic stay applies and precludes *any* discovery by parties to the case absent a court order. *Id.* at 842-44 (PSLRA stay barred discovery where plaintiffs "– despite their statements to the contrary – are seeking to use Rule 2004 for discovery in the [PSLRA] Action").[2]

In any event, defendant has already shown that there are no "exceptional circumstances" that justify an order lifting the stay. (*See* Def. Letter at 4.) Had there been legitimate grounds to do so, plaintiffs would have straightforwardly filed a motion before this Court as required by the statute, rather than violating the stay and hoping not to get caught. Furthermore, the debtors in the Linqto Bankruptcy now assert that plaintiffs have violated a second stay -- the automatic bankruptcy stay under 11 U.S.C. § 362(a). According to the letter from debtor's counsel attached as an exhibit to Plaintiffs' Letter, all of the alleged injuries and causes of action asserted

---

[1] Plaintiffs' counsel should be familiar with this rule because she represented a party in *Cambridge Analytica*. 600 B.R. at 751. This further confirms that plaintiffs' violation was knowing and willful.

[2] The cases on which plaintiffs rely are inapposite. In *In re Recoton Corp.*, the party *seeking* discovery – an unsecured creditor's committee in a bankruptcy – was *not* a party to the collateral PSLRA litigation, and therefore not even subject to the PSLRA stay, and in any event also sought discovery concerning claims that were completely unrelated to the securities claims in the collateral action. 307 B.R. 751, 755-57, 759 (Bankr. S.D.N.Y. 2004). The decision in *In re Refco, Inc.* involved a procedurally distinct question of whether the district court should withdraw the reference to the bankruptcy court with respect to an unsecured creditor's committee's Rule 2004 motion and not, as here, a motion seeking relief from a knowing and willful violation of the PSLRA automatic stay. 2006 WL 1379616, * 1 (S.D.N.Y. May 16, 2006). In fact, the same court subsequently denied the plaintiffs' motion to lift the PSLRA automatic stay because their "inability to gather evidence for settlement negotiations or to plan a litigation strategy is not evidence of undue prejudice." *In re Refco Inc.*, *2 to *3 (S.D.N.Y. Aug. 2008 2006). This case is also unlike *In re WorldCom, Inc. Securities Litigation*, where the court found "unique circumstances" to lift the stay because the plaintiffs had been ordered to participate in settlement discussions with non-PSLRA parties with access to discovery, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002). Here there is no settlement nor any court-ordered settlement discussions that would place at a "unique" disadvantage. *See In re Petrobras Secs. Litig.*, 15-cv-9662 (JSR), 2015 WL 13653969, at *1 to *2 (S.D.N.Y. Apr. 13, 2015); *In re AOL Time Warner, Inc. Secs. Litig.*, 02 Civ. 5575 (SWK), 2003 WL 21729842, at *1 to *2 (S.D.N.Y. July 25, 2003).

The Honorable Lewis A. Kaplan
December 22, 2025
Page 3

in plaintiffs' Amended Complaint "stem from asset depletions from the Debtors' Estates" that were caused by "debtors' numerous alleged statutory violations as set forth in the Amended Complaint that ultimately caused Debtors to suspend and/or cease operations prepetition." (Pls. Letter Ex. A at 3.) Because the "overwhelming majority, if not all," of plaintiffs' claims here "against the Debtors are derivative in nature and, thus, constitute property of Debtors' Estates," the debtors assert that the filing and continued prosecution of this class action violate the automatic bankruptcy stay. If true, these arguments provide further support for denying plaintiffs' untimely request to lift the PSLRA discovery stay in this action.

      For these additional reasons, defendant respectfully requests an order granting the relief set forth set forth in his December 16, 2025.

                                    Respectfully submitted,

                                    _/s/  Timothy J. Treanor_
                                    Timothy J. Treanor
                                    Managing Principal

cc: Plaintiffs' Co-Lead Counsel (by ECF)