

DIRECT DIAL NUMBER:
215-575-7013

Catherine Pratsinakis
cpratsinakis@dilworthlaw.com

December 24, 2025

**VIA ECF**

The Hon. Lewis A. Kaplan
United States District Court
for the Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

    Re:    <u>A.O.H. Driedijk Holding B.V. et al. v. Sarris et al.</u>, No. 25-cv-5643 (LAK)

Dear Judge Kaplan:

    Lead Plaintiffs respond to Defendant Sarris's letter dated December 22, 2025, Dkt. No. 80, and supplement their request for relief from the discovery stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), Dkt. No. 79.

    Sarris concedes that his counsel never sought to meet and confer before filing the letter motion at Dkt. 78. It is unsurprising then, that his letter ignores the rapidly shifting landscape and circumstances here that justify relief from the automatic discovery stay. Sarris does not address that Lead Plaintiffs have filed Class Proofs of Claim in the Bankruptcy or that they are now voting on a Chapter 11 Plan that will impact their rights as Class Creditors. Sarris also does not mention the ongoing government investigations, the potential indictment of Defendant Sarris, and the development of a litigation trust that will be pursuing its own litigation against wrongdoers.

    The court in *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002), found the PSLRA stay "especially troubling given the likelihood that settlement discussions." Meanwhile, the circumstances here are even more dire.[1] Debtors and interested parties, including regulators, the unsecured creditors committee and a Special Subcommittee of the Board, have commenced discovery and have negotiated the settlement reflected in the proposed Chapter 11 Plan. The Plan will impact Class Creditors' claims and rights in the Bankruptcy. Indeed, Class Creditors are currently confronted with ballots for a proposed Chapter 11 Plan while being denied

---

[1]     Defendant Sarris does not discuss *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-0689, 2011 WL 4528509, at *6 (S.D. W.Va. Sept. 28, 2011); *In re LaBranche Sec. Litig.*, 333 F.Supp.2d at 183–184; or *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251–52 (D. Md. 2004).

Hon. Lewis A. Kaplan
December 24, 2025
Page 2

access to documents needed to assess their rights and interests. Moreover, Debtors have said that they will seek to curtail the Class's claims in this Action, by seeking a stay (or dismissal) of Class claims against certain directors. Debtors have also asserted that the Class's claims are derivative and thus should be controlled by the litigation trust, whose recovery of funds will largely go towards administrative costs, not any meaningful relief for the Class.

Taken together, these circumstances are extraordinary and present the precise risk of undue prejudice to the Class the production of documents sought in the Bankruptcy, and if necessary lifting of the PSLRA discovery stay. *WorldCom, Inc. Sec. Litig.,* 234 F. Supp. 2d at 306 (granting access to documents Debtors have already produced to parties).

Sarris complains that Lead Plaintiffs are misusing Bankruptcy Rule 2004 but ignores the procedural posture of the bankruptcy proceedings. While "a creditor who has commenced an adversary proceeding should be limited to discovery, in that proceeding, pursuant to the Federal Rules of Civil Procedure as to: (1) entities affected by the pending adversary proceeding(s) and (2) issues addressed in its pending adversary proceeding(s). . . . ***[A] creditor may conduct Rule 2004 examinations regarding issues in addition to or beyond the scope of its pending adversary proceeding(s), or the trustee's pending adversary proceeding(s).***" *In re Buick*, 174 B.R. 299, 306 (Bankr. D. Colo. 1994) (emphasis added).

Indeed, the Rule 2004 Notice is not directed at Defendant Sarris. Nor has Defendant Sarris put forward a cogent argument about how he is personally impacted or prejudiced by Debtors' response to the Notice. Here, as in *WorldCom,* Lead Plaintiffs did not file a frivolous securities class action in the hopes that either defendants would settle that action rather than bear the high cost of discovery, *see* H.R. Conf. Rep. No. 104–369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736, nor are they seeking discovery for some sustainable claim against defendants not alleged in the complaint, *see* S. Rep. No. 104–98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693. *WorldCom,* 234 F. Supp. 2d at 305. "Neither rationale underlying the PSLRA's discovery stay provision is contravened by plaintiffs' application" to lift the PSLRA stay. *Id.*

Defendant makes much of the *In re Cambridge Analytica LLC* decision, but that case supports Lead Plaintiffs' access to documents under Bankruptcy Rule 2004. 600 B.R. 750, 753 (Bankr. S.D.N.Y. 2019) (noting Data Breach Plaintiffs' access to documents under Rule 2004 was previously allowed because "[t]he Data Breach Plaintiffs asserted claims in a multi-district litigation against the Debtors even before these Chapter 7 cases were filed. They filed their Rule 2004 motion to further their interests as creditors of the Debtor" and had been active in the bankruptcy, participating since the outset and engaging with the debtors). Lead Plaintiffs are meaningful participants in the Bankruptcy, have been engaging with Debtors from the outset, filed Class Proofs of Claim, and sought documents under Rule 2004 to fully understand and assert their rights as creditors of the Debtors.

As for the subpoena, Defendant Sarris's counsel agreed to Lead Plaintiffs serving a subpoena on Debtors but then withdrew that consent. That Lead Plaintiffs never served a subpoena on Debtors demonstrates their compliance with the PSLRA stay, not an intentional violation. Moreover, unlike in *In re Enron Corp.*, 281 B.R. 836, 840-41 (Bankr. S.D.N.Y. 2002), Lead Plaintiffs filed Class Proofs of Claims and seek to preserve the value of their Claims as creditors of the Debtors.

Hon. Lewis A. Kaplan
December 24, 2025
Page 3

       We are available at the Court's convenience to address any questions or concerns.

                              Respectfully submitted,

                              **DILWORTH PAXSON LLP**
                              */s/ Catherine Pratsinakis*
                              Catherine Pratsinakis (*pro hac vice*)
                              Mariah Heinzerling (*pro hac vice*)
                              1650 Market Street, Suite 1200
                              Philadelphia, PA 19103
                              Tel: (215)-575-7000
                              cpratsinakis@dilworthlaw.com
                              mheinzerling@dilworthlaw.com

                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                              Amanda Lawrence
                              Lana Levin (*pro hac vice*)
                              The Helmsley Building
                              230 Park Avenue, 24th Floor
                              New York, NY 10169
                              Tel: (212) 223-6444
                              alawrence@scott-scott.com
                              llevin@scott-scott.com
                              *Co-Counsel for Lead Plaintiffs*