UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
A.O.H. DRIEDIJK HOLDING B.V., et ano.,

                         Plaintiffs,

          -against-                              25-cv-5643 (LAK)

WILLIAM SARRIS, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2026

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This is a putative class action under the federal securities laws and various state statutes for alleged fraud and related misconduct in relation to the offering for sale and the purchase and sale of membership interests in Linqto Liquidshares, LLC ("Linqto"), which now is in bankruptcy in the Southern District of Texas. The matter is before the Court on motions by (1) defendant Sarris to (i) declare that plaintiffs violated the automatic discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA") by seeking discovery in the bankruptcy court and otherwise (ii) quashing discovery requests and a motion to compel filed by plaintiffs under Bankruptcy Rule 2004 in the Linqto bankruptcy case (the "Bankruptcy"), (iii) enjoining plaintiffs from further discovery violations and requiring disgorgement of any documents obtained in the Bankruptcy, (iv) awarding Mr. Sarris his costs of filing motions to quash the Requests here and in the Bankruptcy, and (2) plaintiffs to partially lift the PSLRA stay. And it is essential at the outset to understand that plaintiffs filed in the Bankruptcy a motion to compel very extensive production under Bankruptcy Rule 2004 that the bankruptcy judge earlier this week denied without prejudice to consideration of a substantially narrower request more clearly focused on issues in the Bankruptcy than the request previously before it.

        The relevant objective of the PSLRA is to "preclude[] discovery, whether from parties or nonparties, until the court sustains the sufficiency of the complaint." *ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.,* 02 Civ. 8726 (LAK), 2003 WL 1877227 at *2 (S.D.N.Y. Apr. 9, 2003). It seems at least highly likely that discovery in the Linqto case under Bankruptcy Rule 2004, to whatever extent the bankruptcy court ultimately might consider it appropriate for purposes of the Bankruptcy, could be shielded from use in this case by a protective order or other means. Thus, it seems quite likely that permitting the bankruptcy court to administer its proceeding effectively and properly would not conflict with achieving the PSLRA's purpose of preventing securities plaintiffs

from using discovery to cobble together cases that could not have been brought without it. Indeed, the bankruptcy judge in the Linqto case appears to have just that in mind. *See* Tr., *In re Linqto Texas, LLC, et al.,* Case No. 25-90186-11, at 24:16-31:18.

In the circumstances, the Court sees no present need for any of the relief sought by either side, let alone some of the rather extreme relief sought by Mr. Sarris. All pending motions are denied.

SO ORDERED.

Dated: January 9, 2026

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge