Treanor Declaration - Exhibit E

# EXHIBIT A

**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

I, Ademar Odin Haron Driedijk, hereby certify that the following is true and correct to the best of my knowledge, information, and belief:

1.      I have reviewed the Class Action Complaint (the "Complaint") against William Sarris, the former Chief Executive Officer of Linqto, Inc. ("Linqto"), filed as ECF No. 1 in *Maxwell v. Sarris*, No. 25-cv-5643 (S.D.N.Y.), and authorize the filing of this Certification and a comparable complaint and/or motion for appointment as Lead Plaintiff.

2.      I am willing to serve as a representative party on behalf of the Class (as defined in the Complaint), including providing testimony at deposition and trial, if necessary.

3.      During the Class Period (as defined in the Complaint), I purchased the securities that are the subject of the Complaint as set forth on the attached Schedule A, through my holding company, A.O.H. Driedijk Holding B.V., of which I am the Director and Sole Owner..

4.      I did not engage in the foregoing transactions at the direction of counsel, or in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

5.      During the three-year period preceding the date on which this Certification is signed, I have neither served or sought to serve as a representative party on behalf of a class in the following private actions arising under the Securities Act or the Exchange Act.

6.      I will not accept any payment for serving as a representative party on behalf of the Class beyond its *pro rata* share of any recovery, except for such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

#125191428v1

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of September, 2025.


_____
Mr. Ademar Driedijk
Director and Sole Owner of
A.O.H. Driedijk Holding B.V.

2

#125191428v1

## Schedule A – Transactions in Linqto Securities

Pursuant to the Federal Securities Laws Certification, the following is a complete list of all transactions in Linqto-related securities made by A.O.H. Driedijk Holding B.V. during the relevant period.

**Investments A.O.H. Driedijk Holding B.V. (Linqto)**

| Date of Transaction | Security (Series) | Number of Units | Order ID | Purchase Price |
|---|---|---|---|---|
| | | | | USD |
| Dec 22, 2022 | Ripple - Series 5 | 4.445 | 32680 | $200,025.00 |
| Dec 28, 2022 | Ripple - Series 5 | 4.445 | 32866 | |
| | Total | 8.890 | | |
| | | | | |
| Dec 28, 2022 | Polysign - Series 13 | 20.577 | 32867 | $100,004.22 |
| Dec 28, 2022 | Polysign - Series 13 | 20.577 | 32823 | |
| | Total | 41.154 | | |
| | | | | |
| **Total Investment** | | | | **$300,029.22** |

## CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Jaimin Bhatt, hereby certify that the following is true and correct to the best of my knowledge, information, and belief:

1.     I have reviewed the Class Action Complaint (the "Complaint") against William Sarris, the former Chief Executive Officer of Linqto, Inc. ("Linqto"), filed as ECF No. 1 in *Maxwell v. Sarris*, No. 25-cv-5643 (S.D.N.Y.), and authorize the filing of this Certification and a comparable complaint and/or motion for appointment as Lead Plaintiff.

2.     I am willing to serve as a representative party on behalf of the Class (as defined in the Complaint), including providing testimony at deposition and trial, if necessary.

3.     During the Class Period (as defined in the Complaint), I purchased and/or sold the securities that are the subject of the Complaint as set forth on the attached Schedule A.

4.     I did not engage in the foregoing transactions at the direction of counsel or in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

5.     During the three-year period preceding the date on which this Certification is signed, I have neither served or sought to serve as a representative party on behalf of a class in the following private actions arising under the Securities Act or the Exchange Act.

6.     I will not accept any payment for serving as a representative party on behalf of the Class beyond its *pro rata* share of any recovery, except for such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23th day of August, 2025.

Jaimin Bhatt

2

#125174339v1

## Schedule A – Transactions in Linqto Securities

Pursuant to the Federal Securities Laws Certification, the following is a complete list of all transactions in Linqto-related securities made by Jaimin Bhatt during the relevant period.

**Investments Jaimin Bhatt (Linqto)**

| Date of Transaction | Security (Series) | Number of Units | Order ID | Purchase Price |
|---|---|---|---|---|
| | | | | USD |
| 12/8/2024 | H2O.ai – Series 3 | 468 | 76532 | $5,002.92 |
| 12/4/2024 | Databricks– Series 1 | 34 | 76187 | $5,093.88 |
| 12/4/2024 | Cerebras- Series 28 | 87 | 76186 | $5,047.74 |
| 12/4/2024 | Anthropic- Series 16 | 62 | 76185 | $5,034.40 |
| 7/26/2024 | Space Exploration | 30 | 66231 | $5,040.00 |
| | | | | |
| 8/10/2023 | Ripple | 44 | 41099 | $2,257.60 |
| 7/24/2024 | Ripple- Series 29 | 376 | 65485 | $15,012.20 |
| | | | | |
| **Total Investment** | | **1,101** | | **$42,488.74** |

#125193771v1

# EXHIBIT B

Principal Loss Analysis
Class Period: 01/01/2018 to 09/07/2025

Linqto Investors
Jaimin Bhatt

| Purchases | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Ripple | 8/10/2023 | 44 | $51.31 | -$2,257.60 |
| Ripple - Series 29 | 7/24/2024 | 376 | $39.93 | -$15,012.20 |
| Space Exploration | 7/26/2024 | 30 | $168.00 | -$5,040.00 |
| Cerebras - Series 28 | 12/4/2024 | 87 | $58.02 | -$5,047.74 |
| Anthropic - Series 16 | 12/4/2024 | 62 | $81.20 | -$5,034.40 |
| Databricks - Series 1 | 12/4/2024 | 34 | $149.82 | -$5,093.88 |
| H2O.ai - Series 3 | 12/8/2024 | 468 | $10.69 | -$5,002.92 |
| Class Period Purchases: | | 1,101 | | -$42,488.74 |
| | Retained Purchases: | 1,101 | $0.00 | $0.00 |

Principal Loss: *-$42,488.74*

A.O.H. Driedijk Holding B.V.

| Purchases | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Ripple - Series 5 | 12/22/2022 | 4.45 | $22,500.00 | -$100,012.50 |
| Ripple - Series 5 | 12/28/2022 | 4.45 | $22,500.00 | -$100,012.50 |
| Polysign - Series 13 | 12/28/2022 | 20.58 | $2,430.00 | -$50,002.11 |
| Polysign - Series 13 | 12/28/2022 | 20.58 | $2,430.00 | -$50,002.11 |
| Class Period Purchases: | | 50.04 | | -$300,029.22 |
| | Retained Purchases: | 50.04 | $0.00 | $0.00 |

Principal Loss: *-$300,029.22*

A.O.H. Driedijk Holding B.V.: *-$300,029.22*

Jaimin Bhatt: *-$42,488.74*

Total Principal Loss: *-$342,517.96*

Note:  The current values of these pre-IPO companies may far exceed that of the principal investments and accounts for additional losses in amounts to be proven at trial.

# EXHIBIT C

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

LORI RAFFA MAXWELL and ANTHONY
DELUCCIA, Individually and on Behalf of All
Others Similarly Situated,

                  Plaintiffs,

      v.

WILLIAM SARRIS,

                  Defendant.

Civil Action No. 1:25-cv-05643-LAK

## JOINT DECLARATION OF LINQTO INVESTORS

Pursuant to 28 U.S.C. §1746, we, Mr. Ademar Driedijk on behalf of A.O.H. Driedijk

Holding B.V. and Jaimin Bhatt, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Ademar

Odin Haron Driedijk ("Driedijk") and Jaiman Bhatt ("Bhatt" and, together with Driedijk, the

"Linqto Investors") for appointment as Lead Plaintiff and approval of their selection of Catherine

Pratsinakis of Dilworth Paxson LLP ("Dilworth") and Scott+Scott Attorneys at Law LLP

("Scott+Scott") to serve as Lead Counsel for the proposed Class in the above-captioned

securities class action (the "Action") against former CEO of Linqto William Sarris ("Sarris" or

"Defendant").

2.      We are aware that the Action is brought on behalf of a proposed class of all

purchasers of Series Membership Interests ("SPV Units") in one or more series of Linqto

Liquidshares, LLC ("Liquidshares") through the Linqto, Inc. ("Linqto") online platform from

January 1, 2018 through the present (the "Class Period"). We are informed of and understand the

requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. We each have personal knowledge of the information in this Joint Declaration.

3.  I, Ademar Driedijk, am the Director and sole owner and beneficiary of A.O.H. Driedijk Holding B.V, and am authorized to bring claims on behalf of A.O.H. Driedijk Holding B.V, including to make this declaration on behalf of the company. Based in the Netherlands, A.O.H. Driedijk Holding B.V. is an investment holding company that I created in 2002 and now holds more than €3 million in equity and real estate assets. As reflected in my Certification, A.O.H. Driedijk Holding B.V. incurred substantial losses on its transactions in SPV Units purchased on the Linqto platform during the Class Period. I am a sophisticated technology entrepreneur and accredited investor since 2005 with over 15 years of experience investing.. I created my first technology company in 2000 and sold it in 2010 for nearly €5 million. Because A.O.H. Driedijk Holding B.V. suffered substantial losses as a result of Defendant's alleged violations of federal securities laws, I am motivated to seek the best possible result for myself and the Class.

4.  I, Jaimin Bhatt, am 43 years old and reside in Galloway, New Jersey. I have owned and operated a hospitality business for approximately twenty years. I am a self-taught retail investor with more than 15 years of experience investing in the stock market. Because I suffered substantial losses as a result of Defendant's alleged violations of federal securities laws, I am highly incentivized to recover those losses and am committed to actively directing this litigation and maximizing the recovery for the Class.

5.  We are informed of and understand the requirements of serving as lead plaintiff pursuant to the PSLRA. If appointed as lead plaintiffs, our primary goal will be to ensure that the Class achieves the largest possible recovery. We understand that our efforts as lead plaintiffs, if

successful, will benefit the entire Class. We understand that we owe a duty to all members of the proposed Class to provide fair and adequate representation.

6. We are dedicated to maximizing the Class's recovery by ensuring this litigation is prosecuted in an efficient and cost-conscious manner, and we believe that we have put in place mechanisms to ensure effective decision-making and coordination and oversight of our chosen counsel.

7. To ensure an optimal result for the Class and provide the Class with the broadest representation, we believe that this case should be prosecuted by investors that best represent the composition and diversity of the Class, including a sophisticated foreign accredited investor with significant resources and background in technology, as well as a domestic retail investor and small business owner.

8. Linqto Investors each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case based on their: (1) investments and complementary trading in securities purchased on the Linqto platform throughout the Class Period; (2) ability to share and combine resources and their perspectives as a sophisticated accredited investor and retail investor, respectively; and (3) shared goals and interests in protecting and maximizing investor assets. Linqto Investors also each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims.

9. Linqto Investors' decision to seek joint appointment as Lead Plaintiff was informed, in part, by Driedijk's perspective as a sophisticated individual investor and Bhatt's perspective as a longtime retail investor, and their shared goals and interests in protecting and maximizing their assets and enhancing the reliability and transparency of information disseminated by publicly and privately traded corporations. After analyzing the merits of the

3

claims in this Action, and the respective losses incurred as a result of Defendant's alleged misconduct, and consulting with counsel, Linqto Investors approved the filing of a joint motion for Lead Plaintiff appointment.

10.     Linqto Investors agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, Linqto Investors believe that a cohesive group informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. Linqto Investors understand that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country endorse groups of sophisticated investors composed of both foreign and domestic retail and accredited investors to serve as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. Linqto Investors intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

11.     Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss the commitment of Linqto Investors to jointly prosecuting this litigation. During the call, Linqto Investors discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; their shared desire to achieve the best possible result for the Class; and the Linqto Investors' shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Dilworth Paxson and Scott+Scott.

12.     On the conference call, we also discussed with each other the importance of joint decision-making and maintaining open communication that will enable each of us to confer, with or without counsel, via telephone, video conference, electronic messaging and/or email on short

notice to ensure that the Linqto Investors are able to make timely decisions. Linqto Investors have direct contact information for each other so that we can communicate with each other with or without counsel.

13. Linqto Investors are not aware of any instance of disagreement that could not be resolved through discussion and collaboration among each other and/or counsel. Through our discussions, we determined that Linqto Investors are likeminded, sophisticated investors aligned in our shared objective to work collaboratively to maximize the recovery of investors through this litigation. Based on our experience, and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion and collaboration with each other and our counsel.

14. We confirm our commitment to sharing our perspectives, experiences, and resources to direct this litigation, including to supervise our proposed Lead Counsel's prosecution of this action, pursuant to the PSLRA, to ensure that the action is prosecuted without unreasonable cost. We are confident in our ability to supervise our proposed Lead Counsel and believe that the Class will benefit from having law firms experienced in litigating securities class actions successfully as Lead Counsel.

15. We are aware of the experience, resources, and success of our proposed Lead Counsel, Dilworth Paxson and Scott+Scott, and we are aware that Dilworth Paxson and Scott+Scott are each accomplished law firms with a history of achieving significant monetary recoveries on behalf of injured investors, including in this District.

16. We fully believe that Dilworth Paxson and Scott+Scott will prosecute this action in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class. Our decision to select Dilworth Paxson and Scott+Scott as our proposed Lead Counsel was also informed by our analysis of the claims in the Action against Defendant and the evidence

5

developed by Dilworth Paxson and Scott+Scott through their investigation into Defendant's alleged wrongdoing.

17.     In furtherance of their duties to the Class,   Linqto Investors have directed Dilworth Paxson and Scott+Scott to vigorously prosecute this action in a cost-effective and efficient manner while obtaining the best possible result for the Class.  Linqto Investors believe the experience and success of our proposed Lead Counsel in prosecuting securities class actions, combined with our oversight, will ensure that the Class receives the best possible representation in this case.

18.     Linqto Investors have directed Dilworth Paxson and Scott+Scott to provide updates on all developments during the lead plaintiff motion process, and to continue their investigation of the Class's claims and provide updates on the status of the ongoing investigation. Linqto Investors will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings and other important litigation documents, conferring together and with counsel, and attending court proceedings, depositions, settlement mediations, hearings, and trial, as needed. If appointed Lead Plaintiff, Linqto Investors will confer together and with counsel as often and regularly as necessary to ensure responsible oversight and direction of counsel.

18.     In sum, we are committed to ensuring the Class receives the best possible outcome from this litigation.

[REMAINDER INTENTIONALLY BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2025.

_____
Mr. Ademar Driedijk
Director and sole owner of
A.O.H. Driedijk Holding B.V.

Executed this 7th day of September, 2025.

_____
Mr. Jaimin Bhatt

7