**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

A.O.H. DRIEDIJK HOLDING B.V. and
JAIMIN BHATT, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiffs,

     v.

WILLIAM SARRIS, JOSEPH A. ENDOSO,
DAVID PAUL, BRIAN MORAN, KARIM NURANI,
MARGARET SLEMMER, VICTOR JIANG,
ALISON DAVIS, NORMAN REED,
ADAM T. HENDERSON, and RAINMAKER
SECURITIES, LLC,

                        Defendants.

Case No. 1:25-cv-5643
(LAK) (BCM)

-----------------------------------------------------------------------X

**DEFENDANT JOSEPH A. ENDOSO'S SUPPLEMENTAL BRIEF**
**IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS**
**<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

PIERSON FERDINAND LLP
1270 Avenue of the Americas, 7th Floor-1050
New York, New York 10020
*Counsel for Defendant Joseph A. Endoso*

## PRELIMINARY STATEMENT

Defendant Joseph A. Endoso ("Endoso") respectfully submits this supplemental memorandum in support of the Moving Defendants' Consolidated Motion to Dismiss the First Amended Class Action Complaint ("FAC").[1]  Notably, the FAC is bereft of individualized pleading and instead, engages in improper group pleading that lumps multiple individual defendants, including Endoso, together.  This supplemental brief will demonstrate that with respect to Endoso, the FAC simply identifies him by titles and one single immaterial disclosed brokerage affiliation, lumps him into allegations attributed to Defendants collectively, and posits that he attended  weekly "Risk Meetings," so must have scienter.   However, the FAC does not allege what Endoso said, decided, directed, or knew at any such alleged meeting and does not connect any meeting to any challenged statement, transaction, or loss.  Such allegations fail to meet the heightened pleading standard required under Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and, therefore, all claims in the FAC brought against Endoso must be dismissed with prejudice.

## RELEVANT BACKGROUND

As alleged in the FAC, Endoso held multiple senior level roles at Linqto between 2019 and 2025, including the roles of Chief Executive Officer ("CEO"), Chief Financial Officer ("CFO"), Chief Revenue Officer ("CRO"), Chief Operating Officer ("COO") and President, and departed Linqto in January 2025.  FAC ¶¶ 1, 21, 111-12, 175.  The FAC also alleges that Endoso was a registered agent and broker-dealer of Defendant Rainmaker Securities, LLC between 2020 and

---

[1] This supplemental brief incorporates the Memorandum of Law in Support of the Moving Defendants' Consolidated Motion to Dismiss, (ECF No. 131), as if fully set forth herein.  As explained in that memorandum, the FAC fails to state a claim on multiple independent grounds.

2022, and that he allegedly received a sales commission in this role.  FAC ¶¶ 21, 88, 131.  The

FAC further alleges that a former CRO convened a weekly "Risk Meeting" with senior executives,

including Endoso.  FAC ¶ 146.  Finally, the FAC alleges that Endoso, and four other former

executives, "were intimately involved in preparing, reviewing, approving, and/or disseminating

the contents of all public statements, communications, press releases, investor materials, financial

statements, SEC filings, and other disclosures issued by the Company, including the materially

false and misleading statements. . . ."  FAC ¶ 176.

## ARGUMENT

### I.    The FAC Engages in Improper Group Pleading That Fails to Attribute Any Particularized Misstatement or Deceptive Act to Endoso

As explained in the Moving Defendants' Consolidated Motion, Rule 9(b) and the PSLRA

require Plaintiffs to "specify each statement alleged to have been misleading" and to identify the

speaker.  15 U.S.C. § 78u-4(b)(1); *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).  Group

pleading—including attributing statements to officers collectively by title—is impermissible.  *See*

*In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166–67 (S.D.N.Y. 2012)

("Conclusory allegations of control are insufficient as a matter of law, " "officer or director status

alone does not constitute control" and the complaint must allege that the defendant "exercised

actual control over the matters at issue") (citation modified).

Here, the FAC mentions Endoso by name in only a handful of paragraphs, none of which

attributes any statement or deceptive act to him.  *See* FAC ¶¶ 1, 21, 31, 88, 111-12, 131, 146, 175-

76.  At most, in Count III, Plaintiffs allege that Endoso, along with four other former officers,

"were intimately involved in preparing, reviewing, approving, and/or disseminating the contents

of all public statements, communications, press releases, investor materials, financial statements,

SEC filings, and other disclosures issued by the Company, including the materially false and

misleading statements. . . ." FAC ¶ 176.  But these are precisely the type of conclusory allegations that are "insufficient as a matter of law." *Smith Barney*, 884 F. Supp. 2d at 166-67.  A person who merely "prepares or publishes a statement on behalf of another" is not the statement's "maker" for purposes of Exchange Act liability; only the person with "ultimate authority" and "control" over a statement, "including its content and whether and how to communicate it," may be held liable. *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43, 147-48 (2011) ("Without control, a person or entity can merely suggest what to say, not 'make' a statement in its own right.").  The FAC alleges no fact suggesting that Endoso signed any public documents or that he possessed the ultimate authority over any specific statement. Moreover, Plaintiffs fail to specify which if any, specific purportedly false or misleading statement is attributable to Endoso and whether he exercised any actual control over the matter.  Simply put, the allegation that Endoso held the senior level titles of CEO, CFO, CRO, COO and President at various times during his tenure at Linqto does not demonstrate he exercised actual control.  Indeed, throughout the entirety of the FAC, Endoso is otherwise lumped into the Plaintiffs' allegations concerning the "Individual Defendants."  *See, e.g.*, FAC ¶¶ 31, 32, 73, 103, 107, 110, 129, 169.  The Plaintiffs' failure to distinguish Endoso among a group of "Individual Defendants" in the collective dooms the FAC's allegations as to Endoso.

## II.    Alleged Attendance at Risk Meetings Does Not Plead a Strong Inference of Scienter[2]

The FAC's sole Endoso-specific scienter allegation involves an assertion that he attended weekly Risk Meetings convened by a former CRO.  FAC ¶ 146.  The PSLRA requires the

---

[2] As discussed in the Memorandum of Law in Support of the Moving Defendants' Consolidated Motion, (ECF No. 131 at n.17), to the extent Plaintiffs attempt to plead financial motive by alleging the receipt of a "sales commission," any purported "sales commission" was disclosed in the Form

complaint to "state with particularity facts giving rise to a strong inference" that Endoso acted with the requisite scienter.  15 U.S.C. § 78u-4(b)(2)(A); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  The inference must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Id.* at 324.

Even accepted as true, Endoso's alleged attendance at weekly Risk Meetings does not create a strong inference that he "knew of and/or recklessly disregarded material undisclosed information."  FAC ¶¶ 138, 146.  Again, the FAC does not allege what, if anything, Endoso said, decided, directed, or learned at any meeting; does not identify the date of any meeting he attended or any topic discussed in his presence; and does not connect any meeting to any challenged statement, any pricing decision, or any plaintiff transaction or purported loss.  Nor does the FAC allege that Endoso, specifically, rejected, overrode, or disregarded any recommendation made at these meetings; any such resistance the FAC describes is attributed only to unidentified "Individual Defendants" in the collective.  FAC ¶¶ 144-45.  Attendance at an alleged compliance-related meeting, without more, is not a particularized fact—it is a label.

D filings, and Plaintiffs fail to allege any "commission" to have been unusual in amount, contingent on any challenged statement, or enlarged by the alleged fraud.

4

**CONCLUSION**

Plaintiffs' allegations against Endoso are pled in the collective and are nothing more than conclusory. Therefore, the FAC fails to state any claim against him. Accordingly, the Court should dismiss all claims against Endoso with prejudice.

Dated: New York, New York
    July 30, 2026

Respectfully Submitted,

PIERSON FERDINAND LLP

By: */s/ Alicia N. Washington*
    Aurora Cassirer
    Alicia N. Washington
    1270 Avenue of the Americas
    7th Floor-1050
    New York, NY 10020
    aurora.cassirer@pierferd.com
    alicia.washington@pierferd.com

*Counsel for Defendant Joseph A. Endoso*

5

## **<u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)</u>**

I certify that this supplemental memorandum of law complies with Rule 7.1(c), this Court's Stipulation and Order Extending Page Limits for Briefing on Motions to Dismiss the First Amended Complaint, (ECF No. 119), and this Court's Individual Rules. The brief is five (5) pages, excluding the caption and certifications.

*/s/ Alicia N. Washington*
Alicia N. Washington

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Alicia N. Washington
Alicia N. Washington