**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC.<br><br>        Defendants. | Case No. 1:25-cv-5643 (LAK) (BCM) |

**DEFENDANT KARIM NURANI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

EHRLICH & CRAIG LLP
Alexander Setzepfandt
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060
Email: alex@ehrlich-craig.com

*Counsel for Defendant Karim Nurani*

Defendant Karim Nurani joins in Moving Defendants' Consolidated Motion to Dismiss and submits this supplemental memorandum to briefly explain why Plaintiffs' claims against him hold no water.  In sum, in over 200 paragraphs, the First Amended Complaint makes no plausible allegations that Mr. Nurani did anything wrong.

The FAC makes four allegations specific to Mr. Nurani:  *First*, it alleges that he served as Linqto's Chief Strategy Officer from 2020 to March 2025.  FAC ¶¶ 24, 175.  *Second*, it alleges that he served on Linqto's Board for three months, from March 2025 to May 2025.  *Id.  Third*, it alleges that he resides in California.  *Id.* ¶¶ 24, 202.  *Fourth*, in one conclusory sentence, it alleges that he and four other defendants "were intimately involved in preparing, reviewing, approving, and/or disseminating the contents of all public statements, communications, press releases, investor materials, financial statements, SEC filings, and other disclosures issued by the Company, including the materially false and misleading statements described herein."  *Id.* ¶ 176.

Such allegations do not support any legal claim against Mr. Nurani, much less the claims sounding in fraud at the heart of Plaintiffs' complaint.  As courts have recognized, a conclusory allegation that a defendant "participated" in preparing an allegedly false statement "does not pass muster under Rule 8," much less Rule 9(b).  *See Xu v. Gridsum Holding Inc.*, 624 F. Supp. 3d 352, 360 (S.D.N.Y. 2022).  For that reason, each of Plaintiff's counts must be dismissed.  But those counts fail for other reasons as well.

Counts I and II, brought under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, fail due to lack of scienter.  That is because "allegations of circumstantial evidence," such as that a defendant held "senior positions," are not "sufficient to plead scienter" under Rule 9(b) or the PSLRA.  *See Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 493 (S.D.N.Y. 2021) (dismissing 10b-5 claim).  Here, the allegations about Mr. Nurani's positions

1

and the one conclusory allegation that he was "involved in preparing" public statements, FAC ¶ 176, do not plausibly allege scienter, *see id.*; *see also Xu*, 624 F. Supp. 3d at 360 (similar allegations were not adequate to plead Rule 10b-5 claim).

Count III, brought under Section 20(a) of the Securities Exchange Act of 1934, should be dismissed because Plaintiffs have failed to plausibly plead that Mr. Nurani controlled Linqto. That is because "officer or director status alone does not constitute control" and "[c]onclusory allegations of control are insufficient as a matter of law." *In re Smith Barney Transfer Agent Litigation*, 884 F. Supp. 2d 152, 166–67 (S.D.N.Y. 2012) (dismissing Section 20(a) claim) (internal marks omitted). Likewise here, because Plaintiffs' allegations of control boil down to Mr. Nurani's status at Linqto, Count III should be dismissed. *See id.*

Count IV, brought under Section 12(a)(1) of the Securities Act of 1933 for the alleged sale of unregistered securities under Section 5 of that Act, should be dismissed for lack of privity. Plaintiffs do not allege they purchased securities from Mr. Nurani, were "directly contacted by" him, or "purchased securities as a result of any active solicitations by" him. *Holsworth v. BProtocol Found*, 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021) (rejecting Section 12 claim). There are no plausible allegations connecting Mr. Nurani to Plaintiffs at all, much less to their purchase of Linqto securities. Count IV should be dismissed. *See id.*

Count V should be dismissed because there is no private right of action under Section 7 of the Investment Company Act of 1940 ("ICA"). As the Second Circuit has recognized, where "[n]o provision of the ICA explicitly provides for a private right of action," the court "must presume that Congress did not intend one." *Olmsted v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 432 (2d Cir. 2002). That is the case here, as the text of Section 7 is silent on a private

right of action.  *See* 15 U.S.C. § 80a-7.  For that reason, Count V should be dismissed.  *See Olmsted*, 283 F.3d at 432.

Count VI, brought under the Texas Securities Act ("TSA"), fails for failure to plead any nexus to Texas.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 554 (S.D. Tex. 2011) (TSA did not apply where, as here, "the specific acts of misrepresentations and the injuries alleged took place" outside of Texas).[1]  Count VI should also be dismissed for substantially the same reasons as the federal law claims.  Plaintiffs' primary liability allegations premised on Texas Government Code §§ 4008.051 and 4008.052 fail for the same reason as the federal Section 12 claims: lack of privity.  *Holsworth*, 2021 WL 706549, at \*3 (Section 12 claim not viable due to lack of privity); *Davis v. MSR Holdings, LLC*, 2024 WL 3237623, at \*9 (Tex. App. June 28, 2024) (privity provision under TSA is consistent with federal law under Section 12), *review denied* (Jan. 3, 2025).  Plaintiffs' control person allegations under Section 4008.055(a) fail for the same reason as the Section 20(a) claim: lack of any plausible allegations of control.  *See In re Smith Barney Transfer Agent Litigation*, 884 F. Supp. 2d at 166–67 (dismissing Section 20(a) claim due to "[c]onclusory allegations of control"); *Davis*, 2024 WL 3237623, at \*16 ("[I]t is a well-established principle that status alone does not automatically cause defendants to be deemed control persons under the statute." (internal marks omitted)).

Count VII, brought under California Unfair Competition Law, should be dismissed because that law "does not apply to securities transactions."  *Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 790 (2004), *as modified on denial of reh'g* (Apr. 7, 2004).  It should also be dismissed because there is no plausible allegation that Mr. Nurani "personally participated in or

---

[1] The current iteration of the Texas Securities Act was codified in 2022, but "the codification was not intended to change substantive provisions of the Act." *Collingwood USA, Inc. v. Morgan Stanley & Co., LLC*, 2026 WL 978579, at \*4 (Tex. App. Apr. 10, 2026).  For that reason, case law pre-dating the codification is still applicable. *Id.*

3

exercised unbridled control over" any of the acts of Linqto alleged in the complaint. *Evolution Fast Food One, LP v. HVFG, LLC*, 720 F. Supp. 3d 251, 267 (S.D.N.Y. 2024) (dismissing California UCL claim) (cleaned up).  Lastly, Plaintiffs' request for restitution, FAC ¶¶ 214–15, should be dismissed because Plaintiffs have failed to allege any tracing of their "money or property to money or property within" Mr. Nurani's possession.  *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 953 (N.D. Cal. 2018) (dismissing claims for restitution based on UCL due to lack of tracing).

For the foregoing reasons, and for the reasons in Moving Defendants' Consolidated Memorandum of Law, each Count of Plaintiffs' Amended Complaint should be dismissed as to Defendant Karim Nurani.

Dated: July 30, 2026

**EHRLICH & CRAIG LLP**

*/s/ Alexander Setzepfandt*
Alexander Setzepfandt
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 548-3600
Fax: (510) 291-3060
alex@ehrlich-craig.com

*Counsel for Defendant Karim Nurani*

4

**CERTIFICATON PURSUANT TO LOCAL RULE 7.1(c)**

I certify that this memorandum of law complies with Local Rule 7.1(c), this Court's

Stipulation and Order Extending Page Limits for Briefing on Motions to Dismiss the First

Amended Complaint, ECF No. 119, and this Court's Individual Rules of Practice. The brief is 4

pages and 1142 words, not including the caption, signature blocks, and this certification.


Dated: July 30, 2026                                 **EHRLICH & CRAIG LLP**

                                                     */s/ Alexaander Setzepfandt*
                                                     Alexander Setzepfandt
                                                     803 Hearst Avenue
                                                     Berkeley, California 94710
                                                     Telephone: (510) 548-3600
                                                     Fax: (510) 291-3060
                                                     alex@ehrlich-craig.com

                                                     *Counsel for Defendant Karim Nurani*