**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC.<br><br>    Defendants. | Case No. 1:25-cv-5643 (LAK) (BCM) |

**DEFENDANT DAVID PAUL'S SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF MOVING DEFENDANTS' CONSOLIDATED MOTION TO**
**DISMISS THE FIRST AMENDED COMPLAINT**

LAW OFFICE OF WILLIAM H. KIMBALL
William H. Kimball
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 704-1400
Email: wkimball@wkimball.com

*Counsel for Defendant David Paul*

Defendant David Paul joins in Moving Defendants' Consolidated Motion to Dismiss the First Amended Complaint and submits this supplemental memorandum to emphasize the complete absence of a single actionable allegation related to him in the First Amended Complaint ("FAC").

The FAC makes only two substantive allegations that relate solely to Mr. Paul.  First, he served as Chief Financial & Administrative Officer of Linqto Liquidshares, LLC between May 2020 and May 2025.  FAC ¶¶ 22, 112, 175.  Second, he signed and submitted Liquidshares Form D filings with the SEC which "evidence the Series offerings."  *Id*. ¶¶ 22, 131.  The FAC makes one additional group allegation against Mr. Paul in a single, conclusory sentence that alleges that Mr. Paul and four other defendants "were intimately involved in preparing, reviewing, approving, and/or disseminating the contents of all public statements, communications, press releases, investor materials, financial statements, SEC filings, and other disclosures issued by the Company, including the materially false and misleading statements described herein."  *Id.* ¶ 176.  And that - is all.  These allegations represent the entirety of the factual allegations made specifically against Mr. Paul in the more than 60 pages that comprise the FAC.

Notably, the FAC fails to identify a single Form D alleged to have been signed by Mr. Paul and filed with the SEC that contains statements that are false or misleading or a single statement in a Form D that is alleged to be false or misleading.  Indeed, plaintiffs appear to reference the Forms D as source documents that contain accurate information.  *Id*. ¶ 62, 88, 99, 131.  Plaintiffs do allege that certain legal memoranda authored by counsel suggest that unspecified regulatory deficiencies could exist in connection with the Form D filings.  *Id*. ¶¶ 101, 102, 147.  However, the memoranda cited identify no false or misleading statements in any Form D.  More importantly, the FAC fails to allege that Mr. Paul himself ever received a copy of the

1

memoranda that raise these potential issues - or that he was ever made aware their contents. Instead, the FAC broadly alleges that the Individual Defendants, as a group, disregarded undefined "legal advice." *Id.* ¶ 103. Yet, the FAC fails to allege which defendants disregarded legal advice, what specific legal advice was disregarded, or how the legal advice was communicated.

The FAC's blanket allegation that Mr. Paul was "intimately involved in preparing, reviewing, approving, and/or disseminating the contents of all public statements" made by Linqto cannot survive the slightest scrutiny. *Id.* ¶ 176. As noted above, although plaintiffs do allege that Mr. Paul signed and submitted Forms D to the SEC on behalf of Linqto, they fail to identify any false or misleading statements made in any single filing. Moreover, the FAC contains not a single fact to support the allegation that Mr. Paul helped to prepare and disseminate literally "all public statements" made by Linqto. *Id.* Mr. Paul served as Chief Financial Officer, a role that does not reasonably suggest his involvement in disclosures not related to financial statements. Tellingly, the FAC does not allege that any of the Company's financial statements were themselves misstated.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The Court must accept the complaint's well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Police & Fire Retirement Sys. v. Argo Group Int'l Holdings, Ltd.*, No. 22-cv-8971 (LAK), 2024 WL 5089970, at *4 (S.D.N.Y. Dec. 12, 2024).

Further, a complaint alleging violations of the antifraud provisions of the federal securities laws must satisfy the heightened standard for pleading the circumstances of fraud with particularity under Rule 9(b) and the additional scienter pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See Argo*, 2024 WL 5089970, at *3.

Here, the FAC fundamentally fails to state a single, plausible claim with respect to Mr. Paul.  The FAC also fails to satisfy the heightened standard for pleading the circumstances of fraud with particularity under Rule 9(b) as well as the scienter pleading requirements of the PSLRA.

For the foregoing reasons, and for the reasons in Moving Defendants' Consolidated Memorandum of Law, each Count of Plaintiffs' Amended Complaint should be dismissed as to Defendant David Paul.

Dated: July 30, 2026

**LAW OFFICE OF WILLIAM H. KIMBALL**

*/s/ William H. Kimball*
William H. Kimball
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 704-1400
wkimball@wkimball.com

*Counsel for Defendant David Paul*

3

## CERTIFICATON PURSUANT TO LOCAL RULE 7.1(c)

I certify that this memorandum of law complies with Local Rule 7.1(c) and this Court's Stipulation and Order Extending Page Limits for Briefing on Motions to Dismiss the First Amended Complaint, ECF No. 119.  The brief is two pages and 128 words, not including the caption, signature blocks, and this certification.


Dated: July 30, 2026

**LAW OFFICE OF WILLIAM H. KIMBALL**

*/s/ William H. Kimball*
William H. Kimball
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 704-1400
wkimball@wkimball.com

*Counsel for Defendant David Paul*

4