**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC.<br><br>Defendants. | Case No. 1:25-cv-5643 (LAK)<br><br>CLASS ACTION<br>JURY TRIAL DEMAND |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN MATERIALS SUBMITTED BY MOVING DEFENDANTS IN SUPPORT OF THEIR CONSOLIDATED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## INTRODUCTION

Lead Plaintiffs A.O.H. Driedijk Holding B.V. and Jaimin Bhatt ("Plaintiffs"), by and through their counsel, submit this Memorandum of Law in support of their Motion to Strike certain improper exhibits attached to Moving Defendants' Consolidated Motion to Dismiss and its accompanying memoranda of law (ECF No. 131) ("Defendants' Motion" or "Mot.").

Specifically, Plaintiffs move to strike the following Exhibits: B, C, F, and H[1] to the Declaration of Timothy J. Treanor ("Treanor Decl.") dated July 30, 2026 (ECF No. 130) (collectively the "Disputed Exhibits") as well as all arguments related to the Disputed Exhibits. The documents are various operating and subscription agreements and "Form D" filings. None of them are within the four corners of the First Amended Complaint ("Complaint") and Moving Defendants[2] offer them for the truth and in support of Defendants' Motion. Motions to dismiss "are not occasions for arguing cases on contested facts, occasions which arise later in the course of the lawsuits." *Sec. & Exch. Comm'n v. Medallion Fin. Corp*., 2022 WL 3043224, at *1 (S.D.N.Y. Aug. 2, 2022) (Kaplan, J.). "Factual disputes are not properly resolved on a motion to dismiss[.]" *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd*., 2024 WL 4635483, at *6 (S.D.N.Y. Oct. 31, 2024). Since "[t]his is not the time to decide the merits," the Court should grant Plaintiffs' Motion to Strike. *Jones v. Pfizer, Inc.*, 2011 WL 13257527, at *1 (S.D.N.Y. Apr. 5, 2011) (granting motion to strike exhibits attached to defendants' motion to dismiss).

## BRIEF BACKGROUND

Plaintiffs filed the Complaint on November 17, 2025. ECF No. 46. On July 30, 2026, Defendants moved to dismiss and a filed a litany of memoranda. Defendants' Motion, filed by a

[1] Plaintiffs do not dispute Exhibits A, D, E, or G.

[2] "Moving Defendants" are William Sarris, Joseph Endoso, David Paul, Brian Morian, Karim Nurani, and Rainmaker Securities, LLC ("Rainmaker") and when discussed together, referred to herein as "Defendants."

consortium of Defendants, referenced the Treaner Decl. which then attached a mountain of irrelevant documents, including the Disputed Exhibits. Moving Defendants rely heavily on the Disputed Exhibits throughout their Memorandum. Plaintiffs concurrently file their opposition to Defendants' Motion as well as oppositions to specific arguments made by members of the Linqto Board of Directors and to Defendant Rainmaker. All arguments made in those filings are expressly incorporated herein.

## **LEGAL STANDARD**

"In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations and draws all inferences in the plaintiff's favor." *Baxter v. MongoDB, Inc.*, 832 F. Supp. 3d 214, 243 (S.D.N.Y. 2026), *opinion clarified*, 2026 WL 1346868 (S.D.N.Y. May 14, 2026), and *reconsideration denied*, 2026 WL 1693749 (S.D.N.Y. June 10, 2026). Typically, on a motion to dismiss, "a court is limited to the complaint and the facts alleged in it." *In re CitiGroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 582 (S.D.N.Y. 2010); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.2007). "If, on such a motion, 'matters outside the pleading are presented to and not excluded by the court' the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b)[.]" *Roth*, 489 F.3d at 509. "The Second Circuit has cautioned against transforming a Rule 12(b)(6) inquiry into a 'summary judgment proceeding … featuring a bespoke factual record.'" *In re Turquoise Hill Res. Ltd.*, 2024 WL 4711185, at *10 (S.D.N.Y. Nov. 7, 2024) (factual disputes best considered at "summary judgment"); *see also Roth*, 489 F.3d at 509 ("[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.").

"In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)." *Id.* Those narrow and certain circumstances arise in situations where "[d]ocuments that are attached to the complaint or incorporated in it by

reference are deemed part of the pleading and may be considered." *Id.* "Incorporation by reference requires 'a clear, definite and substantial reference to the documents.'" *Turquoise Hill*, 2024 WL 4711185, at *7 (citing *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)). "[E]ven if not attached or incorporated by reference, a document "upon which [the complaint] *solely* relies and which is *integral to the complaint*" may be considered[.] *Roth*, 489 F.3d at 509 (emphasis in original); *see also Turquoise Hill*, 2024 WL 4711185, at *7 (a document is "integral" if the complaint "relies heavily upon its terms and effect"). To the extent documents extraneous to the complaint may be considered, they may not be considered for the truth of the matter asserted. *Saskatchewan Healthcare Employee's Pension Plan v. KE Holdings Inc.*, 718 F. Supp. 3d 344, 376 (S.D.N.Y. 2024) (court cannot consider documents "to prove the truth of their contents.").

Moving Defendants fail to meet the standard for attachment and incorporation for the majority of their attached exhibits, and thus Plaintiffs ask the Court to grant this Motion.

## ARGUMENT

### I. THE DISPUTED EXHIBITS SHOULD BE EXCLUDED AS THEY ARE NOT ATTACHED, CITED, OR INTEGRAL TO THE COMPLAINT

Plaintiffs dispute four exhibits submitted with Defendants' motion to dismiss. Three of the Disputed Exhibits are not referenced in the Complaint at all, and the other one is only referenced in passing. None of them meet the standard articulated above.

#### A. Linqto Agreements (Exhibits B, C, and H)

Three of the Disputed Exhibits contain Linqto Liquidshares, LLC ("Liquidshares") agreements. Specifically:

(1) Exhibit B (ECF No. 130-2) is the Amended and Restated Limited Liability Company Operating Agreement of Linqto Liquidshares, LLC, effective January 21, 2020, including its schedules and attachments;

(2) Exhibit C (ECF No. 130-3) is Amendment No. 1, effective August 7, 2024, to the Second Amended and Restated Limited Liability Company Operating Agreement of Linqto Liquidshares, LLC, effective January 1, 2022; and

(3) Exhibit H (ECF No. 130-8) are two Linqto Liquidshares subscription agreement samples, dated October 19, 2021, and January 2, 2025, respectively.

None of these documents should be considered. To begin with, none of them are attached to the Complaint. Exhibits C and H are not even mentioned, cited, or referenced anywhere in the Complaint. They thus do not even approach the standard for consideration. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (finding the district court erred in considering a document that was "not attached to the complaint, was not incorporated by reference in the complaint, [] was not integral to the complaint" or "relied upon in any way[.]")

While Exhibit B is mentioned once in the Complaint (¶88),[3] it is done so in passing. In that paragraph, Plaintiffs merely reference that Liquidshares imposed a "management fee" of one-half of one percent (0.5%) per annum. *Id.* But this passing reference in no way renders the document incorporated by reference nor integral to the Complaint. *See In re Chembio Diagnostics, Inc. Sec. Litig.*, 586 F. Supp. 3d 199, 215–16 (E.D.N.Y. 2022) (citing *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) ("[L]imited quotation does not constitute incorporation by reference."). Exhibit B should thus be excluded on these grounds alone.

Further, Defendants only seek to attach these documents to bolster factual arguments made in Defendants' Memorandum. *See, e.g.* Mot. at 7 ("Every purchase the FAC describes was made under a standard set of transaction documents that are before the Court as exhibits[.]"); Mot. at 16 ("The investment documents that every investor received and signed…refute the [ownership]

[3] "¶__" are references to the First Amended Complaint (ECF No. 46).

allegation on its face because they disclosed exactly those facts."). Defendants propound Exhibits B, C, and H to rebut the Complaint's allegations that Defendants made actionable misstatements and omissions concerning Linqto's pricing practices and ownership structure. *Id.* But all these exhibits do is raise factual questions as to what documents were available to investors prior to or at the time of investment. Indeed, the Complaint does not allege that investors received these documents prior to or concurrent with investment (*see* ¶¶55–56, 82–83). This is patently an impermissible factual argument. *Faulkner v. Beer*, 463 F.3d 130, 134–35 (2d Cir. 2006) (district court erred in dismissing 10(b) claims by relying on documents that "none of the plaintiffs appears to have claimed to have received" prior to investment). Therefore, Plaintiffs ask this Court to strike Exhibits B, C, and H as they are not integral to the Complaint and Moving Defendants attempt to use them to raise factual issues not properly before the Court.

### B. Linqto's Form D Filings (Exhibit F)

Exhibit F is a handful of cherry-picked Form D Series filings that were filed with the U.S. Securities and Exchange Commission ("SEC") by or on behalf of Linqto Liquidshares, LLC. Defendants introduce Exhibit F to argue that the Complaint's allegations that Defendants made actionable misstatements and omissions concerning Linqto's ownership structure and pricing are contradicted by "the public record[.]" Mot. at 17, 19. But the Complaint neither attaches nor includes, cites, or even makes passing reference to the specific Form D filings that comprise Exhibit F.[4] Once again, this means Moving Defendants have not met the standard for incorporation or attachment. *Buhrke Fam. Revocable Tr. v. U.S. Bancorp*, 726 F. Supp. 3d 315, 358 (S.D.N.Y.

[4] Plaintiffs make a handful of general passing references to Liquidshares' Form D filings in general, primarily that Form D filings bore one Defendant's signature (¶22) and included information on fees and commissions. ¶62. This neither renders Defendants' culled selection of Form D filings incorporated by reference nor integral to the Complaint. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("Merely mentioning a document in the complaint" or "offering limited quotations from the document is not enough.") (citation modified).

2024) (declining to consider SEC filings for the same reason). And, as with the above discussed Disputed Exhibits, whether these Form D filings provided sufficient notice to investors of the specifics of the "share price" is a factual dispute that awaits a discovery record.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Strike the Disputed Exhibits, as well as related arguments.

Dated: October 1, 2026

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: /s/ Amanda F. Lawrence
Amanda F. Lawrence
156 South Main Street
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
alawrence@scott-scott.com

Lana V. Levin
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Hemsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334
llevin@scott-scott.com

**DILWORTH PAXSON LLP**
Catherine Pratsinakis (admitted *pro hac vice*)
Mariah Heinzerling (admitted *pro hac vice*)
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Telephone: (215)-575-7000
cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

*Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st of October, 2026, I caused the foregoing Memorandum to be electronically served on all counsel of record via the CM/ECF electronic filing system.

/s/ Amanda F. Lawrence
Amanda F. Lawrence