**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC,<br><br>Defendants. | Case No. 1:25-cv-5643 (LAK) |

**PLAINTIFFS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Amanda F. Lawrence
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
alawrence@scott-scott.com

Lana V. Levin
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Hemsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334
llevin@scott-scott.com

Catherine Pratsinakis (admitted *pro hac vice*)
Mariah Heinzerling (admitted *pro hac vice*)
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA 19139
Telephone: (215) 575-7013
cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

*Counsel for Lead Plaintiffs*

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Indictment, Press Release, and Stein Declaration are Proper Subjects of Judicial Notice ..... 2

B. The Court Should Notice These Records for Their Existence and Contents, not for the Truth of The Matters Asserted ..... 4

C. The Records Are Relevant to the Pending Motion to Dismiss ..... 4

III. CONCLUSION ..... 5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*CITGO Petroleum Corp. v. Ascot Underwriting Ltd.*,
158 F.4th 368 (2d Cir. 2025) ....................2

*Giraldo v. Kessler*,
694 F.3d 161 (2d Cir. 2012)....................4

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
146 F.3d 66 (2d Cir. 1998)....................2

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)....................3, 4

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
969 F.2d 1384 (2d Cir. 1992)....................3, 4

*In re Linqto Texas, LLC*,
No. 25-90186 (Bankr. S.D. Tex.)....................3

*In re Longfin Corp. Sec. Class Action Litig.*,
2019 WL 1569792 (S.D.N.Y. Apr. 11, 2019)....................4

*Sandoval v. Uphold HQ Inc.*,
2025 WL 1268291 (S.D.N.Y. May 1, 2025), *appeal dismissed* (Aug. 28, 2025) ....................3

*Silverman v. Citibank, N.A.*,
2023 WL 7305243 (S.D.N.Y. Nov. 6, 2023) ....................3

*Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*,
545 F. Supp. 3d 120 (S.D.N.Y. 2021)....................3

*United States v. Sarris*,
No. 1:26-cr-00399 (VM) (S.D.N.Y.) ....................3

*Vill. Green At Sayville, LLC v. Town of Islip*,
43 F.4th 287 (2d Cir. 2022) ....................2

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
127 F. Supp. 3d 156 (S.D.N.Y. 2015)....................2

**Rules**

Federal Rules of Evidence Rule 201....................1, 2

Federal Rule of Evidence 201(b) ....................................................................................2

Rule 12(b)(6)........................................................................................................................2

## I. INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, and in connection with Lead Plaintiffs A.O.H. Driedijk Holding B.V. and Jaimin Bhatt's ("Plaintiffs") Opposition to Defendants William Sarris, Joseph A. Endoso, David Paul, Brian Moran, Karim Nurani, Margaret Slemmer, Norman Reed, Adam T. Henderson, and Rainmaker Securities, LLC's ("Defendants") Consolidated and Supplemental Motions to Dismiss Plaintiffs' First Amended Complaint ("Motions to Dismiss") (Dkt Nos. 127-129, 131, 132-137), Plaintiffs respectfully request that the Court take judicial notice of the following documents attached to the Declaration of Catherine Pratsinakis in Support of Plaintiffs' Request for Judicial Notice in Support of Opposition to Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint ("Pratsinakis Decl."), filed herewith:

**Exhibit A.** A true and correct copy of the press release of the United States Attorney's Office for the Southern District of New York, dated September 2, 2026 titled "William Sarris Charged and Joseph Endoso Pleads Guilty in Scheme to Defraud Linqto Customers Through Lies About Pricing of Securities" (the "Press Release").

**Exhibit B.** A true and correct copy of the criminal indictment of Defendant William Sarris in Case No. 1:26-cr-00399-VM (S.D.N.Y.), Dkt No. 5, charging him with securities fraud and related offenses arising from his operation of the Linqto investment platform (the "Indictment").

**Exhibit C.** A true and correct copy of the *Declaration of Jeffrey S. Stein in Support of Motion of Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Section*

*1142(b) Directing Forge Global Holdings, Inc. to Perform Its Duties as Liquidating Trustee Under the Confirmed Plan*, filed as Dkt No. 2063 in *In re Linqto Texas, LLC*, No. 25-90186 (Bankr. S.D. Tex.) (the "Stein Declaration").

For the reasons that follow, the Court should grant Plaintiffs' Request for Judicial Notice as the documents in question are public records not reasonably subject to dispute under Federal Rule of Evidence 201(b) and pertain directly to the claims in this action.

## II. ARGUMENT

### A. The Indictment, Press Release, and Stein Declaration are Proper Subjects of Judicial Notice

A district court may consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss if those matters are properly subject to judicial notice. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Id.* (quoting Fed. R. Ev. 201(b)). A fact is not subject to reasonable dispute if it is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

"[A]s a general matter, judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper." *CITGO Petroleum Corp. v. Ascot Underwriting Ltd.*, 158 F.4th 368, 388 (2d Cir. 2025) (cleaned up). The Press Release, as a publication on a government website, falls well within the category of documents courts in this Circuit regularly take judicial notice of. *See Vill. Green At Sayville, LLC v. Town of Islip*, 43 F.4th 287, 299 n.7 (2d Cir. 2022); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp.

3d 156, 166 (S.D.N.Y. 2015) (A court may take "routine[ ]" judicial notice of "documents retrieved from official government websites.").

A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). Courts in this District routinely take judicial notice of criminal indictments and of filings in related bankruptcy proceedings when deciding a motion to dismiss. In *Sandoval v. Uphold HQ Inc.*, the court took judicial notice of "filings in the Cred bankruptcy" and of "criminal indictments against two former Cred employees" attached to a motion to dismiss "as a matter of public record." *Sandoval v. Uphold HQ Inc.*, 2025 WL 1268291, at *5 (S.D.N.Y. May 1, 2025), *appeal dismissed* (Aug. 28, 2025). Similarly, in *Silverman v. Citibank, N.A.*, the court took judicial notice of documents that were publicly filed during bankruptcy proceedings and the criminal proceeding of the bankrupt entity's founder. 2023 WL 7305243, at *6 (S.D.N.Y. Nov. 6, 2023). Courts in this District grant these requests when it is the party opposing dismissal requesting that the court take judicial notice of a filing in a criminal proceeding. *See Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 545 F. Supp. 3d 120, 150–51 (S.D.N.Y. 2021).

The Indictment and the Stein Declaration fall within the type of requests courts typically grant. Exhibit B is the Indictment filed on the docket in *United States v. Sarris*, No. 1:26-cr-00399 (VM) (S.D.N.Y.), the pending criminal prosecution of a named Defendant in this action. Exhibit C was filed in connection with the Linqto bankruptcy and executed under penalty of perjury by the Debtors' Chief Restructuring Officer.

All three documents are matters of public record whose existence and contents can be accurately and readily determined, and none is subject to reasonable dispute.

### B. The Court Should Notice These Records for Their Existence and Contents, not for the Truth of The Matters Asserted

Plaintiffs do not ask the Court to accept the truth of any allegation in the documents to be judicially noticed. A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774; *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). Plaintiffs' request is expressly cabined to that permissible use to establish: (1) the fact that the Press Release was issued and states that the Indictment was unsealed and that Defendant Endoso pled guilty; (2) the fact that the Indictment was returned and charges the conduct it describes; (3) and the fact that the Stein Declaration was filed and contains the statements it recites.

### C. The Records Are Relevant to the Pending Motion to Dismiss

These records bear directly on issues raised by the Motions to Dismiss and Plaintiffs' Opposition. *In re Longfin Corp. Sec. Class Action Litig.*, 2019 WL 1569792, at *4 (S.D.N.Y. Apr. 11, 2019) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("A court may also take judicial notice of 'relevant matters of public record.'").

The Press Release is relevant because it establishes that the Indictment has been unsealed and is a public record properly before the Court. Additionally, it reflects that Defendant Joseph Endoso pled guilty to securities fraud, broker-dealer fraud, and conspiracy charges in connection with the Linqto scheme and is cooperating with the Government, which is relevant to Defendants' contention that Plaintiffs fail to allege the Individual Defendants' personal participation in the alleged securities fraud.

The Indictment is a public record of the pending federal criminal prosecution of Defendant Sarris arising from the same Linqto conduct at the center of the First Amended Complaint. Defendants contend that Plaintiffs fail to allege the Individual Defendants' personal participation in the challenged conduct; the fact and contents of the Indictment against Sarris are relevant to that dispute, which Plaintiffs address in their opposition.

The Stein Declaration is a public record of the Linqto bankruptcy that the First Amended Complaint expressly relies upon as a source of its allegations. Its existence bears on the Texas nexus Defendants challenge under the Texas Securities Act because it was filed in the Bankruptcy Court for the Southern District of Texas, and the contents suggest that compliance and regulatory concerns caused the trustee of the liquidating trust in the Linqto bankruptcy to withdraw. Plaintiffs do not ask the Court to take judicial notice of the truth of this statement, but only of the fact that it is cited as a reason in the Stein Declaration for that withdrawal.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits A, B, and C for their existence and contents and not for the truth of the matters asserted therein, in connection with the Court's consideration of the Motions to Dismiss.

Date: October 2, 2026

Respectfully submitted,

**DILWORTH PAXSON LLP**
*/s/ Mariah Heinzerling*
Catherine Pratsinakis (admitted *pro hac vice*)
Mariah Heinzerling (admitted *pro hac vice*)
1650 Market Street, Suite 1200
Philadelphia, PA 19139
Telephone: (215) 575-7013
cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

Amanda F. Lawrence
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
alawrence@scott-scott.com

Lana V. Levin
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Hemsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334
llevin@scott-scott.com

*Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd of October, 2026, I caused the foregoing Motion to be electronically served on all counsel of record via the CM/ECF electronic filing system.

*/s/ Mariah Heinzerling*
Mariah Heinzerling (admitted *pro hac vice*)