**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

**A.O.H. DRIEDIJK HOLDING B.V. and JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**– against –**

**WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, and RAINMAKER SECURITIES, LLC,**

**Defendants.**

-------------------------------------------------------------------

**Case No. 1:25-cv-5643 (LAK) (BCM)**

**RAINMAKER SECURITIES, LLC'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**[1]

David Slovick (DS1103)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
dslovick@ksrlaw.com
(773) 680-5711

*Counsel for Rainmaker Securities, LLC*

[1] Rainmaker joins in Defendants' Consolidated Reply In Support of Defendants' Motion to Dismiss and adopts and incorporates the arguments in support of its motion to dismiss.

Plaintiffs cannot cure the central defect in their case against Rainmaker: the alleged fraud is attributed to Linqto and Joseph Endoso—not Rainmaker. The Opposition confirms that Rainmaker's compensation was not disclosed in the "share price" investors saw on Linqto's platform. (ECF 144, Opp. at 6.) And the First Amended Complaint ("FAC") admits that "Rainmaker's relationship with Linqto and the Individual Defendants is unclear." (FAC ¶131.) These allegations do not establish a deceptive act by Rainmaker, reliance on its conduct, or a strong inference of its scienter. Counts I and VII should be dismissed.

## ARGUMENT

### I. Count I Does Not Plead a Deceptive Act by Rainmaker.

Count I invokes Rule 10b-5(a) and (c), not subsection (b)'s misstatement provision. (ECF 46, FAC, p. 49.) Misstatements and omissions alone do not establish scheme liability; Plaintiffs must plead additional deceptive conduct. *SEC v. Rio Tinto plc*, 41 F.4th 47, 53–55 (2d Cir. 2022). They identify none by Rainmaker. The alleged undisclosed markups, ownership misrepresentations, and admission of non-accredited investors concern Linqto's platform and underlie Count II, which is not asserted against Rainmaker. Providing supervisory services to a few Linqto employees for a fee does not transform those allegations into a scheme claim against Rainmaker. That is the repackaging *Rio Tinto* prohibits. *Id.*

Plaintiffs' authorities do not fill that gap. Rainmaker does not dispute this Court's holding in *In re Parmalat Securities Litigation*. The question here, however, is not whether a scheme may include misstatements, but whether Rainmaker itself performed an inherently deceptive act. Plaintiffs plead none.

Likewise, *In re Zeta Global* allowed a scheme claim against an insider, not an outsider, and required conduct beyond misstatements and omissions. *In re Zeta Glob. Holdings Corp. Sec.*

*Litig.*, 838 F. Supp. 3d 413, 435 (S.D.N.Y. 2026). *In re Dentsply* rejected a scienter theory for lack of "connective tissue" and limited imputation to management-level employees. *In re Dentsply Sirona, Inc. Securities Litigation*, 816 F. Supp. 3d 449, 483 (S.D.N.Y. 2016). And *Lorenzo* involved a defendant who disseminated false statements directly to investors with fraudulent intent. *Lorenzo v. SEC*, 587 U.S. 71, 73 (2019).

Rainmaker disseminated nothing and communicated nothing to investors. Its alleged "function and compensation" describe a role, not a deceptive act. (ECF 144, Opp. at 4.) Calling the group-pleading defect an "affiliation" dispute does not cure it: the FAC alleges status and a fee but ties no specific Rainmaker conduct to a fraudulent misrepresentation or omission. Extending scheme liability on that basis would erase the distinction between primary and secondary liability.

## II. Plaintiffs Do Not Plead Reliance on Rainmaker's Conduct.

Count I also fails for lack of reliance, an essential element of a private Section 10(b) claim. *Pacific Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 155–56 (2d Cir. 2010). When a secondary actor's conduct is not communicated to investors, an indirect causal chain through another party is too remote. *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159. Communicating the result of that conduct does not establish reliance on the secondary actor's own conduct. *Pacific Inv. Mgmt. Co. LLC*, at 159.

That is the defect here. Investors allegedly relied on Linqto's displayed share price, while Rainmaker's compensation remained undisclosed. (ECF 144, Opp. at 6.) Those allegations do not establish reliance on Rainmaker's conduct. Its status as a broker-dealer rather than a vendor does not distinguish *Stoneridge*, which turned on the absence of communication to investors—not the defendant's industry. 552 U.S. at 159.

**III. The FAC Does Not Plead a Strong Inference of Rainmaker's Scienter.**

Plaintiffs must plead a scienter inference that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 111 (2d Cir. 2009). Rainmaker's 2.5% supervisory fee does not supply that inference. An ordinary incentive to earn fees or increase profits is insufficient. *Id.* at 198–201. Indeed, *South Cherry* held that an advisor's receipt of a fee upon a client's investment was "hardly a cogent or compelling" basis to infer fraudulent intent. 573 F.3d at 113. *See also JP Morgan Auction Rate Securities Litigation*, 867 F. Supp. 2d 407, 420 (S.D.N.Y. 2012).

*I.B. Trading* is different: defendants allegedly received investment-linked commissions ***and*** knowingly made false representations to investors. *I.B. Trading, Inc. v. Tripoint Global Equities, LLC*, 280 F. Supp. 3d 524, 538 (S.D.N.Y. 2017) (emphasis added). Rainmaker made no investor representations, and the separate 1.35% sales commission allegedly went to Endoso. (ECF 46, FAC ¶62.)

Nor does the FAC plead Rainmaker's conscious misconduct or recklessness. Its scienter allegations concern the Individual Defendants; Rainmaker's relationship with them is admittedly "unclear"; and Sarris, not Rainmaker, allegedly received the legal memoranda Plaintiffs invoke. (ECF 46, FAC ¶¶95, 104, 131.) The inference that Rainmaker provided supervisory services without knowledge of fraud is at least as compelling as Plaintiffs' competing inference.

Endoso's scienter cannot bridge that gap. Corporate scienter requires a basis to impute an individual's intent to the corporation, *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008), with "connective tissue" linking that individual to the challenged corporate conduct. *Jackson v. Abernathy*, 960 F.3d 94, 98–99 (2d

Cir. 2020). The FAC alleges misconduct in Endoso's Linqto roles, not a deceptive act for Rainmaker. (ECF 46, FAC ¶¶146, 175.) Affiliation alone is not enough.

**IV. Count VII Fails as to Rainmaker.**

Plaintiffs do not dispute that their UCL unlawful-prong claim derives from Count I. (ECF 144, Opp. at 7.) It therefore fails with Count I. *Obesity Research Institute, LLC v. Fiber Research International, LLC*, 165 F. Supp. 3d 937, 952–53 (S.D. Cal. 2016). The remaining UCL theories rest on the same alleged fraudulent conduct and must satisfy Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125, 1127 (9th Cir. 2009). The FAC pleads no fraudulent conduct by Rainmaker with particularity.

The FAC also fails to allege Rainmaker's participation in or unbridled control over the challenged practices. *PetConnect Rescue, Inv. v. Salinas*, 656 F. Supp. 3d 1131, 1174 (S.D. Cal. 2023). It alleges services to Linqto—not that Rainmaker set markups, determined investor eligibility, controlled the platform, or otherwise participated in the challenged conduct. Discovery into unspecified "responsibilities" cannot substitute for allegations of actionable conduct. (ECF 144, Opp. at 8.)

**CONCLUSION**

Rainmaker respectfully requests that the Court dismiss Counts I and VII of the First Amended Complaint as to Rainmaker Securities, LLC, with prejudice. Leave to replead is futile.

Respectfully submitted,

RAINMAKER SECURITIES, LLC

/s/ David Slovick

David Slovick (DS1103)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000 (773)-680-5711
Chicago, Illinois 60602 - dslovick@ksrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

Dated: November 5, 2026 *_/s/ David Slovick_*