**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

A.O.H. DRIEDIJK HOLDING B.V. and JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, and RAINMAKER SECURITIES, LLC,

Defendants.

------------------------------------------------------------------X

Case No. 1:25-cv-5643 (LAK) (BCM)

# DEFENDANT JOSEPH A. ENDOSO'S SUPPLEMENTAL REPLY BRIEF IN FURTHER SUPPORT OF THE MOVING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

PIERSON FERDINAND LLP
1270 Avenue of the Americas, 7th Floor-1050
New York, New York 10020
*Counsel for Defendant Joseph A. Endoso*

## PRELIMINARY STATEMENT

Defendant Joseph A. Endoso ("Endoso") respectfully submits this supplemental reply memorandum in further support of the Moving Defendants' Consolidated Motion to Dismiss (ECF No. 126) and his Supplemental Brief (ECF No. 133), and joins in part the Reply Memorandum of Law in Further Support of the Moving Defendants' Consolidated Motion to Dismiss the First Amended Complaint ("FAC") and in Opposition to Plaintiffs' Motions to Strike and for Judicial Notice (the "Reply") (ECF No. 151).[1] Endoso joins the Reply only as to Points I, II (other than the discussion of Exhibit C to the Treanor Declaration), III.A-III.C, IV.A, VI, and VII. Endoso's joinder is limited to the legal sufficiency of the FAC's allegations under Rules 8, 9(b), and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Nothing in the Reply or in this brief is offered as, or should be construed as, a factual representation or denial by Endoso.

## ARGUMENT

### I. Plaintiffs Do Not Answer Endoso's Pleading Arguments From the FAC Itself

Endoso's Supplemental Brief showed that the FAC identifies him only by title, lumps him into allegations against "Defendants" collectively, and does not allege what he said, decided, or learned at any "Risk Meeting." (ECF No. 133 at 2–4.) In opposing the consolidated motion, Plaintiffs' only Endoso-specific response is an entry in a chart that lists his titles and allegations drawn from FAC ¶¶ 21, 62, and 146, and then adds his recent guilty plea.[2] (Opp. 28.) That plea is not alleged in the FAC, which predates it, and a party "is not entitled to amend its complaint through statements made in motion papers." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citing *IIT v. Cornfeld*, 619 F.2d 909, 914 & n.6 (2d Cir. 1980)). Endoso does not ask

[1] This supplemental reply memorandum incorporates the Reply to the extent stated herein. Citations to "Opp." refer to Plaintiffs' opposition brief (ECF No. 142).

[2] Plaintiffs inaccurately assert that Endoso was "criminally indicted" (Opp. 51), which is contradicted by the very Press Release of which they ask the Court to take judicial notice. (ECF No. 147, Ex. A.) (reporting a plea by information).

the Court to make any finding about the plea; he asks only that the FAC be judged on what it pleads. (Reply Point II.C.)

## II. Plaintiffs' Reference to a Criminal Plea Does Not Cure the Defects in Their Private Claims

Even if the Court were to consider the plea, it would not cure the FAC's independent, dispositive defects. Private plaintiffs, unlike the government, must plead reliance, economic loss, and loss causation, elements that the government need not establish. *See United States v. Vilar*, 729 F.3d 62, 75, 88–89 (2d Cir. 2013). The FAC does not allege that either named plaintiff saw or relied on any challenged statement, and it pleads no economic loss caused by the alleged fraud. (Reply Points I, VI.) Those failures require dismissal of Counts I through III as to every defendant, Endoso included. The Securities Act, Texas, and California claims fail on the named Plaintiffs' own purchases for the reasons set forth in Reply Point VII.

## CONCLUSION

For the foregoing reasons, those stated in the Moving Defendants' briefs to the extent joined above, and those stated in his Supplemental Brief (ECF No. 133), Endoso respectfully requests that the Court dismiss the FAC as against him.

Dated: New York, New York
November 5, 2026

Respectfully Submitted,

**PIERSON FERDINAND LLP**

By: *<u>/s/ Alicia N. Washington</u>*
Aurora Cassirer
Alicia N. Washington
1270 Avenue of the Americas
7th Floor-1050
New York, NY 10020
aurora.cassirer@pierferd.com
alicia.washington@pierferd.com
*Counsel for Defendant Joseph A. Endoso*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)

I certify that this supplemental reply memorandum of law complies with Local Rule 7.1(c), this Court's Stipulation and Order Extending Page Limits for Briefing on Motions to Dismiss the First Amended Complaint (ECF No. 119), this Court's so-ordered stipulation of October 13, 2026 (ECF No. 149), and this Court's Individual Rules. The brief is 2 pages in length, excluding the caption and certifications.

/s/ Alicia N. Washington
Alicia N. Washington