**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

A.O.H. DRIEDIJK HOLDING B.V. and JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, and RAINMAKER SECURITIES, LLC,

Defendants.

No. 1:25-cv-5643 (LAK) (BCM)

# DEFENDANT BRIAN MORAN'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW

**CHIESA SHAHINIAN & GIANTOMASI PC**
Lee Vartan, Esq.
11 Times Square, 34th Floor
New York, New York 10036
Telephone: (212) 973-0572
lvartan@csglaw.com

*Attorneys for Defendant Brian Moran*

Defendant Brian Moran joins the Moving Defendants' Motion to Dismiss the First Amended Complaint, and submits this supplemental reply memorandum to further address Mr. Moran specifically. Plaintiffs' Opposition does not change the fact that the FAC pleads virtually no particularized conduct by Brian Moran. Indeed, Plaintiffs' own chart purporting to summarize their individualized allegations identifies only that (1) Mr. Moran served as Linqto's Chief Compliance Officer, (2) attended Risk Meetings, and (3) recommended removing certain unspecified language from marketing materials. Opp. at 28; FAC ¶¶ 23, 142, 146. None of these connects Mr. Moran to the "scheme" or deception as described in the FAC.

Plaintiffs principally respond by defending their collective and undifferentiated allegations against "Defendants" as a group. First, Plaintiffs appeal to Mr. Moran's title as CCO, claiming it is "exceedingly unlikely" that Linqto executives "were not aware of the fraud given their positions[.]" Opp. at 29. But Plaintiffs cannot base the scienter necessary to support their theories against Mr. Moran on Mr. Moran's title. *See In re Inv. Tech. Grp., Inc. Sec. Litig.*, 251 F. Supp. 3d 596, 623 (S.D.N.Y. 2017) (rejecting "recklessness" scienter allegations against a CFO and General Counsel "by virtue of their positions"). "Scienter . . . cannot be inferred solely from the fact that, due to the defendants' . . . executive managerial position, they had access to the company's internal documentation as well as any adverse information." *Id.* (internal citation omitted).

That inference is particularly untenable as to the legal memoranda: the FAC specifically alleges that William Sarris, not Mr. Moran, received the 2023 Legal Memo, FAC ¶¶ 95–98, while the 2024 Legal Memo post-dated Mr. Moran's August 2024 departure as CCO. *See* Moran Mem. at 4; FAC ¶ 104. Plaintiffs cannot cure those missing allegations by asserting it is "highly likely" that "all Defendants would have been aware of these memos given their roles in the company."

Opp. at 31 n.19.

Plaintiffs' reliance on Mr. Moran's attendance at Risk Meetings fares no better. FAC ¶ 146 alleges only that Mr. Moran attended meetings wherein markups were discussed. It does not identify with specificity what Mr. Moran was told, said, or did at those meetings. FAC ¶ 146. *ITG* rejected a similar "chain of inference" where, although the complaint alleged that the company's "compliance department" and "senior management" learned of misconduct, it failed to plead that the CFO or General Counsel themselves knew facts suggesting the challenged statements were inaccurate. *Id*.

The final allegation against Mr. Moran likewise fails to support Plaintiffs' claims. The FAC alleges only that, according to an unnamed source, Mr. Moran "often insisted that marketing remove language in the fine print about Linqto's accredited investor requirements, causing tension between Compliance and Marketing." FAC ¶ 142. The FAC does not identify what language Mr. Moran supposedly directed Marketing to remove or how any resulting communication was false or misleading. *Id.* On those allegations, the inference that Linqto's CCO was performing an ordinary compliance review is at least as compelling as Plaintiffs' inference that he was perpetuating a fraud. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007) (a complaint survives only where the inference of scienter is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged").

The FAC should be dismissed as to Mr. Moran for failure to state a claim.

Dated: November 5, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**

*/s/ Lee Vartan*
Lee Vartan, Esq.
11 Times Square, 34th Floor
New York, New York 10036
Telephone: (212) 973-0572
lvartan@csglaw.com