**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC,

Defendants.

Case No. 1:25-cv-5643 (LAK) (BCM)

# DEFENDANT KARIM NURANI'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

EHRLICH & CRAIG LLP
Alexander Setzepfandt
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060
Email: alex@ehrlich-craig.com

*Counsel for Defendant Karim Nurani*

Plaintiffs' opposition confirms what was already plain from the face of the FAC: There are no plausible allegations that Defendant Karim Nurani did anything wrong.

Plaintiffs offer zero arguments specific to Mr. Nurani. The closest thing to argument is one row of one table containing three misleading clauses about Mr. Nurani. Opp'n at 28.[1] The first of those clauses is that Mr. Nurani was "CSO and Board member," which is true, but omits the full picture: the FAC alleges he served on the Board for a very short period—from March to May 2025. FAC ¶ 24. That omission is critical, as another clause states that the "Board was involved in the potential BCSA combination that led to the 2023 Memo and retention of Deloitte." Opp'n at 28. That clause has no bearing on Mr. Nurani's conduct or knowledge, as the FAC does not allege that Mr. Nurani served on the Board when the Board allegedly received the 2023 Memo or retained Deloitte in 2024. *See* FAC ¶¶ 24, 149. Likewise, the table row's other clause that "Jiang later filed an affidavit about the Board's knowledge" fails to make any sort of argument as to Mr. Nurani, as there is no allegation that Jiang's affidavit mentioned Mr. Nurani or his time on the Board. *See id.* ¶ 118. The table row fails to provide any basis for concluding that Mr. Nurani did anything wrong.

The opposition makes no effort to explain how the FAC states a plausible claim against Mr. Nurani. Instead, it relies on the group pleading doctrine without explaining why that doctrine applies to Mr. Nurani. But as courts have recognized, when a complaint "makes no factual allegations regarding" a defendant's "involvement in the preparation of the" challenged statements, an "individual's title does not mechanically establish" liability. *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 2020 WL 815733, at *5 (S.D.N.Y. Feb. 19, 2020); *Levy v. Maggiore*, 48 F. Supp. 3d 428, 451 (E.D.N.Y. 2014). That is the case here, as the allegations regarding Mr.

[1] "Opp'n" refers to Plaintiffs' Opposition to Moving Defendants' Consolidated Motion to Dismiss the First Amended Complaint, ECF No. 142.

Nurani are limited to his title, his state of residence, and a single conclusory sentence lumping Mr. Nurani together with four other defendants. Nurani Br. (ECF No. 134) 1. Such allegations do not meet the pleading standard under Rule 8, much less under Rule 9(b) or the PSLRA. *Id.*; *Xu v. Gridsum Holding Inc.*, 624 F. Supp. 3d 352, 360 (S.D.N.Y. 2022).

Each of Plaintiffs' claims against Mr. Nurani should be dismissed. Counts I and II fail for lack of any plausible allegation that Mr. Nurani made any statement, much less made a false statement, much less made it with scienter. Nurani Br. 1–2; *see Xu*, 624 F. Supp. 3d at 360.

Count III fails because there is no plausible allegation that Mr. Nurani controlled Linqto. Nurani Br. 2; *see In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166–67 (S.D.N.Y. 2012).

Count IV fails because there is no plausible allegation that Mr. Nurani is in privity with Plaintiffs, as there is no plausible allegation that he actively solicited either of them. Nurani Br. 2; *see Holsworth v. BProtocol Found.*, 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021).

Count V was voluntarily dismissed. Opp'n 1 n.2.

Count VI fails for the same reasons as Counts III and IV: failure to plausibly allege that Mr. Nurani controlled Linqto or is in privity with Plaintiffs. Nurani Br. 3.

Count VII fails because there is no plausible allegation that Mr. Nurani personally participated in or exercised unbridled control over any act by Linqto. Nurani Br. 4; *see Evolution Fast Food One, LP v. HVFG, LLC*, 720 F. Supp. 3d 251, 267 (S.D.N.Y. 2024).

Plaintiffs' opposition contains no response to any of these points as to Mr. Nurani. For these reasons, and for the reasons fully stated in Mr. Nurani's opening brief and the additional reasons provided in the joint briefs, each of Plaintiffs' claims against him should be dismissed.

Dated: November 5, 2026

**EHRLICH & CRAIG LLP**

_/s/ Alexander Setzepfandt_
Alexander Setzepfandt
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060
alex@ehrlich-craig.com

*Counsel for Defendant Karim Nurani*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)**

I certify that this memorandum of law complies with Local Rule 7.1(c), this Court's Stipulation and Order Extending Page Limits for Briefing on Motions to Dismiss the First Amended Complaint, ECF No. 119, and this Court's Individual Rules of Practice. The brief is 2 pages and 696 words, not including the caption, signature blocks, and this certification.

Dated: November 5, 2026

**EHRLICH & CRAIG LLP**

*/s/ Alexander Setzepfandt*
Alexander Setzepfandt
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060
alex@ehrlich-craig.com

*Counsel for Defendant Karim Nurani*