**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

A.O.H. DRIEDIJK HOLDING B.V. AND JAIMIN BHATT, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

WILLIAM SARRIS, JOSEPH A. ENDOSO, DAVID PAUL, BRIAN MORAN, KARIM NURANI, MARGARET SLEMMER, VICTOR JIANG, ALISON DAVIS, NORMAN REED, ADAM T. HENDERSON, AND RAINMAKER SECURITIES, LLC.

Defendants.

Case No. 1:25-cv-5643 (LAK)

CLASS ACTION

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE AND REQUEST FOR JUDICIAL NOTICE**

## PRELIMINARY STATEMENT

Lead Plaintiffs A.O.H. Driedijk Holding B.V. and Jaimin Bhatt ("Plaintiffs") submit this reply memorandum of law in further support of their (i) Motion to Strike certain improper exhibits submitted with the Moving Defendants'[1] Consolidated Motion to Dismiss and accompanying memoranda of law (ECF No. 145) (the "Motion to Strike"); and (ii) Request for Judicial Notice in Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (ECF No. 146) (the "Request for Judicial Notice" or "Req."). This memorandum also responds to the Reply Memorandum of Law in Further Support of the Moving Defendants' Consolidated Motion to Dismiss the First Amended Complaint and In Opposition to Plaintiffs' Motions to Strike and For Judicial Notice (ECF No. 151) ("Reply"), but only in regard to the Motion to Strike and the Request for Judicial Notice.

## ARGUMENT

### I. THE MOTION TO STRIKE SHOULD BE GRANTED

Plaintiffs challenge four exhibits that Defendants submitted in support of their Consolidated Motion to Dismiss—Exhibits B, C, F, and H (collectively, the "Disputed Exhibits")—as well as all arguments that rely on them.[2]

#### A. Legal Standard

"[A]lthough courts will occasionally consider documents outside the 'four corners' of the complaint in resolving a 12(b)(6) motion to dismiss, those documents must be 'attached to the complaint, incorporated by reference or integral to the complaint,' or they must be documents 'the

---

[1] The "Moving Defendants" are William Sarris, Joseph A. Endoso, David Paul, Brian Moran, Karim Nurani, and Rainmaker Securities, LLC ("Rainmaker"). The Moving Defendants are referred to collectively herein as "Defendants."

[2] Plaintiffs do not challenge Exhibits A, D, E, or G.

plaintiff relied on.'" *Hidalgo v. Ichiro Sushi, Inc.*, 2016 WL 1271069, at *4 (S.D.N.Y. Mar. 29, 2016). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint." *Id.* "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotations from the document is not enough." *Id.* Even where a document is integral to the complaint, the Court may not consider it if there exist "material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). A document may not be considered for its truth. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

### B. The Disputed Exhibits Are Not Properly Before the Court

None of the Disputed Exhibits are attached to, incorporated by reference in, or integral to the First Amended Complaint ("FAC"), and Defendants offer nothing to change this fact. And, even if the Disputed Exhibits were, "material disputed issues of fact regarding the relevance of the document[s]" preclude their consideration. *Faulkner*, 463 F.3d at 134. Equally inappropriate is that Defendants offer the Disputed Exhibits for their truth to rebut the FAC's allegations.

Exhibit B (Operating Agreement) and Exhibit C (amendment thereto) are clearly not properly before the Court. First, the FAC merely references a few lines of Linqto Liquidshares' 77-page Operating Agreement once: that Linqto imposed a "management fee" "equal to one-half of one percent (0.5%) per annum of the total Subscription Amounts in respect of such Series." ¶88. Then, the FAC does not mention its amendment at all. Defendants argue, without explanation, that the Court must consider Exhibit B because the falsity of Linqto's "no fee" statements somehow turns on Exhibit B's terms. Reply at 9. But the terms of the Operating

Agreement (which the FAC does not allege investors received prior to or at the time of investment) have no bearing on Linqto's numerous "no fee" representations.

Defendants employ the same faulty logic with respect to Exhibit C, arguing it proves Linqto's sale of Ripple shares in December 2024 was authorized because the amendment permitted that sale. Reply at 10. This is irrelevant to the FAC's allegations that Defendants violated federal and state securities laws. And, even if Exhibit C were relevant, Defendants impermissibly offer it for the truth of its contents.

Therefore, neither Exhibit B nor C are properly before the Court and should not be considered, and certainly not for their truth.

Exhibit F—a compilation of 12 distinct Form D filings—is also not properly before the Court. Only one of them contains the fee-related language that Defendants argue incorporates them into the FAC. Under the law, more is required. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (incorporation by reference requires more than "[m]erely mentioning" or "offering limited quotations" from a document). Moreover, the relevance of the Form Ds is disputed. Defendants argue in their Motion to Dismiss that the Form D filings show that Linqto's markup and structure were disclosed to investors. *See* ECF No. 131 at 7. In contrast, the FAC clearly alleges that Linqto did not disclose the Series nomenclature at the time of purchase (¶¶82-85), making consideration of the Form D filings a material disputed fact as to their relevance.

As to Exhibit H—two Linqto Liquidshares subscription agreements—Defendants cannot (and do not) point to a single reference to, citation of, or mention in the FAC of it. This alone shows it is not properly before the Court. Then, Defendants rely on Exhibit H to argue that as a factual matter Linqto's investment structure was disclosed to investors. *See* Reply at 10. Whether Exhibit H is even relevant turns on a material factual dispute as to when investors received these

documents and what information was available to them prior to or at the time of purchase on Linqto's platform, and says nothing of *whether* Plaintiffs received these documents. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 235 (2d Cir. 2016) (error to consider a registration agreement whose relevance was disputed because "the parties disagreed about whether and how the account registration relate[d] to the [parties'] contractual relationship").

Accordingly, the Court should strike the Disputed Exhibits and disregard all arguments that rely on them.

## II. THE REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED

Plaintiffs ask the Court to take judicial notice under Rule 201 of the Federal Rules of Evidence of three public records in connection with the pending Motions to Dismiss: (i) the September 2, 2026 press release of the United States Attorney's Office for the Southern District of New York concerning the criminal indictment of Defendant Sarris and the guilty plea of Defendant Endoso; (ii) the criminal indictment of Defendant Sarris for violations of securities law related to his involvement in Linqto; and (iii) a declaration of Linqto's chief restructuring officer filed in the Linqto bankruptcy (collectively, the "Noticed Documents"). Req. at 1-2.

These records fall within established categories of judicially noticeable material. A press release published by the United States Attorney's Office is a government record whose existence and contents are not reasonably disputable. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578, 595 (E.D.N.Y. 2017). Likewise, a criminal indictment and filings on a criminal docket are public records subject to notice. *See Phillips v. City of New York*, 2024 WL 4307923, at *2 (S.D.N.Y. Sept. 26, 2024). As for the bankruptcy declaration, "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). The Noticed Documents "can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

Defendants do not dispute this. Yet they ask the Court to limit judicial notice to the "documents' existence" only and ignore their content. Reply at 11. But Rule 201 allows courts to "take judicial notice of publicly available documents on a motion to dismiss" under Rule 12(b)(6), and "a court should generally take judicial notice to *determine what statements the documents contain*[,] not for the truth of the matters asserted." *Continental Cas. Co. v. Marshall Granger & Co., LLP*, 921 F. Supp. 2d 111, 117 (S.D.N.Y. 2013) (collecting cases) (emphasis added); *see also Miller v. Saul*, 2020 WL 5899520, at *4 (S.D.N.Y. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 4365284 (S.D.N.Y. July 30, 2020).

Defendants then speciously attempt to challenge the relevancy of a criminal indictment and a guilty plea for the same conduct alleged in the FAC. Reply at 10. This argument defies logic and reason, and ignores established case law. *See S.E.C. v. Aragon Cap. Advisors, LLC*, 2011 WL 3278907 at *10 (S.D.N.Y. July 26, 2011) (courts may take notice of "indisputable facts, such as a guilty plea"). Plaintiffs assert in the FAC that Defendants knowingly engaged in illegal conduct and that regulators would likely agree. ¶¶ 11, 96, 103-05, 119-21, 136-37, 147-48, 164. The Noticed Documents are not offered for this Court to make a factual determination of Defendants' criminality, but to show that what is alleged in the FAC came to pass. *See In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 749 n.3 (S.D.N.Y. 2017) (court took judicial notice of plea agreement and guilty pleas to note conduct consistent with what was pled in the complaint).

## CONCLUSION

For the reasons stated herein and as set forth in Plaintiffs' Motion to Strike and Request for Judicial Notice, Plaintiffs' Motion to Strike and Request for Judicial Notice should be granted.

Dated: November 12, 2026

Respectfully submitted,
**DILWORTH PAXSON LLP**

By: */s/ Catherine Pratsinakis*
Catherine Pratsinakis (admitted *pro hac vice*)
Mariah Heinzerling (admitted *pro hac vice*)
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Telephone: (215)-575-7000
cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

Amanda F. Lawrence
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
Colchester, CT 06415
Tel: (860) 537-5537
Fax: (860) 537-4432
alawrence@scott-scott.com

Lana V. Levin
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334
llevin@scott-scott.com

*Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th of November, 2026, I caused the foregoing Reply to be electronically served on all counsel of record via the CM/ECF electronic filing system.

*/s/ Catherine Pratsinakis*
Catherine Pratsinakis